Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff,
AT&T CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| AT&T CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DATAWAY INC. and dba DATAWAY DESIGNS,<br><br>　　　　Defendants. | Case No. C07-02440 MMC<br><br>UNILATERAL CASE MANAGEMENT STATEMENT (AFTER ENTRY OF DEFAULT OF DEFENDANT)<br><br>[F.R.C.P., Rule 16]<br><br>S/C DATE:　August 17, 2007<br>TIME:　　　10:30 a.m.<br>CTRM:　　　7 |

　　　　Plaintiff AT&T Corporation, hereby submits its Unilateral Case Management Statement (After Entry of Default of Defendant), as follows:

///
///
///
///
///
///
///
///

<u>UNILATERAL CASE MANAGEMENT STATEMENT</u>

1.  <u>Jurisdiction and Service</u>: This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §1331 and 47 U.S.C. §201 et seq. No issues exist regarding personal jurisdiction or venue. No parties remain to be served. The default of Defendant Dataway Inc. and dba Dataway Designs was entered on August 6, 2007.

2.  <u>Facts</u>: There are no principal factual issues in dispute in light of entry of default. Plaintiff provided telecommunications services to Defendant pursuant to AT&T Tariff F.C.C. No. 1, Section 2.4 or AT&T Tariff F.C.C. No. 30 which makes Defendant liable for the payment of charges for telecommunication calls and related services. Pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5, payment is due upon presentation of invoice. Defendant was billed for charges incurred when its telephone system was allegedly compromised. These charges amount to $17,856.30 and were included on invoices presented to Defendant. Pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5, payment was due upon presentation of the invoices. Alternatively, payment is due under AT&T Tariff F.C.C. No. 30. Neither the whole nor any part of the amount due has been paid by Defendants, although demand therefor has been made and there is now due and owing from Defendants to Plaintiff the sum of $11,534.67, together with prejudgment interest of $5.69 per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5.4.

3.  <u>Legal Issues</u>: There are no legal issues in dispute in light of entry of default. Defendant is strictly liable for the charges. <u>AT&T v. New York Human Resources Administration</u> (S.D.N.Y. 1993) 833 F.Supp. 962, <u>AT&T v. Jiffy Lube Int'l Inc.</u> (D.Md. 1993) 813 F.Supp. 1164, and <u>AT&T v. Intrend Ropes & Twines Inc.</u> (C.D.Ill. 1996) 944 F.Supp. 701.

4.  <u>Motions</u>: A motion for entry of default judgment can be filed within 30 days.

5.  <u>Amendment of Pleadings</u>: No amendments are contemplated at this time.

6.  <u>Evidence Preservation</u>: No steps need to be taken to preserve evidence relevant to the issues reasonably evident in this action.

7.  <u>Disclosures</u>: In light of entry of default, there has been no compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.

8.  <u>Discovery</u>: No discovery needs to be taken.

9.  <u>Class Actions</u>: This is not a class action.

10. <u>Related Cases</u>: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: The complaint seeks $11,534.67, together with prejudgment interest of $5.69 per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5.4, plus costs of suit, including reasonable attorney's fees pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5.3(E).

12. <u>Settlement and ADR</u>: Settlement procedures are not required in light of entry of default.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiff will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u> : In light of entry of default, no issues can be narrowed by agreement or by motion, there are no suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and no request is being made to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: In light of entry of default, this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: A hearing on a motion for entry of default judgment should be scheduled for 60 days hence.

18. <u>Trial</u>: No trial will be required in light of entry of default.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiff restates in this case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, as follows: AT&T Corporation, plaintiff

20. <u>Other Matters:</u>  No other matters exist which may facilitate the just, speedy and inexpensive disposition of this action.

DATED: August 15, 2007        AIRES LAW FIRM

By: _____
Timothy Carl Aires, Esq.
Attorney for Plaintiff,
AT&T CORPORATION

---