**Matlock Law Group,** A Professional Corporation
Anne-Leith W. Matlock, SBN 244351
961 Ygnacio Valley Road
Walnut Creek, CA 94596
Office: 925-944-7131
Fax: 925-938-4625
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant/Counterclaimant.
DATAWAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>         PLAINTIFF,<br><br>    v.<br><br>Dataway, Inc.<br><br>         DEFENDANT. | CASE NO. : C07-02440 MMC<br><br>DECLARATION OF SIMON LEWIS IN SUPPORT OF ANSWER TO COMPLAINT FILED BY AT&T AND COUNTER-CLAIM |
| Dataway, Inc.<br><br>         COUNTERCLAIMANT<br><br>    v.<br><br>AT&T Corp.<br><br>         COUNTERDEFENDANT | |

Page 1

DECLARATION IN SUPPORT ANSWER AND COUNTER-CLAIM                    CASE NO. C07-2440 MMC

I, SIMON LEWIS, President of Defendant Dataway, Inc. (hereinafter "Dataway"), declare:

1. In my position as President of Dataway, I, SIMON LEWIS, am one of only two officers of the company.

2. I am also Dataway's Agent for Service of Process.

3. In January 2003, I entered into a service contract consolidating all of Dataway's business telecommunication services with SBC/AT&T. SBC/AT&T set up a slamming protection, a means to prevent a switching of telecommunication services.

4. On July 24, 2006, hackers accessed Dataway's voice mail system using AT&T's Legacy T network. Legacy T is a service Dataway never subscribed to and neither I nor any other representative ever authorized the specific account used.

5. After this incident, I spoke with AT&T's technical team in New Jersey who acknowledged that merely the call's routing number pointed to Dataway, but that the calls were not executed from our authorized accounts.

6. I was assured that AT&T would waive its charges for the fraudulent calls once Dataway formally disputed them because "they were very familiar with this kind of phone hacking occurrences and advised at the time of the illegal calls that this was epidemic, that they could easily see this pattern of illegal usage and that these charges would be waived."

7. Subsequently, I submitted Dataway's request to waive the disputed calls. Yet in multiple additional correspondences, AT&T sent past due reminders and a Notice to Disconnect for Dataway's account.

8. Prior to November 1, 2006, Francisco Molieri, Dataway, Inc.'s Accountant, on my instructions, contacted and informed AT&T as well as AT&T's local managers, and four administrative authorities, amongst them the F.C.C. and C.P.U.C. Further, Dataway submitted to AT&T its Fraud Resolution form with supporting documentation.

9. On January 17, 2007, AT&T was served by F.C.C. with Dataway's informal complaint. In January, 2007, Dataway was notified that its case had been referred to the C.P.U.C.

10. Prior to July 10th through July 14th, 2007, I was on a business trip overseas and out of state, and the only other officer of Dataway, Inc., Eoghan O'Neill was not in the office due to his fractured foot, requiring surgery.

11. On July 11, 2007, Francisco Molieri, Dataway, Inc.'s Accountant and a position not authorized to accept service of behalf of Dataway, Inc. and/or in the agent for service of process' absence, was called out to the reception area in the early afternoon. Mr. Molieri, the receptionist and one other employee learned that the individual was attempting to serve a summons and complaint on Simon Lewis as Agent for Service of Process for Dataway, Inc.. Having no authority to accept service on Dataway, Inc.'s behalf, Mr. Molieri accordingly refused to take the documents and informed the process server that he would need to come back the following week after I (the agent for service of process) had returned to give me the documents personally. At that point, the process server said "I was just going to shuffle them from under the door," to which Mr. Molieri replied "do as you must but I am not accepting these documents." The process server then proceeded to drop the summons, complaint and court document consisting only of Judge Conti's recusal on Dataway's front counter and left. Mr. Molieri, brought the documents to my attention for the first time on my first day back in the office after a three week absence on July 16, 2007. The Reassignment Order and new Case Management dates were not amongst these documents left on July 11, 2007.

12. On August 1, 2007, Francisco Molieri, on my instruction, delivered, without any legal assistance a Letter of Appeal to the Consumer Affairs Bureau at C.P.U.C.

Page 3

DECLARATION IN SUPPORT ANSWER AND COUNTER-CLAIM    CASE NO. C07-2440 MMC

1  I declare under penalty of perjury under the laws of the State of
2  California that the foregoing is true and correct, if called upon to testify, I could or
3  would competently testify thereto and that this declaration was executed this 15th
4  day of October, at San Francisco, California.

DATED: October 15, 2007           Respectfully Submitted,

_____

SIMON LEWIS
President of Dataway

For Defendant/Counter-Plaintiff
Dataway, Inc.