**Matlock Law Group**, A Professional Corporation
ANNE-LEITH MATLOCK, SBN 244351
961 YGNACIO VALLEY RD
WALNUT CREEK, CA 94596
Phone (925) 944-7131
Facsimile (925) 938-4625
e-mail: anne-leith@matlocklawgroup.com

Attorney for Defendant/Counterclaimant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORPORATION<br><br>            Plaintiff,<br><br>v.<br><br>DATAWAY, INC. and dba DATAWAY DESIGNS<br><br>            Defendant. | CASE NO. **C07-02440 MMC**<br><br>**DEFENDANT DATAWAY, INC.'S CASE MANAGEMENT STATEMENT**<br><br>**[F.R.C.P., Rule 16]** |
| DATAWAY, INC. and dba DATAWAY DESIGNS<br><br>            Counterclaimant,<br><br>v.<br><br>AT&T CORPORATION<br><br>            Counterdefendant. | **Case Management Conference: November 9, 2007**<br>**Time: 10:30 a.m.**<br>**Courtroom: 7** |

     Defendant and Plaintiff have met and conferred regarding the filing of a Joint Case Management Statement, but Defendant is unable, despite reasonable efforts to obtain the cooperation of Plaintiff in the preparation of the joint statement. Therefore, Defendant DATAWAY, INC., hereby submits its Case Management Statement as follows:

1. Jurisdiction and Service:

Defendant contends that this Court does not have subject matter jurisdiction and is not the proper court for this action because the matter in controversy does not meet the minimum threshold of $75,000. Even if there were diversity in the parties, no federal question pursuant to Title 28 U.S.C. §1331 is present, because any potential rights arising out of Title 47 U.S.C. §201 et.seq., are concurrent with or can be completely and adequately adjudicated by the California State Court in which DATAWAY's claim arises. This case should be heard in California State Court. Finally, AT&T has failed to establish that venue is proper in this Court; Title 29 U.S.C. §1391(a)(2), cited by the Plaintiff does not provide the basis for proper venue, but is in fact an ERISA statute entitled "Methods for Computing Withdrawal Liability." No parties remain to be served but DATAWAY asserts that it has never been properly served by AT&T as described in the complaint.

2. Facts:

Defendant contends there are factual issues in dispute. Defendant entered into a contract consolidating all of DATAWAY'S business telecommunication services with AT&T/SBC. AT&T/SBC contracted to provide additional slamming protection as a means to prevent the switching of telecommunication services or providers. On July 24, 2006 hackers accessed DATAWAY's voice mail system using AT&T's Legacy T network. Legacy T is a service DATAWAY never subscribed to, nor did DATAWAY authorize AT&T/SBC to establish any accounts or services on the Legacy T system. The calls were placed by unknown, unauthorized, criminal third persons, and DATAWAY was billed for these charges. DATAWAY requested that the charges for the fraudulent calls be waived by AT&T and an oral agreement to waive these charges was reached by DATAWAY and AT&T. AT&T nevertheless continued to send reminders and finally sent a Notice to Disconnect DATAWAY's telephone account. DATAWAY then contacted four administrative authorities, the F.C.C, the C.P.U.C., U.C.A.N. and T.U.R.N. for assistance in resolving its dispute with AT&T. DATAWAY also submitted a Fraud Resolution Form along with supporting documentation to the AT&T Fraud Resolution Department . DATAWAY has not paid any of the bills from AT&T as the

services were not rendered to DATAWAY, nor did DATAWAY request such services. Furthermore, DATAWAY never agreed to pay the sum of $11,534.67 for the services and disputes these charges.

3. Legal Issues:

Defendant contends that this is an action for Breach of Contract brought by AT&T and the Defendant/Counterclaimant also asserts that there are several additional legal issues in dispute; items included in Civ. P 12(b) 5: Motion to Dismiss, affirmative defenses, and counterclaims. The 12(b) Motion to Dismiss issues are: Lack of subject matter jurisdiction; Insufficiency of Process; Insufficiency of Service of Process; Failure to State Claim upon which relief can be granted under 47 U.S.C. § 201. DATAWAY also asserts the following affirmative Defenses: Third Party Conduct; Doctrine of Waiver; Failure to Mitigate; Doctrine of Unclean Hands; Unjust Enrichment; Failure to Exhaust Administrative Remedies; and the Doctrine of Usury. Further, DATAWAY alleges its Counterclaim issues are: Breach of Express Contract; Breach of Oral Contract; Fraudulent Inducement to Contract; Violation of 47 USC §258 Anti-Slamming and Tortuous Interference with Contractual Relations.

4. Motions:

DATAWAY's 12(b) Motion to Dismiss included in the Answer is still pending with a Hearing Date of November 16, 2007. If DATAWAY's 12(b) Motion is not granted then DATAWAY will file a Motion for Summary Judgment.

5. Amendment of Pleadings:

No amendments are contemplated at this time.

6. Evidence Preservation:

No steps need to be taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>:

Compliance with the initial disclosure requirements of Fed. R. Civ. P 26 will occur on November 2, 2007.

8. <u>Discovery</u>:

Discovery needs to be completed by both parties. The parties intend to take limited written discovery and depositions of party witnesses.

9. <u>Class Actions</u>:

At this time there is no class action.

10. <u>Related Cases</u>:

There are no related cases or proceedings pending before another judge of this court.

11. <u>Relief</u>:

Defendant asserts this complaint should be dismissed in its entirety with prejudice. Defendant should be awarded compensatory damages, punitive damages, and according to 47 U.S.C. §258 which provides for treble damages, together with interest, costs, and attorney fees. In the event Defendant is held liable, Plaintiff can only claim a sum computed on the basis on the contractually determined rate for Defendant's authorized account.

12. <u>Settlement and ADR</u>:

The parties are scheduled to participate in an ADR telephone conference on November 6, 2007.

13. <u>Consent to magistrate Judge for All Purposes</u>:

Defendant will consider having a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>:

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

This case cannot be narrowed by agreement or by motion. There are no suggestions to expedite the presentation of the evidence at trial (e.g., through summaries or stipulated facts), and no request is being made to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>:

This case cannot be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

Discovery cut off shall be February 29, 2008. The pretrial conference shall be May 20, 2008,

18. <u>Trial</u>:

If ADR fails, the parties agree to an anticipated 3-4 day jury trial The defendant requests of the court a trial initiation date of June 2, 2008.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Defense has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Defendant restates in this Case Management Statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other

entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, as follows: DATAWAY, INC, Defendant.

20. <u>Other matters</u>:

No other matters exist which may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: November 2, 2007

Respectfully submitted,

MATLOCK LAW GROUP

By: /s/ Anne-Leith Matlock
Anne-Leith Matlock
Attorney for Defendant
DATAWAY, INC.

## CERTIFICATE OF SERVICE

I, Donna L. Westphal, declare:

I am a citizen of the United States and am employed in the County of Contra Costa, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Matlock Law Group, A Professional Corporation, 961 Ygnacio Valley Road, Walnut Creek, California 94596. I am personally familiar with the business practice of Matlock Law Group, A Professional Corporation.

On November 2, 2007, following ordinary business practice, I caused service of the following documents:

**DEFENDANT DATAWAY'S CASE MANAGEMENT STATEMENT**

to be completed by:

Electronic service in accordance with the
Subject Rule and/or General Orders in this
Matter upon:

Timothy Carl Aires
Aires Law Firm
180 Newport Center Drive, Suite 260
Newport Beach, CA 92660

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that this declaration was executed at Walnut Creek, California.

DATED: November 2, 2007

*/s/ Donna Westphal*

Donna Westphal

CERTIFICATE OF SERVICE
Case No. C07-02440 MMC