```
 1  Timothy Carl Aires, Esq. (138169)
    AIRES LAW FIRM
 2  180 Newport Center Drive, Suite 260
    Newport Beach, California 92660
 3  (949) 718-2020
    (949) 718-2021 FAX
 4
    Attorneys for Plaintiff,
 5  AT&T CORPORATION
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| AT&T CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DATAWAY INC. and dba DATAWAY DESIGNS,<br><br>　　　　Defendants.<br><hr>AND RELATED COUNTERCLAIM. | Case No. C07-02440 MMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>[F.R.C.P., Rule 12(b)(6)]<br><br>DATE:　December 7, 2007<br>TIME:　9:00 a.m.<br>CTRM:　7 |

Plaintiff and Counterdefendant AT&T Corporation, by and through its counsel of record, hereby submits its memorandum of points and authotiries in support of its motion to dismiss the first, second, third, and Fifth claims for relief of the Counterclaim of Defendant and Counterclaimant Dataway Inc. and dba Dataway Designs (Docket No. 31) for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as follows:

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

1.   STATE LAW CLAIMS ARE BARRED BY THE FILED RATE DOCTRINE

Defendant/Counterclaimant Dataway Inc. and dba Dataway Designs ("Dataway"), has filed a Counterclaim against Plaintiff/Counterdefendant AT&T Corp. ("AT&T") alleging five claims for relief styled "causes of action". They are: breach of express contract, breach of oral contract, fraudulent inducement to contract, and tortious interference with contractual relations.[1] The initial complaint filed in this action by AT&T was brought pursuant to Section 203 of Title 47 U.S.C. 201, et seq., as amended. This is commonly referred to as the Federal Communications Act. This action can also be referred to as one brought under the "filed tariff doctrine". The "filed tariff doctrine" is nearly a century old Supreme Court doctrine that provides that the tariff of a common carrier, such as AT&T, and not any other agreement or contract, governs the relationship between the customer and AT&T. AT&T is a telecommunications company offering interstate service and, as such, has been required to file tariffs with the Federal Communications Commission ("FCC"). Section 203 of the Federal Communications Act has required every common carrier to file with the FCC schedules showing all charges for itself and its connecting carriers showing the classifications, practices, and regulations affecting such charges. AT&T has at all times complied with this requirement and has done so in the instant case.

The federal policy of requiring common carriers to file tariffs goes way back well over seventy years. See Western Union Tel. Co. v Esteve Bros. & Co., 256 U.S. 566 (1921). Tariffs are more than mere contracts-they are the law governing the parties in any dispute relating to telecommunications service. See Transportation Data Interchange, Inc. v AT&T Corp., 920 F. Supp. 86, 88 (D. Md. 1996) (once the tariff is filed with the FCC the tariff rates

---

[1] A claim for relief styled, "Violation of the Telecommunications Act - Slamming", is also pleaded in the counterclaim and alleges violation(s) of Title 47 U.S.C. §258(a).

1 are mandatory) (citing Marco Supply Co., Inc. v AT&T Communications, Inc., 875 F.2d 434,
2 436 (4th Cir. 1989)).

4 Contrary to the stated basis of the Counterclaim, the rights and liabilities of
5 telecommunications carriers and their customers are governed by the tariff filed with the FCC
6 pursuant to Section 203 of the Act. Thus the state law counterclaim by dataway, which is
7 related to the federal tariff, is inappropriate and must be dismissed. "The rights as defined
8 by the tariff cannot be varied or enlarged by either contract or tort of the carrier." Keogh v
9 Chicago & N.W. Ry. Co., 206 U.S. 156, 163 (1922); see also Reiter v Cooper, 507 U.S. 258,
10 266 (1993). Further, Evanns v AT&T Corp., 229 F.3d 837, 841, 842 (9th Cir. 2000) held that
11 a state law claim in that matter was barred by the filed rate (tariff) doctrine. This case further
12 goes on to say that not only is a carrier forbidden from charging rates other than as set out
13 in its filed tariff, but customers are also charged with notice of the terms and rates set out in
14 that filed tariff and may not bring an action against a carrier that would invalidate, alter or
15 add to the terms of the filed tariff. Clearly, Defendant/Counterclaimant has no standing to
16 bring its Counterclaim.

18 Plaintiff/Counterdefendant brings this motion pursuant to F.R.Civ.P.12(b)(6) as the
19 Defendant/Counterclaimant has failed to state a claim upon which relief can be granted. The
20 legal theory advanced by Dataway is not recognized as a matter of law. AT&T filed its
21 complaint against Dataway pursuant to Section 203 of Title 47 U.S.C. Section 201, et seq.,
22 as amended, commonly known as the Federal Communications Act. Dataway has brought
23 state law actions against AT&T. In its Counterclaim, Fidelity alleges that AT&T has
24 breached its contract with Dataway or that there was fraudulent inducement involved in
25 contract formation. Pursuant to established legal precedent none of these state law claims
26 against AT&T can be maintained.
27 ///
28 ///

In the case of American Telephone & Telegraph v Central Office Telephone, Inc., 524 U.S. 214 (1998), the customer brought state law claims against AT&T for (a) breach of contract, and (b) tortuous interference with contractual relations. There, as here, the state law claims were related to terms or conditions of the filed federal tariff. The state law claims in these two cases are so close that they are legally indistinguishable from the other.

The Supreme Court clearly stated in Central Office Telephone, supra, that the federal filed-tariff requirements of the Federal Communications Act preempt state law claims. "Because [Central Office Telephone] asks for privileges not included in the tariff, its state law claims are barred in either case. Our analysis applies with equal force to [its] tortuous-interference claim because that is wholly derivative of the contract claim for additional and better services." 524 U.S. at 228. The Court emphasized that this preemption applies regardless of whether the allegation is of willful misconduct or even if the result may seem harsh. Id. at 223, 228. Once AT&T published the applicable rates in FCC Tariff No. 1, then all customers, including Dataway, were bound equally by them. The Counterclaim based on state law is preempted by that filed tariff. Id. at 228.

There are any number of cases decided by appellate courts applying the filed-tariff doctrine and they do not need to be reviewed here as the Unites States Supreme Court has fully and completely addressed the issue. See, e.g., MCI Telecomm. Corp. v AT&T Corp., 512 U.S. 218, 229-30 (1994); Marcus v AT&T Corp., 138 F.3d 46 (2d Cir. 1998); Canhmann v Sprint Corp., 133 F.3d 484 (7th Cir. 1998), cert. denied, 118 S. Ct. 2368 (1998); Stein v Sprint Corp., 971 F. Supp. 302 (W.D. Tenn. 1997).

In short, the state law claims pleaded in the Counterclaim are barred by the filed rate doctrine.

///

///

2. <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss the first, second, third, and Fifth claims for relief of the Counterclaim of Defendant and Counterclaimant Dataway Inc. and dba Dataway Designs (Docket No. 31) for failure to state a claim upon which relief can be granted pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) should be granted.

DATED: November 5, 2007        AIRES LAW FIRM

By: _____
Timothy Carl Aires, Esq.
Attorney for Plaintiff,
AT&T CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On November 5, 2007, I served the document entitled: *Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
961 Ygnacio Valley Blvd.
Walnut Creek, CA 94596

(check applicable paragraphs)

__X__ (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__ (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

__ (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__ (State) I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (Federal) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 5, 2007

_____
Signature of Declarant