Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff,
AT&T CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| AT&T CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DATAWAY INC. and dba DATAWAY DESIGNS,<br><br>　　　　　Defendants. | Case No. C07-02440 MMC<br><br>UNILATERAL CASE MANAGEMENT STATEMENT<br><br>[F.R.C.P., Rule 16]<br><br>S/C DATE:　November 9, 2007<br>TIME:　　　10:30 a.m.<br>CTRM:　　　7 |

　　　　Plaintiff AT&T Corporation, hereby submit its Unilateral Case Management Statement, as follows:

///
///
///
///
///
///
///
///
///
///

CASE MANAGEMENT STATEMENT

Note: The parties' counsel met and conferred.  A joint case management statement was drafted in accordance with the understandings reached at the conference.  Defense counsel was presented with a joint case management statement signed by Plaintiff's counsel with instructions to file the same with the Court.  Instead of signing and filing the same, further immaterial revisions were made, and presented back to Plaintiff's counsel for reconsideration and execution – all on the eve of the filing deadline at a time when Plaintiff's was engaged in other matters including a hearing in San Diego County.

1.    Jurisdiction and Service : Plaintiff contends that this Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §1331 and Title 47 U.S.C. §201 et seq.  Plaintiff contends that no issues exist regarding personal jurisdiction or venue. Plaintiff contends that no parties remain to be served.

2.    Facts: Plaintiff contends that Plaintiff provided telecommunications services to Defendant pursuant to AT&T Tariff F.C.C. No. 1, Section 2.4 or AT&T Tariff F.C.C. No. 30 which makes Defendant liable for the payment of charges for telecommunication calls and related services.  Pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5, payment is due upon presentation of invoice. Defendant was billed for charges incurred when its telephone system was allegedly compromised.  These charges amount to $17,856.30 and were included on invoices presented to Defendant.  Pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5, payment was due upon presentation of the invoices.  Alternatively, payment is due under AT&T Tariff F.C.C. No. 30.  Neither the whole nor any part of the amount due has been paid by Defendants, although demand therefor has been made and there is now due and owing from Defendants to Plaintiff the sum of $11,534.67, together with prejudgment interest of $5.69 per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5.4.

1  3.    Legal Issues: Plaintiff contends Defendant is strictly liable for the charges.  AT&T
2  v. New York Human Resources Administration (S.D.N.Y. 1993) 833 F.Supp. 962, AT&T
3  v. Jiffy Lube Int'l Inc. (D.Md. 1993) 813 F.Supp. 1164, and AT&T v. Intrend Ropes &
4  Twines Inc. (C.D.Ill. 1996) 944 F.Supp. 701.

6  4.    Motions: Plaintiff anticipates filing a motion for summary judgment.  A motion to
7  dismiss under F.R.C.P., Rule 12(b)(6) is set for December 7, 2007.

9  5.    Amendment of Pleadings: No amendments are contemplated at this time.

11  6.    Evidence Preservation: No steps need to be taken to preserve evidence relevant to the
12  issues reasonably evident in this action.

14  7.    Disclosures: Compliance with the initial disclosure requirements of Fed. R. Civ. P.
15  26 will occur on November 2, 2007.

17  8.    Discovery: Discovery needs to be conducted by the parties.  The parties intend to take
18  limited written discovery and depositions of party witnesses (February 29, 2008 discovery
19  cut-off date).

21  9.    Class Actions: This is not a class action.

23  10.    Related Cases: There are no related cases or proceedings pending before another judge
24  of this court, or before another court or administrative body.

26  11.    Relief: The complaint seeks $11,534.67, together with prejudgment interest of $5.69
27  per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff
28  ///

1  F.C.C. No. 1, Section 2.5.4, plus costs of suit, including reasonable attorney's fees pursuant

2  to AT&T Tariff F.C.C. No. 1, Section 2.5.3(E).

3

4  12.    Settlement and ADR: The parties are scheduled to participate in an ADR telephone

5  conference on November 6, 2007.

6

7  13.    Consent to Magistrate Judge For All Purposes: Plaintiff will consent to have a

8  magistrate judge conduct all further proceedings including trial and entry of judgment.

9

10  14.    Other References: The case is not suitable for reference to binding arbitration, a

11  special master, or the Judicial Panel on Multidistrict Litigation.

12

13  15.    Narrowing of Issues: No issues can be narrowed by agreement, dispositive motions

14  may be filed, there are no suggestions to expedite the presentation of evidence at trial (e.g.,

15  through summaries or stipulated facts), and no request is being made to bifurcate issues,

16  claims, or defenses.

17

18  16.    Expedited Schedule: This is not the type of case that can be handled on an expedited

19  basis with streamlined procedures.

20

21  17.    Scheduling: April 30, 2008 dispositive motion cut-off date; 3-4 day jury trial (May 20,

22  2008 FSC; June 2, 2008 trial)

23

24  18.    Trial: 3-4 day jury trial (June 2, 2008 trial)

25

26  19.    Disclosure of Non-Party Interested Entities or Persons: Plaintiff has filed the

27  "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiff

28  restates in this case management statement the contents of its certification by identifying any

1    persons, firms, partnerships, corporations (including parent corporations) or other entities

2    known by the party to have either: (i) a financial interest in the subject matter in controversy

3    or in a party to the proceeding; or (ii) any other kind of interest that could be substantially

4    affected by the outcome of the proceeding, as follows: AT&T Corporation, plaintiff.

5

6    20.    Other Matters:   No other matters exist which may facilitate the just, speedy and

7    inexpensive disposition of this action.

8

9    DATED: November 5, 2007          AIRES LAW FIRM

10

11                                    By: _____

12                                    Timothy Carl Aires, Esq.
                                      Attorney for Plaintiff
13                                    AT&T CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On November 5, 2007, I served the document entitled: *Case Management Statement* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
961 Ygnacio Valley Blvd.
Walnut Creek, CA 94596

(check applicable paragraphs)
X   (BY MAIL IN THE ORDINARY COURSE OF BUSINESS)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__   (BY PERSONAL SERVICE)  I caused such document to be served by hand on the addressee.

__   (BY EXPRESS SERVICE)  I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__   (State) I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X   (Federal)   I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 5, 2007    _____
                                                 Signature of Declarant

CASE MANAGEMENT STATEMENT
6