**Matlock Law Group,** A Professional Corporation
Anne-Leith W. Matlock, SBN 244351
961 Ygnacio Valley Road
Walnut Creek, CA 94596
Office: 925-944-7131
Fax: 925-938-4625
e-mail: anne-leith@matlocklawgroup.com
matlocklawgroup@sbcglobal.net

Attorney for Defendant/Counterclaimant.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>PLAINTIFF,<br><br>v.<br><br>Dataway, Inc.<br><br>DEFENDANT. | CASE NO. C07-02440 MMC<br><br>**DEFENDANT DATAWAY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION TO DISMISS COMPLAINT FILED BY AT&T CORPORATION FOR**<br><br>1. **LACK OF SUBJECT MATTER JURISDICTION**<br>2. **IMPROPER VENUE**<br>3. **INSUFFICIENCY OF PROCESS**<br>4. **INSUFFICIENCY OF SERVICE OF PROCESS**<br>5. **FAILURE TO STATE A CLAIM** |
| Dataway, Inc.<br><br>COUNTERCLAIMANT<br><br>v.<br><br>AT&T Corp.<br><br>COUNTERDEFENDANT | Date:     Friday, December 14, 2007<br>Time:    9 a.m.<br>Courtroom:  No. 7 |

1

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Dataway, Inc. (hereinafter "Dataway" or "Defendant") hereby moves to dismiss the unverified Complaint of Plaintiff AT&T Corporation (hereinafter "AT&T") filed against Dataway which is incorporated in Defendant Dataway's Answer and Counterclaim to AT&T's Complaint, filed on October 17, 2007, as Docket No. 31, on the grounds that this court lacks subject matter jurisdiction, that venue is improper, that process was insufficient, that service of process was insufficient and that Plaintiff failed to state a claim upon which relief can be granted.

This motion is based on the previously filed answer, the notice of motion, the accompanying memorandum of law, the declaration of Simon W. Lewis and Anne-Leith Matlock filed herein and the accompanying exhibits A, B, C, D and E filed herein, all pleadings and records on file in this case, and any other arguments and evidence presented to the Court at or before the hearing of this motion.

## POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS

### 1. LACK OF SUBJECT MATTER JURISDICTION, FRCP 12(b)(1)

This Court does not have Jurisdiction over the subject matter. Federal Courts have limited subject matter jurisdiction. They only have the authority to hear a claim if the parties are diverse or if the issue at bar deals with a federal question within the meaning of 28 U.S.C. § 1331. Diversity, even though it was not claimed by the defendant, would not provide for proper subject matter jurisdiction because AT&T is doing business in California and the matter in controversy does not meet the minimum threshold of $ 75,000. A federal question pursuant to 28 U.S.C. § 1331 is not presented either, because any potential rights arising out of 47 U.S.C. §§ 201 et seq., as argued by Plaintiff, do not implicate federal issues on laws.  In order to establish federal question jurisdiction that is not original jurisdiction, a right or immunity created by the law of the United States must be an essential element of the plaintiff's cause of

action. According to the well-pleaded complaint rule the Plaintiff must allege the federal question in his complaint, which means that either federal law creates the cause of action for the plaintiff or the plaintiff's complaint requires resolution of a substantial question of federal law. An anticipated federal question defense, however, will not raise federal question subject matter jurisdiction. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908). Allegedly, the controversy-crucial sections concern a utility company's ability to, through interstate commerce, collect for its services. However, this is not an issue here. The issue is whether the client owes money, and if so how much. Thus, this is a collection case. The law, however, does not allow collections to be heard exclusively in Federal Court. It does allow for damages and remedies to be heard in Federal Court as to rights and services and actions through interstate commerce activity contained in a statute, but such is not the matter before this court. Therefore, AT&T has failed to demonstrate any federal subject matter jurisdiction.

### 2. IMPROPER VENUE, FRCP 12(b)(3)

Moreover, Defendant Dataway denies that this court is the proper court pursuant to FRCP 12(b)(2). Plaintiff alleges that the San Francisco Division of the Northern District of California is the proper court for this action pursuant to Title 29 U.S.C. § 1391(a)(2), FRCP 12(b)(2). However, Section 1391(a) does not even have a subdivision 2 and, thus, cannot establish what appears to be venue in Plaintiff's Complaint. Besides, 29 U.S.C. § 1391 is a statute dealing with labor, governing the methods for computing withdrawal liability. This does not establish this court as a proper court for trail. For these two reasons, 29 U.S.C. § 1391 does not support Plaintiff's venue claim.

### 3. INSUFFICIENCY OF PROCESS, FRCP 12(b)(4)

Furthermore, Plaintiff's process was insufficient. Pursuant to FRCP § 4 the Plaintiff is responsible for service of summons and complaint. Thereby, the summons has to be proper

3

according to Fed. R. Civ. P. § 4(a). The documents that were dropped off on the premises of Dataway, however, were not complete. Missing was the reassignment order and the new case management schedule. This incompleteness of the documents served renders the process insufficient.

### 4. INSUFFICIENCY OF SERVICE OF PROCESS, FRCP 12(b)(5)

Defendant Dataway alleges that the mode of service of process was insufficient pursuant to Fed. R. Civ. P. § 12(b)(5). According to FRCP § 4(h)(1) the summons upon a corporation in a judicial district of the United States are served "…in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant… ." The plaintiff alleges that Defendant was, at first, served in person, and then, secondly, by service upon the company's agent for service, both on July 10, 2007. However, personal service upon Dataway is not possible because no officer was present, and Simon Lewis, Dataway's agent for service, was, at first, out of the country and then out of the state and did not return to Dataway's office until July 16, 2007. The process server, in fact, entered the company's premises, and when all employees refused to accept the documents, he merely placed the summons and the complaint on the counter. Furthermore, this alleged service of process did not take place on July 10, 2007, but on July 11, 2007. See Paragraph 11, Declaration of Simon Lewis attached hereto as Exhibit C. The court docket documents No. 9 and 10 (palpably by mistake titled No. 11) also support this unsoundness in regard of the date and kind of service. Both documents are dated July 12, even though the second proof of service is supposed to be a subsequent correction of a retroactively produced proof of service. Yet, the actually rendered service cannot be changed subsequently. Rather, the amendment was merely a formal correction. All this together impairs

1  the document's authenticity and supports Defendant's claim that Dataway was not served
2  properly.
3
4  **5. FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED,**
5  **FRCP 12(b)(6)**
6      Defendant alleges that AT&T failed to state a claim upon which relief can be granted.
7  Plaintiff fails to state facts that could support the elements of a claim under 47 U.S.C. § 201 et.
8  seq as set forth in count one. The claimed sections of 47 U.S.C., however, concern a utility
9  company's liability to establish tariffs that are just and reasonable. According to these statutes,
10 long-distance carriers are required to file a "tariff" that contains their rates, terms and
11 conditions. The purpose of the Communications Act provisions creating a cause of action for
12 recovery of the damages for which a common carrier may be liable under the provisions of the
13 Act's wire and radio communications chapter is to allow persons injured by violations of the
14 Act's "just and reasonable" section to bring actions for damages. Thus, the overall application
15 allows for the institution of private civil causes of actions for violations of the
16 Telecommunications Act for any act of an interstate carrier that may be "unlawful." However,
17 the Communications Act does not allow for claims of a service provider against the user and
18 does not govern other issues, such as contract formation and breach of contract, that arise in a
19 detariffed environment. Thus, the alleged sections do not provide for a cause of action upon
20 which relief can be granted.
21     Plaintiff also fails to state facts which could establish the elements of a Quantum
22 Meruit claim, AT&T's second count. Quantum Meruit is imposed to avoid the unjust
23 enrichment of one party at the expense of another. This doctrine by which "…the law implies a
24 promise to pay for services performed under circumstances disclosing that they were not
25 gratuitously rendered." <u>Pessler v. Metcalf</u>, 2007 WL 1696996, 9. "To recover in Quantum
26 Meruit, a party need not prove the existence of a contract, but it must show the circumstances
27
28

1  were such that 'the services were rendered under some understanding or expectation of both
2  parties that compensation therefore was to be made.'" <u>Pessler</u>, at 9. In the case at hand, there
3  was no understanding of any kind that compensation was to be made, in particular, because
4  Dataway did not receive any services. It is established that an unauthorized intervening third
5  party used AT&T's services by accessing Dataway's voice mail system. Defendant also
6  reported these unauthorized acts to the California Public Utility Commission (C.P.U.C.) and
7  the Federal Communication Commission (F.C.C.) asserting that an unauthorized party herein
8  referred to as a "hacker" accessed the "Dataway" account and misused it. Such criminal
9  conduct by a third party does not trigger the doctrine of Quantum Meruit as alleged by
10 Plaintiff. Quantum Meruit rather would require that a recipient uses services that were
11 obviously not free and, therefore, recipient should have expected to pay for such services and,
12 in fact, is obliged to do so.
13       Thus, Plaintiff fails to state facts that could support the elements of a Quantum Meruit
14 claim.

## CONCLUSION

17   For the reasons set forth above, Dataway, Inc. respectfully requests that the court grant
18 its motion to dismiss in its entirety.

DATED: November 09, 2007

Respectfully Submitted,

MATLOCK LAW GROUP

By: _____
Anne-Leith W. Matlock

Attorney for Dataway, Inc.
Defendant and Counterclaimant

6

DATAWAY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT                     CASE NO. C07-02440 MMC