**Matlock Law Group,** A Professional Corporation
Anne Leith W. Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: 925-944-7131
Fax: 925-944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant,
Dataway, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>            PLAINTIFF,<br><br>     v.<br><br>Dataway, Inc.<br><br>            DEFENDANT. | **CASE NO. C07-02440 EDL**<br><br>**DATAWAY'S OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| Dataway, Inc.<br><br>            COUNTERCLAIMANT<br><br>     v.<br><br>AT&T Corp.<br><br>            COUNTERDEFENDANT | **Date: January 8, 2008**<br>**Time: 2:00 PM**<br>**Courtroom: E** |

1

DATAWAY'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION                     Case No. C07-02440 – EDL
TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR
FAILURE TO STATE A CLAIM

**INTRODUCTION**

Defendant and Counterplaintiff Dataway, Inc. (hereinafter "Dataway") hereby submits its memorandum of points and authorities in support of its opposition to Plaintiff's/Counterdefendant's Motion to Strike Cross-Complaint.

**1. DISMISSAL UNDER FRCP 12(b)(6)**

AT&T brings the instant motion to dismiss four counts of Dataway's Counterclaim for failure to state a claim upon which relief can be granted, pursuant to F.R.Civ. P. 12(b)(6). Plaintiff asserts that the first, second, third and fifth claims of Dataway's Counterclaim which contain state law claims are barred as a matter of law pursuant to the "Filed Tariff Doctrine" (hereinafter "FTD") said to arise under the Federal Communications Act Section 203, and which, according to AT&T preempts and precludes state claims against a common carrier which operates under a filed tariff.

It is respectfully submitted that the FTD poses no impediment to Dataway's Counterclaim, inasmuch as (1) the parties entered into their agreement in a "detariffed" communications environment; (2) the FCA is not intended to preempt the field of all state claims, and in fact, specifically contains a "saving" clause allowing state claims; (3) the California Business and Professions Code prohibition on deceptive and misleading advertising has been found to supercede the FTD; (4) Dataway is not challenging the tariff in any way, but seeking to enforce it, an action which may be maintained even in a "tariffed" scheme.

A motion to dismiss pursuant to F.R.Civ.Pro. ought to be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). It is respectfully submitted that in light of the foregoing, there are multiple avenues for Dataway to proceed in this matter. Therefore, it is respectfully requested that AT&T's motion to dismiss be denied.

**2. DATAWAY'S CLAIMS ARE NOT BARRED BY THE " FILED TARIFF DOCTRINE"**

2

DATAWAY'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION    Case No. C07-02440 – EDL
TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR
FAILURE TO STATE A CLAIM

Matlock Law Group, PC.

The Federal Communication Act (hereinafter "FCA") was enacted in 1934 and required telecommunication carriers to file a list of tariffs with the Federal Communications Commission (hereinafter "FCC"). The purpose of the tariff-filing requirement was to prevent unreasonable and discriminatory charges, and to render rates definite and certain. AT&T Corp. v. Central Office Tel., Inc., 524 U.S. 214, 222 (1998). A long line of cases, all cited by AT&T, establish that once a tariff is filed, it is the sole source of the terms and conditions by which the common carrier provides to its customers the services covered by the tariff. See, e.g., Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 100 (Cal.Ct. App.2001). Moreover, once a tariff is filed, consumers are charged with constructive notice of the terms and conditions of such tariff. Evanns v. AT&T Corp., 229 F.3d 837, 840 (9th Cir. 2000).

The FCA, and the FTD, however, were not intended to completely preempt the field of actions or claims relating to carrier conduct, only to those matters relating to the reasonableness or validity of the tariff itself. It may act as a bar to suits challenging filed rates and suits seeking to enforce rates that differ from the filed rates, and also to those challenging services, billing or other practices when such challenges, if successful, would have the effect of changing the filed tariff. Central Office, 524 U.S. at 223. There is no indication that Congress intended every state law cause of action within the scope of the FCA to be preempted: the Act itself contains a savings provision, at 47 U.S.C. 414, which expressly states that "[n]othing in this chapter… shall in any way abridge or alter the remedies now existing at common law or by statute." A savings clause is "fundamentally incompatible with complete field preemption; if Congress intended to preempt the entire field of telecommunications regulation, there would be nothing for section 414 to "save," and the provision would be mere surplusage. Enns v. NOS Communs [In Re: NOS Communs.), 495 F. 3d 1052 (9th Cir. 2007). The Court in In Re: NOS Communs. specifically held "…[T]o the extent that state claim plaintiffs

3

DATAWAY'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION    Case No. C07-02440 – EDL
TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR
FAILURE TO STATE A CLAIM

Matlock Law Group, PC.

assert claims that neither attack the rates nor require reference to the filed-rate for calculation of damages, we hold that the filed-rate doctrine is inapplicable." 495 F.3d at 1060.  The Court went on to hold that claims of fraud, fraudulent inducement to contract, intentional interference with contract and claims under a consumer protection act and consumer fraud statutes were not preempted by the FTD.

In addition, the Telecommunications Act of 1996 subsequently "detariffed" the regulatory scheme and a new "detariffed" scheme went into effect in July 2001; the parties herein entered into their service contract on January 19, 2003, and so are clearly operating in the detariffed environment.  The effect of the new Act has been a narrowing of the protections of the FTD under California law.  For example, California's FTD gives way to the state's Business and Professions Code's prohibition on misleading and deceptive advertising.  See Day v. AT&T Corp., 63 Cal. App. 4th 325 (1999) ("the policies which are furthered by the California statutes would be undermined by the filed rate doctrine's presumption of a consumer's omniscience of filed rates, and the resulting immunity to common carriers, regardless of any advertising deception used to lure the consumer.").

Finally, there is nothing in the old FCA, the new FCA or the case law stemming from either, cited by AT&T or not, that would preclude a claim which does not challenge the validity or reasonableness of the filed tariff, but which actually seeks to *enforce* the tariff.  In Brown v. MCI Worldcom Network Services, Inc., 277 F.3d 1166 (2002), the plaintiff was billed for charges related to a second line of service which he neither requested or of which he had knowledge. He sued MCI alleging that MCI violated the tariff by creating extraneous "accounts" and then wrongfully charging each of those accounts an unauthorized monthly fee.  The district court dismissed Brown's complaint for failure to state a claim upon which relief could be granted, concluding that because Brown's claim was related to MCI's tariff, the claim was barred by the FTD. The Circuit

4

DATAWAY'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION   Case No. C07-02440 – EDL
TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR
 FAILURE TO STATE A CLAIM

Matlock Law Group, PC.

1  Court, on appeal, reversed, noting that Brown sought merely to enforce the tariff because
2  there was no authorization in the tariff to charge him the fee on an unauthorized account.
3  Therefore, the Court reasoned, Brown's claim was not precluded by the FTD.
4       Similarly, Dataway seeks merely to enforce the tariff. The facts as pleaded
5  in Dataway's Cross-Complaint allege that notwithstanding AT&T's representations that
6  it had provided additional security measures to Dataway's service, and despite the fact
7  that AT&T was in a superior position to secure access to Dataway's service, unauthorized
8  third persons nevertheless made calls which AT&T ascribed to Dataway, on an account
9  never authorized by Dataway with service never requested by Dataway, and
10  subsequently, despite AT&T's promises to waive said charges, not only billed for same,
11  but also threatened cessation of Dataway's legitimate service, and finally, sued to recover
12  for said services, which brings the instant matter before the Court.  AT&T does not, nor
13  could it, maintain that the FTD applies to subsequent, affirmative wrongful conduct of a
14  party unrelated to the tariff, but supporting Dataway's claims of fraud and breach,
15  consequently, those claims must stand as arising completely outside the scope of the
16  FTD.
17
18  /////
19  /////
20  /////
21  /////
22  /////
23  /////
24       It is respectfully submitted that the FTD will not bar Dataway's claims set
25  forth in the First, Second, Third and Fifth Counts herein. Dataway therefore respectfully
26  requests that AT&T's motion to dismiss be denied.
27
28

5

DATAWAY'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION    Case No. C07-02440 – EDL
TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR
 FAILURE TO STATE A CLAIM

Matlock Law Group, PC.

DATED:  December 7, 2007           MATLOCK LAW GROUP


                                   By:   _____/s/_____
                                         Anne-Leith W. Matlock
                                         Attorneys for Defendant

6

DATAWAY'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION                Case No. C07-02440 – EDL
TO PLAINTIFF'S MOTION TO DISMISS CROSS-COMPLAINT FOR
FAILURE TO STATE A CLAIM

Matlock Law Group, PC.