Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DATAWAY INC. and dba DATAWAY DESIGNS,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. C07-02440 MMC<br><br>OPPOSITION OF PLAINTIFF AT&T CORPORATION TO MOTION OF DEFENDANT DATAWAY INC. and dba DATAWAY DESIGNS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, IMPROPER VENUE, INSUFFICIENCY OF PROCESS, INSUFFICIENCY OF SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>[F.R.C.P., Rule 12(b)(1), (3), (4), (5), (6)]<br><br>DATE: January 8, 2008<br>TIME: 2:00 p.m.<br>CTRM: E, 15th Floor |

Plaintiff AT&T Corporation, by and through its counsel of record, hereby submits its opposition to the motion of Defendant Dataway Inc. and dba Dataway Designs to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), for improper venue pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3), for insufficiency of process pursuant to Federal Rules of Civil Procedure, Rule 12(b)(4), for insufficiency of service of process pursuant to Federal Rules of Civil Procedure, Rule 12(b)(5), and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as follows:

# OPPOSITION MEMORANDUM

1. <u>THE F.R.C.P., RULE 12(b)(1) MOTION</u>

Defendant challenges subject matter jurisdiction. On the contrary, the federal courts have subject matter jurisdiction under 47 U.S.C. §201 et seq. over matters pertaining to the enforcement and collection of telecommunication tariffs. (28 U.S.C. §1337(a); <u>Western Union Intern. v. Data Development</u> (11th Cir. 1995) 41 F.3d 1494, 1496; <u>American Telephone & T. Co. v. Florida-Texas Frgt.</u> (S.D.FL. 1973) 357 F. Supp. 977, 978 (Plaintiff, a common carrier engaged in interstate communication by wire, brought suit against defendant, an interstate freight forwarder, upon an account stated for private line, network telephone services provided to defendant. Exercise of jurisdiction by district court proper.).] This Court has subject matter jurisdiction. The motion should be denied.

2. <u>THE F.R.C.P., RULE 12(b)(3) MOTION</u>

Defendant challenges venue. The complaint contains a typographical error. The reference to "Title 29 U.S.C. §1391(a)(2)" at para. 6 should have been to "Title 28 U.S.C. §1391(a)(2)". Defendant does not dispute that this Court is a proper court based upon Defendant's residence. Defendant only quibbles with a typographical error. This Court is a proper court for the trial of this action. The motion should be denied.

3. <u>THE F.R.C.P., RULE 12(b)(4) MOTION AND THE F.R.C.P., RULE 12(b)(5) MOTION</u>

Defendant challenges the sufficiency of process and the sufficiency of service of process. Notwithstanding, Defendant has filed a counterclaim invoking this Court's jurisdiction under Title 47 U.S.C. §258(a).) Once a party appears voluntarily in an action,

service of process becomes unnecessary. [Wesley v. Don Stein Buick, Inc. (D.KS 1998) 996 F.Supp. 1299, 1311, fn. 10.] By seeking affirmative relief through the counterclaim, Defendant has waived any defect in process and service of process. The motion should be denied.

4.  THE RULE 12(b)(6) MOTION

Defendant challenges the legal sufficiency of the complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

Federal pleading requirements are extremely liberal — The rules are designed specifically to minimize disputes over pleading technicalities. [Federal Rules of Civil Procedure, Rule 8(f); Conley v. Gibson (1957) 355 U.S. 41, 47-48, 78 S.Ct. 99, 103.] "Each averment of a pleading shall be simple, concise and direct – No technical forms of pleading or motions are required." [Federal Rules of Civil Procedure, Rule 8(e)(1); McHenry v. Renne (9th Cir. 1996) 84 F.3d 1172, 1179-1180 — "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."] Pleadings are construed liberally in favor of the pleader; and in challenging the sufficiency of a complaint, all of its material allegations are taken as true. [Jenkins v. McKeithen (1969) 395 U.S. 411, 421, 89 S.Ct. 1843, 1849; Gilligan v. Jamco Develop. Corp. (9th Cir. 1997) 108 F.3d 246, 249 — Rule 8 contains "a powerful presumption against rejecting pleadings for failure to state a claim".]

The Complaint alleges that "[a]t all times relevant hereto, Plaintiff provided telecommunications services to Defendants pursuant to AT&T Tariff F.C.C. No. 1, Section 2.4 or AT&T Tariff F.C.C. No. 30 which makes Defendants liable for the payment of charges for telecommunication calls and related services. Pursuant to AT&T Tariff F.C.C. No. 1,

1  Section 2.5, payment is due upon presentation of invoice." [Complaint, para. 8.] The
2  Complaint further alleges that "Defendants were billed for charges incurred when its
3  telephone system was allegedly compromised. These charges amount to $17,856.30 and
4  were included on invoices presented to Defendants. Pursuant to AT&T Tariff F.C.C. No. 1,
5  Section 2.5, payment was due upon presentation of the invoices. Alternatively, payment is
6  due under AT&T Tariff F.C.C. No. 30." [Complaint, para. 9.] The Complaint further alleges
7  that "Defendants have become indebted to Plaintiff for services rendered to Defendants at
8  their special instance and request who then and there agreed to pay the sum of $11,534.67
9  for the services which was their reasonable value." [Complaint, para. 12.] Finally, the
10 Complaint alleges that "[n]either the whole nor any part of the amount due has been paid by
11 Defendants, although demand therefor has been made and there is now due and owing from
12 Defendants to Plaintiff the sum of $11,534.67, together with prejudgment interest of $5.69
13 per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff
14 F.C.C. No. 1, Section 2.5.4." [Complaint, para. 10, 13.]

16 These facts are sufficient to state a claim upon which relief can be granted. [American
17 Telephone & T. Co. v. Florida-Texas Frgt. (S.D.FL. 1973) 357 F. Supp. 977, 978.] The
18 motion should be denied.

20 5.     CONCLUSION

22 For the foregoing reasons, the motion of Defendant Dataway Inc. and dba Dataway
23 Designs to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil
24 Procedure, Rule 12(b)(1), for improper venue pursuant to Federal Rules of Civil Procedure,
25 Rule 12(b)(3), for insufficiency of process pursuant to Federal Rules of Civil Procedure, Rule
26 ///
27 ///
28 ///

OPPOSITION TO MOTION TO DISMISS
4

1  12(b)(4), for insufficiency of service of process pursuant to Federal Rules of Civil Procedure,
2  Rule 12(b)(5), and for failure to state a claim upon which relief can be granted pursuant to
3  Federal Rules of Civil Procedure, Rule 12(b)(6) should be denied.

5  DATED: December 19, 2007    AIRES LAW FIRM

7                              By: _____
                                    Timothy Carl Aires, Esq.
8                                   Attorney for Plaintiff,
                                    AT&T CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On December 19, 2007, I served the document entitled: *Opposition of Plaintiff AT&T Corporation to Motion of Defendant Dataway Inc. and dba Dataway Designs to Dismiss for Lack of Subject Matter Jurisdiction, Improper Venue, Insufficiency of Process, Insufficiency of Service of Process, and Failure to State a Claim upon Which Relief Can Be Granted* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
1485 Treat Boulevard, Suite 200
Walnut Creek, CA 94597

(check applicable paragraphs)
__X__  (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

___  (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

___  (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

___  (State) I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__  (Federal)  I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 19, 2007                    _____
                                                                              Signature of Declarant