**Matlock Law Group,** A Professional Corporation
Anne Leith W. Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: 925-944-7131
Fax: 925-944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant,
Dataway, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>　　　　　PLAINTIFF,<br><br>　　v.<br><br>Dataway, Inc.<br><br>　　　　　DEFENDANT.<br>―――――――――――<br>Dataway, Inc.<br><br>　　　　　COUNTERCLAIMANT<br><br>　　v.<br><br>AT&T Corp.<br><br>　　　　　COUNTERDEFENDANT | **CASE NO. C07-02440 EDL**<br><br>**DEFENDANT'S REPLY AND POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Date:  January 8, 2008**<br>**Time: 2:00 PM**<br>**Courtroom: E** |

1

**DEFENDANT'S REPLY TO PLAINTIFF'S**                                                         **Case No. C07-02440 EDL**
**OPPOSITION TO MOTION TO DISMISS**

Defendant and Counterplaintiff Dataway, Inc. (hereinafter "Dataway") hereby replies to Plaintiff and Counterdefendant AT&T Corporation's (herinafter "AT&T") Opposition to Dataway's Motion to Dismiss for lack of subject matter jurisdiction, improper venue, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted.

**INTRODUCTION**

Defendant was prejudiced in its reply, as the court knows, by Plaintiff's failure to timely file an opposition. As a result, Defendant was given two and one half days over the holidays to prepare this reply. Plaintiff filed an original complaint to recover damages alleging liability for telecommunications services billed, pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5 and under the doctrine of Quantum Meruit. The Motion to Dismiss was filed with Dataway's original, first appearance on October 17, 2007. To this date, Plaintiff has not filed an amendment to its complaint in regards to the issue of proper venue. Despite Defendant's diligent attempts to confer with Plaintiff to resolve the matter, Defendant is compelled to bring this matter before the court for clarity and guidance, and again respectfully requests that the Court grant an Order dismissing Plaintiff's complaint.

**1. DATAWAY'S RULE 12(b)(1) MOTION SHOULD BE GRANTED**

No federal question pursuant to 28 U.S.C. § 1331 has been presented because any potential rights arising out of 47 U.S.C. §§ 201, as argued by Plaintiff, do not implicate federal issues on laws. In order to establish federal question jurisdiction that is not original jurisdiction, a right or immunity created by the law of the United States must be an essential element of the Plaintiff's cause of action. Allegedly, the controversy-crucial sections concern a utility company's ability to, through interstate commerce, collect for its services. However, this is not an issue here. The issue is whether the client owes money, and if so how much. Thus, this is a collection case. The law, however, does not allow collections to be heard exclusively in Federal Court. It does allow for damages and remedies to be heard in Federal

1  Court as to rights and services and actions through interstate commerce activity contained in a

2  statute, but such is not the matter before this court. Therefore, AT&T has failed to

3  demonstrate any federal subject matter jurisdiction.

**2. DATAWAY'S RULE 12(b)(3) MOTION SHOULD BE GRANTED**

This court is not the proper court for this action pursuant to Title 29 U.S.C. § 1391(a)(2). Section 1391(a) does not have a subdivision 2 and, thus, cannot establish what appears to be venue. Besides, 29 U.S.C. § 1391 is a statute dealing with labor, governing the methods for computing withdrawal liability. Therefore, 19 U.S.C. § 1391 does not establish this court as a proper court for trial. 28 USC 1391(a)(2) establishes venue based on location in a federal diversity case. Plaintiff has neither claimed diversity nor any of the requirements for diversity. If Plaintiff were to have federal question jurisdiction, Defendant concedes under section 28 USC 1391 (c) that Dataway resides in this district. For these three reasons, 29 U.S.C. § 1391 does not support Plaintiff's venue claim. Plaintiff contends that there was a mere typographical error. However, Plaintiff has failed to amend his complaint. Therefore, Plaintiff's contention is without merit.

**3. DATAWAY'S RULE 12(b)(4) MOTION AND RULE 12(b)(5) MOTION SHOULD BE GRANTED**

The Motion to Dismiss was filed with Dataway's original, first appearance on October 17, 2007. Although Dataway's Motion to Dismiss was excluded from the document title, Dataway's defense was fully preserved in its Answer and Counterclaim. Therefore, Plaintiff failed to provide sufficient process and service of process pursuant to F.R.C.P, Rule 12(b)(4) and 12(b)(5). The documents that were served by the Plaintiff were missing the reassignment order and the new case management schedule. In addition, the Plaintiff alleges that Defendant was, at first, served in person, and then, secondly, by service upon the company's agent for service, both on July 10, 2007. However, personal service upon Dataway is not possible because no officer was present, and Simon Lewis, Dataway's agent for service, was, at first, out of the country and then out of the state and did not return to Dataway's office until July

3

16, 2007. The process server, in fact, entered the company's premises, and when all employees refused to accept the documents, he merely placed the summons and the complaint on the counter. Furthermore, this alleged service of process did not take place on July 10, 2007 but on July 11, 2007. The court docket documents also support this unsoundness in regard of the date and kind of service. Both documents are dated July 12, even though the second proof of service is supposed to be a subsequent correction of a retroactively produced proof of service. Yet, the actually rendered service cannot be changed subsequently. Rather, the amendment was merely a formal correction. This incompleteness of the documents served and service of process renders the process insufficient.

### 4. DATAWAY'S RULE 12(b)(6) MOTION SHOULD BE GRANTED

Plaintiff fails to state facts that could support the elements of a claim under 47 U.S.C. § 201 et. seq as set forth in count one. The claimed sections of 47 U.S.C. concern a utility company's liability to establish tariffs that are just and reasonable. According to these statutes, long-distance carriers are required to file a "tariff" that contains their rates, terms and conditions. The purpose of the Communications Act provisions creating a cause of action for recovery of the damages for which a common carrier may be liable under the provisions of the Act's wire and radio communications chapter is to allow persons injured by violations of the Act's "just and reasonable" section to bring actions for damages. Thus, the overall application allows for the institution of private civil causes of actions for violations of the Telecommunications Act for any act of an interstate carrier that may be "unlawful." However, the Telecommunications Act does not allow for claims of a service provider against the user and does not govern other issues, such as contract formation and breach of contract, that arise in a detariffed environment. Thus, the alleged sections do not provide for a cause of action upon which relief can be granted.

Plaintiff also fails to state facts which could establish the elements of a quantum meruit claim, AT&T's second count. Quantum Meruit is imposed to avoid the unjust enrichment of one party at the expense of another. This doctrine by which "…the law implies a promise to

4

pay for services performed under circumstances disclosing that they were not gratuitously rendered." Pessler v. Metcalf, 2007 WL 1696996, 9. "To recover in Quantum Meruit, a party need not prove the existence of a contract, but it must show the circumstances were such that 'the services were rendered under some understanding or expectation of both parties that compensation therefore was to be made.'" Pessler, at 9. In the case at hand, there was no understanding of any kind that compensation was to be made, in particular, because Dataway did not receive any services. It is established that an unauthorized intervening third party used AT&T's services by accessing Dataway's voice mail system. Defendant also reported these unauthorized acts to the California Public Utility Commission (C.P.U.C.) and the Federal Communication Commission (F.C.C.) asserting that an unauthorized party herein referred to as a "hacker" accessed the "Dataway" account and misused it. Such criminal conduct by a third party does not trigger the doctrine of Quantum Meruit as alleged by Plaintiff. Quantum Meruit rather would require that a recipient use services that were obviously not free and, therefore, recipient should have expected to pay for such services and, in fact, is obliged to do so. Thus, Plaintiff fails to state facts that could support the elements of a Quantum Meruit claim.

**5. CONCLUSION**

In sum, it is apparent from the foregoing reasons that this Court should grant Defendant's motion to dismiss for lack of subject mater jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted despite Plaintiff's opposition.

DATED:  December 26, 2007          MATLOCK LAW GROUP

By: _____/s/_____
    Anne-Leith W. Matlock
    Attorneys for Defendant

5