Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| AT&T CORPORATION, | ) Case No. C07-02440 MMC |
|---|---|
| Plaintiff, | ) UNILATERAL CASE MANAGEMENT ) STATEMENT |
| v. | ) |
|  | ) [F.R.C.P., Rule 16] |
| DATAWAY INC. and dba DATAWAY DESIGNS, | ) S/C DATE: April 15, 2008 ) TIME: 10:00 a.m. |
| Defendants. | ) CTRM: E, 15th Floor |

Plaintiff AT&T Corporation ("AT&T"), without the cooperation of Defendant Dataway Inc. and dba Dataway Designs ("Dataway"), hereby submit its Unilateral Case Management Statement, as follows:

///
///
///
///
///
///
///
///

---

UNILATERAL CASE MANAGEMENT STATEMENT

1

UNILATERAL CASE MANAGEMENT STATEMENT

1.  Jurisdiction and Service: This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §1331 and Title 47 U.S.C. §201 et seq. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

2.  Facts: AT&T contends that it is entitled to recover $11,534.67 for calls placed through the telephone system owned and operated by Dataway to the AT&T Network (Legacy T) by dialing carrier access code 1010288. AT&T believes that Dataway disputes AT&T's claim and separately asserts counterclaims for Breach of Express Contract, Breach of Oral Contract, Fraudulent Inducement to Contract, Violations of Telecommunications Act - "Slamming", and Intentional Interference with Contractual Relations.

3.  Legal Issues: AT&T contends Dataway is strictly liable for the charges. *[AT & T Corp. v. Community Health Group, 931 F. Supp. 719, 723 (S.D.Cal. 1995); AT&T v. New York Human Resources Administration, 833 F.Supp. 962 (S.D.N.Y. 1993), AT&T v. Jiffy Lube Int'l Inc. (D.Md. 1993) 813 F.Supp. 1164, and AT&T v. Intrend Ropes & Twines Inc., 944 F.Supp. 701 (C.D.Ill. 1996).]*

4.  Motions: AT&T is filing a motion for summary judgment.

5.  Amendment of Pleadings: No amendments are contemplated at this time.

6.  Evidence Preservation: No steps need to be taken to preserve evidence relevant to the issues reasonably evident in this action.

7.  Disclosures: AT&T complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a) on November 5, 2007. AT&T made a supplemental disclosure on April 7, 2008 in

accordance with Fed. R. Civ. P. 26(e). An initial disclosure under Fed. R. Civ. P. 26(a) from Dataway was never believed to have been received. Dataway made a "supplemental" disclosure under Fed. R. Civ. P. 26(e) on April 7, 2008.

8.   Discovery: AT&T has served written discovery and has set depositions for April 15, 2008. AT&T contends that Dataway served written production requests which were objectionable for a variety of reasons. Dataway did not timely serve deposition notices.

9.   Class Actions: This is not a class action.

10.  Related Cases: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.  Relief: The complaint by AT&T seeks $11,534.67, together with prejudgment interest of $5.69 per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5.4, plus costs of suit, including reasonable attorney's fees pursuant to AT&T Tariff F.C.C. No. 1, Section 2.5.3(E).

The counterclaim by Dataway seeks recovery in an unspecified amount for Breach of Express Contract, Breach of Oral Contract, Fraudulent Inducement to Contract, Violations of Telecommunications Act - "Slamming", and Intentional Interference with Contractual Relations.

12.  Settlement and ADR: The parties participated in ADR by way of a mediation held January 25, 2008 which proved unsuccessful.

13.  Consent to Magistrate Judge For All Purposes: The parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

///

14. <u>Other References</u>: The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: No issues can be narrowed by agreement, dispositive motions may be filed, there are no suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and no request is being made to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: Discovery deadline is April 15, 2008. Dispositive motion filing cutoff is June 10, 2008. Dispositive motion hearing cutoff is July 15, 2008.

18. <u>Trial</u>: October 6, 2008.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The parties restate in this case management statement the contents of their certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, as follows: AT&T Corporation, plaintiff.

///
///
///
///

1  20.  Other Matters:  No other matters exist which may facilitate the just, speedy and
2  inexpensive disposition of this action.

4  DATED: April 8, 2008                AIRES LAW FIRM

6                                      By: _____
                                            Timothy Carl Aires, Esq.
7                                           Attorney for Plaintiff and Counterdefendant,
                                            AT&T CORPORATION

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On April 8, 2008, I served the document entitled: *Unilateral Case Management Statement* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
961 Ygnacio Valley Blvd.
Walnut Creek, CA 94596

(check applicable paragraphs)

__X__ (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__ (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

__ (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__ (State) I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (Federal) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 8, 2008

Signature of Declarant