**Matlock Law Group,** A Professional Corporation
Anne Leith W. Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: 925-944-7131
Fax: 925-944-7138
E-mail: anne-leith@matlocklawgroup.com
Attorneys for Defendant/Counterclaimant,
DATAWAY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORPORATION<br>　　　　　Plaintiff,<br>v.<br>DATAWAY, INC.<br>　　　　　Defendant. | CASE NO. **C07-02440 EDL**<br><br>**UNILATERAL CASE MANGEMENT STATEMENT**<br>[F.R.C.P., Rule 16]<br>CMC DATE: April 15, 2008<br>Time: 10:00 a.m.<br>CTRM: E. 15th Floor |
| DATAWAY, INC.<br>　　　　　Counterclaimant,<br>v.<br>AT&T CORPORATION<br>　　　　　Counterdefendant. | |

Defendant/Counterclaimant Dataway, Inc. ("DATAWAY") has attempted to meet and confer regarding the filing of a Joint Case Management Statement, but Defendant/Counterclaimant is unable, despite reasonable efforts to obtain the cooperation of Plaintiff/

1

UNILATERAL CASE MANAGEMENT STATEMENT                    CASE NO. C07-02440 EDL

Counterdefendant in the preparation of the joint statement. Therefore, DATAWAY once again hereby submits its Unilateral Case Management Statement as follows:

## UNILATERAL CASE MANAGEMENT STATEMENT

1. Jurisdiction and Service

Plaintiff/Counterdefendant asserts that this Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §1331 and Title 47 U.S.C. §201 et seq. Both Plaintiff/Counterdefendant and Defendant/Counterclaimant agree that the Court has jurisdiction, that venue is proper, that service was sufficient, and that no parties remain to be served.

2. Facts

Plaintiff and Counterdefendant contends that it is entitled to recover $ 11,534,67 for calls placed through the telephone system owned and operated by DATAWAY to the AT&T Network (Legacy T) by dialing carrier access code 1010288. Plaintiff and Counterdefendant furthermore contends that DATAWAY disputes AT&T's claims and separately asserts counterclaims for Breach of Express Contract, Breach of Oral Contract, Fraudulent Inducement to Contract, Violations of the Telecommunication Act – "Slamming", and Intentional Interference with Contractual Relations.

Defendant/Counterclaimant contends that there are factual issues in dispute. Defendant/Counterclaimant entered into a contract consolidating all of DATAWAY'S business telecommunication services with SBC/AT&T. Substantial inducement to this agreement was a second contract which obliged SBC/AT&T to provide additional slamming protection as a means to prevent the switching of telecommunication services or providers. SBC/AT&T included this protection in accordance with 47 U.S.C § 258(a), its implementing F.C.C. Regulations and the Public Utilities Code section 2889.5, preventing telecommunication carriers from making unauthorized changes to subscribers' telephone service. Despite SBC/AT&T's knowledge of a

previously occurred pattern of illegal usage, AT&T reassured DATAWAY that its contracts will be continued by AT&T after it acquired SBC. DATAWAY built on Plaintiff/Counterdefendant's representations that DATAWAY would not be charged anything but its contractual rate, be charged only for the service it authorized, and that AT&T faithfully assumes SBC's business and obligations. On July 24, 2006 hackers accessed DATAWAY's voice mail system using AT&T's Legacy T network. Legacy T is a service DATAWAY never subscribed to, nor did DATAWAY authorize AT&T/SBC to establish any accounts or services on the Legacy T system. The calls were placed by unknown, unauthorized third persons. AT&T billed these calls to DATAWAY at a rate of $ 5.78 per minute. According to DATAWAY's contractual long distance plan, calls to the Philippines should cost $ 0.30 cents per minute. AT&T did allow a switching to a non-contractual rate, and created an account for DATAWAY without any authorization with the only argument that the routing number of the calls pointed to DATAWAY. Furthermore, on November 3, 2006, AT&T sent a Disconnect Notice to DATAWAY, threatening DATAWAY to disconnect its authorized account even though DATAWAY made payments for these accounts at all times. On September 20, 2006, DATAWAY contacted AT&T's local managers regarding the disputed calls and requested the removal of the disputed charges from its accounts. An oral agreement was reached in which AT&T represented to DATAWAY that AT&T would waive its charges for the fraudulent calls once DATAWAY formally disputed them. On November 10, 2006, DATAWAY submitted a written denial and sent a duly completed form to AT&T's Fraud Resolution Group with copies to AT&T. Even though the threatened disconnection was suspended and DATAWAY was, once again, reassured that AT&T would drop all charges, DATAWAY was notified in January 2007, that AT&T referred the dispute to an attorney for collection and would judicially enforce its alleged claims. Moreover, DATAWAY contacted four administrative authorities, the F.C.C, the C.P.U.C., U.C.A.N. and T.U.R.N. for assistance in resolving its dispute with AT&T, commenced informal proceedings which AT&T barred by its insufficient and fraudulent settlement offer.

3. Legal Issues

Plaintiff and Counterdefendant contends that DATAWAY is strictly liable for the charges. [AT&T Corp. v. Community Health Group, 931 F.Supp. 719, 723 (S.D.Cal. 1995); AT&T v. New York Human Resources Administration, 833 F.Supp. 962 (S.D.N.Y. 1993), AT&T v. Jiffy Lube Int'l Inc. (D.Md. 1993) 813 F.Supp. 1164, and AT&T v. Intrend Ropes & Twines Inc., 944 F.Supp. 701 (C.D.Ill. 1996).]

Defendant/Counterclaimant contends that this is an action for Breach of Contract brought by AT&T, that DATAWAY did not receive any services and is not strictly liable for the unauthorized calls as well as the unauthorized account. DATAWAY contends that it has the following affirmative Defenses: Third Party Conduct; Doctrine of Waiver; Failure to Mitigate; Doctrine of Unclean Hands; Unjust Enrichment; Failure to Exhaust Administrative Remedies; and the Doctrine of Usury. DATAWAY alleges that the application of state law is not preempted by federal law [Ting v. AT&T, 319 F.3d 1126, 1136-1137 (9th Cir. 2003)]. Moreover, the Communications Act would not govern the dispute at hand because DATAWAY is not seeking rate preferences not accorded to AT&T's other customers, or to enforce "side agreements" which vary from published tariffs but the rate it contracted for pursuant to the tariff. The right infringed upon is Plaintiff's right "…not to have AT&T as its […] service provider without his knowledge and against his wishes." [Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 102 (Cal. Ct. App. 2001)]. Further, DATAWAY alleges its counterclaim issues Breach of Express Contract [Qwest Communs. Corp. v. Herakles, 2008 U.S. Dist. LEXIS 22154, 18 (D. Cal. 2008)]; Breach of Oral Contract [W. Reserve Life Assur. Co. v. Bratton, 2007 U.S. Dist. LEXIS 46351 (D. Iowa 2007)]; Fraudulent Inducement to Contract [Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 102 (Cal. Ct. App. 2001), Modafferi v. General Instrument Corp., 1991 U.S. Dist. LEXIS 14098, 21 (D. Cal. 1991)]; Violation of 47 USC §258 Anti-Slamming [In re Best Payphones, Inc., 2007 Bankr. LEXIS 1677 (Bankr. D.N.Y. 2007), AT&T Corp. v. FCC, 323 F.3d 1081, 1082 (D.C. Cir.

UNILATERAL CASE MANAGEMENT STATEMENT        CASE NO. C07-02440 EDL

2003)] and Tortuous Interference with Contractual Relations [Bank of N.Y. v. Fremont General Corp., F.3d, 2008 WL 269458 (9th Cir. 2008)].

4. Motions:

Both AT&T and DATAWAY contend that they anticipate filing a motion for summary judgment. DATAWAY contends moreover that it is filing a motion to compel a response to DATAWAY's Request for Production served upon Plaintiff/Counterdefendant on January 17, 2008, in accordance with the Federal Rules of Civil Procedure and the Northern District Local Rules.

5. Amendment of Pleadings:

No Amendments are contemplated at this time.

6. Evidence Preservation:

No steps need to be taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures:

AT&T complied with the initial disclosure requirements of F.R.C.P. 26(a) on November 5, 2007.

DATAWAY complied with the initial disclosure requirements of F.R.C.P. 26(a) on October 31, 2007. Both AT&T and DATAWAY made supplemental disclosures on April 7, 2008 in accordance with F.R.C.P 26(a)(1), 26(e).

8. Discovery:

AT&T contends that it has served written discovery and has set depositions for 10 a.m.

1  and 1 p.m. on April 15, 2008.

2  DATAWAY contends that AT&T served deposition notices for April 11 and 14, 2008, and then requested by e-mail both depositions on April 15, 2008. DATAWAY has agreed to produce Mr. Molieri at 11 a.m. and Mr. Lewis at 1:30 p.m. AT&T failed to meet the local rules when it served its deposition notices by continuously refusing to meet and confer. DATAWAY contends further that it has served written production requests. AT&T has failed to respond to these requests as its "response" was not only submitted the day after same was due, but also did not meet the requirements of F.R.C.P. 37(a)(4) as it objected all fifteen requests by identical and general objections lacking any substance. Furthermore, DATAWAY will respond to Plaintiff/Counterdefendant's Request for Production of Documents requested by AT&T to be due on April 14, 2008. DATAWAY has set depositions for April 11 and 14, 2008.

9. <u>Class Actions</u>:

At this time there is no class action.

10. <u>Related Cases</u>:

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>:

The complaint seeks $11,534.67 together with prejudgment interest of $5.69 per day from September 25, 2006 using the rate of 18% per annum pursuant to AT&T Tariff F.C.C. No. 1 Section 2.5.4., plus costs of suit, including reasonable attorney's fees pursuant to AT&T's Tariff F.C.C. No. 1, Section 2.53(E).

DATAWAY seeks recovery for Breach of Express Contract, Breach of Oral Contract, Fraudulent Inducement to Contract, Violations of the Telecommunications Act – "Slamming",

and Intentional Interference with Contractual Relations. It will include its initial estimates of compensatory and punitive damages in its response to Plaintiff/Counterdefendant's Special Interrogatories requested by AT&T to be due on April 14, 2008. Defendant/Counterclaimant contends that whatever DATAWAY's damages are proven to be, it should be awarded treble damages, together with interest, costs, and attorney fees pursuant to 47 U.S.C. §258 . In the event Defendant/Counterclaimant is held liable, Plaintiff/Counterdefendant can only claim a sum computed on the basis on the contractually determined rate for Defendant/Counterclaimant's authorized account.

12. <u>Settlement and ADR</u>:

Both parties participated in ADR by way of mediation held January 25, 2008 which proved unsuccessful.

13. <u>Consent to magistrate Judge for All Purposes</u>:

The parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>:

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

This case cannot be narrowed by agreement or by motion. There are no suggestions to expedite the presentation of the evidence at trial (e.g., through summaries or stipulated facts), and no request is being made to bifurcate issues, claims, or defenses.

and no request is being made to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>:

This case cannot be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

Discovery deadline is April 15, 2008. Dispositive filing cutoff is June 10, 2008. Deadline for Expert Disclosure and dispositive motion hearing is July 15. 2008. Expert discovery cutoff is August 15, 2008. The pretrial conference shall be September 19, 2008.

18. <u>Trial</u>:

Trial will be held October 6, 2008.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Plaintiff/Counterdefendant has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiff/Counterdefendant restates in this Case Management Statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, as follows: AT&T Corporation, Plaintiff/Counterdefendant.

Defense has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Defendant/Counterclaimant restates in this Case Management Statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind

of interest that could be substantially affected by the outcome of the proceeding, as follows: DATAWAY, INC, Defendant/Counterclaimant.

20. <u>Other matters</u>:

No other matters exist which may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: April 8, 2008                    MATLOCK LAW GROUP, PC

                                        By: _____
                                        Anne-Leith Matlock, Esq.

                                        Attorneys for Defendant/
                                        Counterclaimant
                                        DATAWAY, INC.