1  Matlock Law Group, PC
   Anne Leith Matlock, SBN 244351
2  1485 Treat Blvd., Suite 200
   Walnut Creek, CA 94597
3  Office: 925-944-7131
4  Fax: 925-944-7138
   E-mail: anne-leith@matlocklawgroup.com
5
   Attorneys for Defendant,
6  Dataway, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  AT&T Corp.                              CASE NO. C07-02440 EDL

13                   PLAINTIFF,
                                            (SECOND AMENDED)
14            v.                            MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
15                                          DEFENDANT'S MOTION TO COMPEL
    Dataway, Inc.                           RESPONSE TO DEFENDANT'S
16                                          REQUEST FOR PRODUCTION OF
                                            DOCUMENTS
17                   DEFENDANT.

18                                          Date: May 20, 2008
                                            Time: 9:00 a.m.
19  Dataway, Inc.                           Courtroom: E

20                   COUNTERCLAIMANT

21            v.

22  AT&T Corp.

23                   COUNTERDEFENDANT

24

25

26

27

28
                                    1

1        Defendant/Counterplaintiff Dataway, Inc. (hereinafter "Dataway"), hereby submits its

2    Memorandum of Points and Authorities in Support of its Motion to Compel a response to

3    Dataway's Request for Production served upon Plaintiff on January 17, 2008, in accordance

4    with the Federal Rules of Civil Procedure and the Northern District Local Rules.

5        This began as a collection action in which Plaintiff AT&T alleges that Dataway

6    incurred certain expenses for telephone calls made using AT&T services, and alleges further

7    that Dataway has failed and refused to pay for said expenses. Dataway asserts that the expenses

8    alleged were the result of the unauthorized, intervening, criminal conduct of third-party

9    hackers from a remote location, and not made using the services contracted for by Dataway,

10   but charged to an account neither opened, maintained, nor authorized by Dataway.  Dataway

11   has counterclaimed against Plaintiff alleging various contract breaches, fraud and violation of

12   the "anti-slamming" law, 47 U.S.C. §258.  Despite its seemingly simplistic nature, it is

13   respectfully submitted that this case presents novel issues the resolution of which will establish

14   new precedent on the horizon of the legal landscape created by the rapidly changing

15   technology of our world.

16       Plaintiff asserts that four of the five counts of Dataway's Counterclaim are barred by

17   the "Filed Tariff Doctrine"; Dataway relies in large part on the case of AT&T v.Ting, 319 F.3d

18   1126 (9th Cir. 2003), to support its contention that FCC intended that state law remedies in the

19   newly-detariffed telecommunications marketplace is an essential part of protection for

20   consumers, including small businesses, especially in countering abuses by large

21   telecommunications companies.

22       On or about January 17, 2008, Dataway served a Request for Production of Documents

23   upon Plaintiff pursuant to FRCP 34. While an argument might be made that some of the 15

24   requests are broader than others, it is respectfully submitted that the requests were made in

25   compliance with the requirements of the Rule, that is: they describe with reasonable

26   particularity each item or category of items to be inspected; they specify a reasonable time,

27

28

Matlock
Law
Group,
PC.

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL    CASE NO. C07-02440 EDL

1    place, and manner for the inspection and for performing the related acts; they specify the form

2    or forms in which electronically stored information is to be produced.

3    　　　Plaintiff's "response" to the Request for Production was received by email on the day

4    after same was due. (See Declaration of Anne-Leith Matlock, Esq.; attached). As can be seen

5    from even a cursory review of the Plaintiff's "response" to the Request for Production,

6    Plaintiff's answer to each and every request, all fifteen of them, is identical. Consequently, and

7    in the interests of conserving judicial and natural resources, after setting forth in full Plaintiff's

8    initial response, Defendant has referred back to the first response for each subsequent response:

9    **REQUEST FOR PRODUCTION NO. 1**

10    　　　All documents, electronic data, and electronic data, and electronic media concerning

11    the Defendant including, but not limited to, any and all contracts, bills or interoffice

12    correspondence, for any and all accounts during the relevant period.

13    **RESPONSE TO PRODUCTION NO. 1**

14    　　　Objection. Responding Party objects on the grounds that this discovery request seeks

15    information that constitutes confidential attorney-client communication. Responding Party

16    further objects on the grounds that this discovery request seeks information which is irrelevant

17    to the subject matter of this action and which does not appear reasonably calculated to lead to

18    the discovery of admissible evidence. Responding Party further objects on the grounds that his

19    discovery request seeks information which is protected attorney work product. Responding

20    Party further objects on the grounds that this discovery request is unduly burdensome or

21    expensive, taking into account the needs of the case, the amount in controversy, and the

22    importance of the issues at stake in the litigation. Responding Party further objects on the

23    grounds that this discovery request is unreasonably cumulative or duplicative, or the

24    information sought is obtainable from some other source that is more convenient, less

25    burdensome, or less expensive. Responding Party further objects on the grounds that this

26    discovery request seeks information relating to protected confidential, proprietary or trade

27

28

1  secret matter. Responding Party further objects on the grounds that this discovery request is

2  overbroad, vague, ambiguous and unintelligible as to time and place.

3  **LOCAL RULE 37-2 STATEMENT**

4       The documents requested are relevant to Defendant's defense of the collection action as

5  well as to Defendant's Counterclaim for breach of express contract, breach of oral contract,

6  fraudulent inducement to contract, slamming, and tortious interference with contractual

7  relations; the request is reasonably calculated to lead to the discovery of admissible evidence;

8  the documents requested are not unreasonably cumulative or duplicative, and, inasmuch as

9  they are documents generated and/or received by the Plaintiff with respect to this very

10  Defendant, cannot be obtained from some other source that is more convenient, less

11  burdensome or less expensive. Plaintiff has not identified by name, category or description any

12  document in the Plaintiff's possession that is subject to non-production because of privilege, or

13  for any other reason as provided in Federal Rules of Civil Procedure, nor has Plaintiff specified

14  its objection to any part of an item or category and allowed production as to the rest.

15  **REQUEST FOR PRODUCTION NO. 2**

16       All communications between you and the Defendant during the relevant period.

17  **RESPONSE TO PRODUCTION REQUEST NO. 2**

18       See Plaintiff's Response to Production Request No. 1.

19  **LOCAL RULE 37-2 STATEMENT**

20       See Local Rule 37-2 Statement set forth in full above.

21  **REQUEST FOR PRODUCTION NO. 3**

22       All communication between you and any person or entity concerning the Defendant

23  during the relevant period.

24

25

26

27

28

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL                    CASE NO. C07-02440 EDL

1    **RESPONSE TO PRODUCTION REQUEST NO. 3**

2        See Plaintiff's Response to Production Request No. 1.

3    **LOCAL RULE 37-2 STATEMENT**

4        See Local Rule 37-2 Statement set forth in full above.

5    **REQUEST FOR PRODUCTION NO. 4**

6        All documents, electronic data, and electronic media concerning Defendant's complaint

7    to you regarding bills received by Defendant.

8    **RESPONSE TO PRODUCTION REQUEST NO. 4**

9        See Plaintiff's Response to Production Request No. 1.

10   **LOCAL RULE 37-2 STATEMENT**

11       See Local Rule 37-2 Statement set forth in full above.

12   **REQUEST FOR PRODUCTION NO. 5**

13       All communications between you and the Defendant concerning the fraud complaint

14   filed with you by Defendant.

15   **RESPONSE TO PRODUCTION REQUEST NO. 5**

16       See Plaintiff's Response to Production Request No. 1.

17   **LOCAL RULE 37-2 STATEMENT**

18       See Local Rule 37-2 Statement set forth in full above.

19   **REQUEST FOR PRODUCTION NO. 6**

20       All communications between you and any person or entity concerning the fraud

21   complaint filed with you by defendant.

22   **RESPONSE TO PRODUCTION REQUEST NO. 6**

23       See Plaintiff's Response to Production Request No. 1.

24   **LOCAL RULE 37-2 STATEMENT**

25       See Local Rule 37-2 Statement set forth in full above.

26

27

28

Matlock
Law
Group,
PC.

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL                     CASE NO. C07-02440 EDL

1    **REQUEST FOR PRODUCTION NO. 7**

2       All documents, electronic data, and electronic media reflecting, establishing or

3   concerning the relationship between Aires Law Firm and the Bethune & Associates as it relates

4   to Defendant and the AT & T accounts assigned to Defendant.

5    **RESPONSE TO PRODUCTION REQUEST NO. 7**

6       See Plaintiff's Response to Production Request No. 1.

7    **LOCAL RULE 37-2 STATEMENT**

8       See Local Rule 37-2 Statement set forth in full above.

9    **REQUEST FOR PRODUCTION NO. 8**

10      All communications between and among the Aires Law Firm and any person employed

11   by or associated with Bethune & Associates as it relates to Defendant.

12    **RESPONSE TO PRODUCTION REQUEST NO. 8**

13      See Plaintiff's Response to Production Request No. 1.

14    **LOCAL RULE 37-2 STATEMENT**

15      See Local Rule 37-2 Statement set forth in full above.

16    **REQUEST FOR PRODUCTION NO. 9**

17      All documents, electronic data, and electronic media concerning the investigation of

18   Defendant's fraud complaint with the F.C.C., C.P.U.C and/or any division or office of Plaintiff.

19    **RESPONSE TO PRODUCTION REQUEST NO. 9**

20      See Plaintiff's Response to Production Request No. 1.

21    **LOCAL RULE 37-2 STATEMENT**

22      See Local Rule 37-2 Statement set forth in full above.

23    **REQUEST FOR PRODUCTION NO. 10**

24      All communications between and among Plaintiff and any person or entity, including

25   governmental entities referred to above, concerning the fraud complaint filed by Defendant.

26

27

28

Matlock Law Group, PC.

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL          CASE NO. C07-02440 EDL

1   **RESPONSE TO PRODUCTION REQUEST NO. 10**

2       See Plaintiff's Response to Production Request No. 1.

3   **LOCAL RULE 37-2 STATEMENT**

4       See Local Rule 37-2 Statement set forth in full above.

5   **REQUEST FOR PRODUCTION NO.11**

6       All documents, electronic data, and electronic media containing, reflecting or

7   concerning AT & T's policies, procedures and protocol for resolving fraud complaints filed by

8   AT & T customers.

9   **RESPONSE TO PRODUCTION REQUEST NO. 11**

10       See Plaintiff's Response to Production Request No. 1.

11   **LOCAL RULE 37-2 STATEMENT**

12       See Local Rule 37-2 Statement set forth in full above.

13   **REQUEST FOR PRODUCTION NO. 12**

14       All recordings of telephonic communication between you and the Defendant, its agents

15   and employees during the relevant period concerning its account, its fraud complaint, or any

16   other matter relevant to this litigation.

17   **RESPONSE TO PRODUCTION REQUEST NO. 12**

18       See Plaintiff's Response to Production Request No. 1.

19   **LOCAL RULE 37-2 STATEMENT**

20       See Local Rule 37-2 Statement set forth in full above.

21   **REQUEST FOR PRODUCTION NO. 13**

22       All DOCUMENTS, ELECTRONIC DATA, and ELECTRONIC DATA, and

23   ELECTRONIC MEDIA, notes, memoranda, correspondence, e-mails and other documents

24   regarding Defendant or the instant litigation, including, without limitation, documents

25   generated during the course of any conversation or meeting.

26

27

28

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL         CASE NO. C07-02440 EDL

**RESPONSE TO PRODUCTION REQUEST NO. 13**

See Plaintiff's Response to Production Request No. 1.

**LOCAL RULE 37-2 STATEMENT**

See Local Rule 37-2 Statement set forth in full above.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS, ELECTRONIC DATA, and ELECTRONIC MEDIA of any nature or kind relating to Plaintiff's cause of action or any defense asserted or alleged by Defendant.

**RESPONSE TO PRODUCTION REQUEST NO. 14**

See Plaintiff's Response to Production Request No. 1.

**LOCAL RULE 37-2 STATEMENT**

See Local Rule 37-2 Statement set forth in full above.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS, ELECTRONIC DATA, and ELECTRONIC MEDIA to be used for trial for impeachment or other purposes.

**RESPONSE TO PRODUCTION REQUEST NO. 15**

See Plaintiff's Response to Production Request No. 1.

**LOCAL RULE 37-2 STATEMENT**

See Local Rule 37-2 Statement set forth in full above.

Not a single document or piece of information of any kind was produced, nor was any specific objection made to any item requested. A call placed to Plaintiff's attorney's office in an effort to meet and confer to obtain the requested documents was countered not with a good faith effort to resolve the discovery dispute, but with an email staunchly defending the initial evasive response. A second and third call to Plaintiff's attorney went unanswered. (See Declaration of Anne-Leith Matlock; attached).

It is respectfully submitted that this is simply not a good faith attempt at responding to a Request for Production, and is so lacking in substance and meaning as to constitute a non-

1  response. Rule 34 provides that for each item or category requested, the response must either

2  state that inspection and related activities will be permitted as requested or state an objection to

3  the request, including the reasons. If an objection is made, the objection to part of a request

4  must specify the part and permit inspection of the rest. This was clearly not done. F.R.C.P. 37

5  (a)(4) states that for purposes of a motion to compel, an evasive or incomplete disclosure,

6  answer, or response must be treated as a failure to disclose, answer, or respond.

7          F.R.C.P. 37 provides further that where a party fails to respond as required under R 34,

8  a motion to compel and for sanctions may be brought. Moreover, F.R.C.P. 37(a) (2) clearly

9  states that a failure described in Rule 37(d)(1)(A) is not excused on the ground that the

10  discovery sought was objectionable, unless the party failing to act has a pending motion for a

11  protective order under Rule 26(c). Upon reasonable investigation, Dataway has not discovered

12  any such motion for protective order pending.  Dataway therefore respectfully requests an

13  Order compelling Plaintiff to respond, and imposing sanctions upon Plaintiff for its intentional

14  failure to conduct discovery in good faith.

15          Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

16      (i)      directing that the matters embraced in the order or other designated facts be
17              taken as established for purposes of the action, as the prevailing party claims;

18      (ii)     prohibiting the disobedient party from supporting or opposing designated claims
19              or defenses, or from introducing designated matters in evidence;

20      (iii)    Striking pleadings in whole or in part;

21      (iv)     staying further proceedings until the order is obeyed;

22      (v)      dismissing the action or proceeding in whole or in part;

23      (vi)     rendering a default judgment against the disobedient party; or

24      (vii)    treating as contempt of court the failure to obey any order except an order to
25              submit to a physical or mental examination

26

27

28

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL                   CASE NO. C07-02440 EDL

Matlock
Law
Group,
PC.

1  Instead of or in addition to these sanctions, the court must require the party failing to act, the

2  attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

3  caused by the failure, unless the failure was substantially justified or other circumstances make

4  an award of expenses unjust. F.R.C.P. 37(5)(A). It is respectfully submitted that an award of

5  this kind under these circumstances is completely just, and in fact, is precisely the sort of

6  situation contemplated by Rule 37.

7

8      In light of the foregoing, Defendant/Counterclaimant Dataway, Inc., respectfully

9  requests that an Order be entered compelling Plaintiff to fully and completely respond to

10 Dataway's Request for Production, and for sanctions including attorney's fees and costs.

11

12 Dated: April 22, 2008                    MATLOCK LAW GROUP

13

14                                 By: _____

15

16                                      Anne-Leith Matlock, Esq.
                                        Attorneys for Defendant/
17                                      Counterclaimant Dataway, Inc.

18

19

20

21

22

23

24

25

26

27

28

Matlock
Law
Group,
PC.

DATAWAY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL                    CASE NO. C07-02440 EDL