1  Matlock Law Group, PC
   Anne Leith Matlock, SBN 244351
2  1485 Treat Blvd., Suite 200
3  Walnut Creek, CA 94597
   Office: 925-944-7131
4  Fax: 925-944-7138
   E-mail: anne-leith@matlocklawgroup.com
5
   Attorneys for Defendant,
6  Dataway, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  AT&T Corp.                          | CASE NO. C07-02440 EDL
13              PLAINTIFF,              |
                                        | DECLARATION OF ANNE-LEITH
14          v.                          | MATLOCK IN SUPPORT OF
                                        | DEFENDANT'S MOTION TO COMPEL
15  Dataway, Inc.                       | RESPONSE TO DEFENDANT'S
                                        | REQUEST FOR PRODUCTION OF
16                                      | DOCUMENTS
17              DEFENDANT.              |
                                        | Date: May 20, 2008
18                                      | Time: 9:00 a.m.
                                        | Courtroom: E
19  Dataway, Inc.
20              COUNTERCLAIMANT
21          v.
22  AT&T Corp.
23              COUNTERDEFENDANT
24
25
26          I, ANNE-LEITH MATLOCK, declare:
27
28                                      1

1. I am an attorney at law licensed to practice before all Courts of the State of California and before the Courts of the Eastern and Northern District of California. I am a partner of the law firm Matlock Law Group, attorneys of record for Defendant and Counter-Claimant Dataway, Inc. (hereinafter "Dataway").

2. Defendant's Request for Production was served upon Plaintiff's counsel on January 17, 2008. I received the "Responses" in my email on February 20th, three days after same were due according to F.R.C.P. 34(b).

3. Following my review of the Plaintiff's response to the RPD, I immediately called Plaintiff's attorney to meet and confer as to whether Plaintiff would be providing any more specific answers. Mr. Aires was not in the office, and his office assistant declined to take a message, but advised me that I would have to call again the following Monday (February 25th) when Mr. Aires would be back. I proceeded to ask Mr. Aires to return my call by no later than Monday and if possible sooner due to the urgent nature of the matter. I then received a "confirming" email from Mr. Aires' assistant, which misstated the substance of our telephone conversation, so I sent a return email summarizing what I believed more accurately reflected the conversation. (attached as Exhibit "A").

4. On Monday the 25th, I did not receive a call from Mr. Aires, but instead received an email in which he defended his response and set forth his legal analysis of why his response was adequate, as well as what proper meet and confer procedure requires. This email is the most recent in the email thread attached, and referred to above.

5. Rather than respond to Mr. Aires' email, in a concerted effort to actually meet and confer, I made a call to Mr. Aires' office on Monday, February 25th. Mr. Aires was not available, so I left a voice mail message advising that I had received his email and asked him to call me so that we could actually meet and confer. I have not received a return call as of the writing of this Declaration.

DECLARATION OF ANNE-LEITH MATLOCK IN
SUPPORT OF MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION    Case No. C07-02440 – EDL

6. My first meet and confer letter (attached as Exhibit "B") sent to Mr. Aires, dated February 29, 2008 was to further reiterate my phone conversation with Mr. Aires' assistant, and Mr. Aires' unwillingness to properly meet and confer.

7. The second meet and confer letter (attached as Exhibit "C") sent to Mr. Aires, dated March 27, 2008 was an attempt to clarify my phone conversation with Mr. Aires' assistant, my first meet and confer letter, and inform Mr. Aires that we would be forced to make a motion to compel their Responses to our Request for Production of Documents Set One if no response were received by March 31, 2008.

8. A detailed voicemail message and back-up email were left at Mr. Aires' office on April 3, 2008 in a tiresome attempt to meet and confer after having received a string of disturbing emails beginning Saturday March, 29, 2008. (emails attached as Exhibit "D")

9. As a result of the Plaintiff's failure to respond to Dataway's Request for Production, Matlock Law Group has had to devote considerable time and expense to attempt to obtain the requested documents and information, and to bring the instant motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. I could and would competently testify thereto, if called upon as a witness.

This Declaration is executed this 10th day of April, 2008, at Walnut Creek, California.

*[signature]*

Anne-Leith Matlock, Esq.
Attorney for Dataway, Inc.

DECLARATION OF ANNE-LEITH MATLOCK IN
SUPPORT OF MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION          Case No. C07-02440 – EDL

# EXHIBIT A

**From:** Timothy Carl Aires
**To:** anne-leith@matlocklawgroup.com
**Cc:** Griswold Victoria, Zucker Laura, MLG, Chase Hayford, Bethune, Gary, Santangelo, Michael
**Date:** Monday, February 25, 2008 10:44am
**Subject:** ATT v. Dataway

---

Dear Ms. Matlock -

Thank you for your e-mail. Your attempt to meet and confer with a non-lawyer in my employ obviously does not satisfy the requirements of F.R.C.P., Rule 37(a). [Robinson v. Potter (8th Cir. 2006) 453 F.3d 990, 995 (Motion to compel properly denied where moving party did not show lawyer had attempted to confer in good faith to resolve discovery dispute before filing motion.); Soto v. City of Concord (ND CA 1995) 162 F.R.D. 603, 623 (Moving party must attempt to have a real exchange of ideas and opinions.); Tri-Star Pictures, Inc. v. Unger (SD NY 1997) 171 F.R.D. 94, 99 (Movant must detail efforts to confer and explain why they proved useless.); Hoelzel v. First Select Corp. (D CO 2003) 214 F.R.D. 634, 636 (Single e-mail message not a meaningful meet and confer.)]

I have properly interposed objections which I believe are meritorious. The burden now rests with you to demonstrate an absence of merit to the objections and then independently to demonstrate good cause for the production of the items sought by a showing that actual and substantial prejudice will flow from the denial of discovery. [In re Sulfuric Acid Antitrust Litig. (ND IL 2005) 231 F.R.D. 331, 333; see Packman v. Chicago Tribune Co. (7th Cir. 2001) 267 F.3d 628, 647.] You need to address such factors as timeliness, good cause, utility and materiality. [CSC Holdings, Inc. v. Redisi (7th Cir. 2002) 309 F.3d 988, 992.] Further, given that a party need not provide discovery of electronically-stored information "from sources that the party identifies as not reasonably accessible because of undue burden or cost" [FRCP Rule 26(b)(2)(B)], you will need to address the issues of undue burden and cost in light of the overbreadth of your requests.

Once you have provided me with your written analysis as to each production request, I will respond accordingly.

- Timothy Carl Aires

> ----- Original Message -----
> **From:** Anne-Leith Matlock
> **To:** Chase Hayford
> **Cc:** 'Timothy Carl Aires' ; Griswold Victoria ; Zucker Laura ; MLG
> **Sent:** Thursday, February 21, 2008 9:45 AM
> **Subject:** RE: ATT vs. Dataway
>
> Chase,
> To more completely summarize our conversation. Tim is going to call me on Monday when he returns to the office to discuss the completely non-responsive RPD you sent.
>
>
> -----Original Message-----
> **From:** Chase Hayford <chayford@arlawyers.com>
> **Sent:** Wednesday, February 20, 2008 1:13pm
> **To:** anne-leith@matlocklawgroup.com
> **Cc:** 'Timothy Carl Aires' <tca@arlawyers.com>
> **Subject:** ATT vs. Dataway
>
> Just to summarize our conversation, Tim will be back in town on Monday, February 25th, 2009. He will be happy to speak with you then if you wish to meet and confer regarding your client's Inspection Demands.
>
> Regards,
>
> **Chase Hayford**
> **Aires Law Firm**
> 180 Newport Center Drive, Suite 260
> Newport Beach, CA 92660
> 949/ 718-2020

EXHIBIT B


Matlock Law Group, PC

Sent via: First Class U.S. Mail                February 29, 2008

Timothy Aires
Aires Law Firm
180 Newport Center Drive, Suite 260
Newport Beach, CA 92660

  Re: MEET AND CONFER LETTER
    AT&T v. Dataway
    **Case No. C07-02440EDL**

Dear Mr. Aires:

  Consider this your first formal meet and confer letter regarding your apparent refusal to meet and confer by phone, as well as your tardy and grossly insufficient Response to my clients Request for Production of Documents.

  I would like to reiterate what I wrote your assistant in the email I sent on February 20, 2008 clarifying both my phone conversation of that date with your assistant and several additional e-mails. My legal assistant and I called your office the morning we received your tardy, unresponsive reply asking for you. We were informed that you were out of the office until the following week. I requested that he please contact you if at all possible so that you and I could meet and confer regarding my belief that your tardy document was very unresponsive. I in no way attempted to confer with a "non-lawyer" as you accused me of in your e-mail. I have still not received requested return phone calls from you so that a "meaningful meet and confer" on this issue can take place. Further, you claimed in your terse e-mail of February 25, 2008, instead of returning my call to meet and confer as requested, that you implied having claimed the protection from electronically-stored information pursuant to the FRCP § 26(b)(2)(B) in your tardy, empty Response to our Request for Documents. However, you made no mention of identifying a single document or indentifying any source that you "deemed as not reasonably accessible" as required by this Rule in your Response.

  Of course I am not proposing to make such a motion until after a full 30 days from your terse non-responsive, threatening e-mail that you sent rather than calling to meet and confer on February 25, 2008. Thus, I look forward to your phone call so that we may meaningfully discuss a resolution to this issue.

                        Regards,

                        Anne-Leith Matlock,
                        Matlock Law Group, PC
                        Attorney for Dataway
                        Defendant and Counterclaiment

1485 Treat Blvd., Suite 200                       50 California St., Suite 1500
Walnut Creek, CA 94597    matlocklawgroup@sbcglobal.net    San Francisco, CA 94111
925.944.7131 p • 925.944.7138 f    www.matlocklawgroup.com        415.277.5499 p

# EXHIBIT C


Matlock Law Group, PC

**Sent via: Electronic Transmittal, Facsimile, and First Class U.S. Mail**

March 27, 2008

Timothy Aires
Aires Law Firm
180 Newport Center Drive, Suite 260
Newport Beach, CA 92660

    Re:  SECOND FORMAL MEET AND CONFER LETTER
         AT&T v. Dataway
         **Case No. C07-02440EDL**

Dear Mr. Aires:

I would like to reiterate that I wrote you on February 29, 2008 clarifying both my phone conversation of February 20, 2008 with your assistant and several additional e-mails. Further, informing you that you had failed to claim the protection from electronically-stored information pursuant to the FRCP § 26(b)(2)(B).

Therefore, unless you have formally served an amended Reply that appropriately identifies what you are objecting to, with a privilege log, as well as what you are claiming to object to and produce specific to each of our numbered RPD by March 31, 2008 I will be forced to make a motion to compel your Responses to Dataway's Request for Production of Documents Set One. It seems unlikely that after I have made e-mail, written attempts and phone messages to meet and confer on this matter that your failure to meet and confer with us will rise to the level of "failed to confer in good faith".

Further, we have not received required updates to FRCP Rule 26(e)(1) to "supplement and/or correct all previously made disclosures and discovery responses 28 days before fact discovery cutoff date" per the Case Management and Pretrial Order for Jury Trial 2(d) (document 78 in the above captioned case). Finally, no privilege logs have been produced as required by the Case Management and Pretrial Order 2(g) and pursuant to the FRCP § 26(b)(5). As of yesterday Thursday March 27, 2008 I have not heard from you at all. Further, I find it disingenuous after refusing to respond or return requests to meet and confer that you would serve discovery requests on my client expecting appropriate, timely discovery responses. This type of lack of cooperation only wastes the courts and parties' time and resources.

Regards,

*/s/ Anne-Leith Matlock*

Anne-Leith Matlock, Esq.
Matlock Law Group, PC
Attorney for Dataway
Defendant and Counterclaiment

ALM/ej

1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
925.944.7131 p • 925.944.7138 f

matlocklawgroup@sbcglobal.net
www.matlocklawgroup.com

50 California St., Suite 1500
San Francisco, CA 94111
415.277.5499 p

EXHIBIT D

## Victoria Griswold

**From:** Timothy Carl Aires [tca@arlawyers.com]
**Sent:** Friday, March 28, 2008 2:45 PM
**To:** Victoria Griswold
**Cc:** matlocklawgroup@sbcglobal.net; Anne-Leith Matlock; Chase Hayford; Bethune, Gary; Santangelo, Michael; Bowersox, Gregory
**Subject:** Re: Meet and Confer

See my prior e-mail.

- Timothy Carl Aires

----- Original Message -----
**From:** Victoria Griswold
**To:** tca@arlawyers.com
**Cc:** matlocklawgroup@sbcglobal.net ; Anne-Leith Matlock
**Sent:** Friday, March 28, 2008 2:36 PM
**Subject:** Meet and Confer

Re: AT&T v Dataway, Case No. C07-02440EDL

Please find attached the following documents:

Second Meet and Confer Letter
Correspondence Re: First Meet and Confer Letter
First Meet and Confer Letter
Certificate of Service

*Victoria X. Griswold* | Matlock Law Group, PC
1485 Treat Blvd., Suite 200 | Walnut Creek , CA 94597
vgriswold@matlocklawgroup.com | 925.944.7131 (p) | 925.944.7138 (f)
50 California, Suite 1500 | San Francisco , CA 94111
matlocklawgroup@sbcglobal.net | 415.277.5499(p)

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information, including information protected by the attorney-client and/or attorney work product privileges. Any use, disclosure or distribution by anyone other than the intended recipient(s) is prohibited. If you are not an intended recipient, please contact the sender by reply and destroy all copies of the original message contents.Transmission and receipt times for any electronic communications to and from Matlock Law Group are determined by the timestamps on the respective servers responsible for transmitting and storing said communications, subject to any necessary conversions to the Pacific timezone, where Matlock Law Group is located. Thank you.

## Victoria Griswold

**From:** Timothy Carl Aires [tca@arlawyers.com]
**Sent:** Monday, March 31, 2008 8:53 AM
**To:** anne-leith@matlocklawgroup.com
**Cc:** Griswold Victoria; Zucker Laura; MLG; Chase Hayford; Bethune, Gary; Santangelo, Michael
**Subject:** ATT v. Dataway

By the way, in reviewing your fax of 3/28, I noted the presence of a proof of service relative to copies of the letters you allegedly sent on 2/29 and 3/27 (which we know weren't sent on those dates). Its presence struck me as odd since yours is the only law firm I have ever encountered which prepares proofs of service for correspondence between counsel. And if that is your office procedure (albeit unusual to say the least), why aren't there proofs of service attached to the 2/29 and 3/27 letters reflecting "service" on those dates?

- Timothy Carl Aires

## Victoria Griswold

**From:** Timothy Carl Aires [tca@arlawyers.com]
**Sent:** Monday, March 31, 2008 9:07 AM
**To:** anne-leith@matlocklawgroup.com
**Cc:** Griswold Victoria; Zucker Laura; MLG; Chase Hayford; Bethune, Gary; Santangelo, Michael
**Subject:** ATT v. Dataway

Before you take this litigation to a place you do not want to go, do you want me to go to my client and see if they'll still do a "walk-away"?

- Timothy Carl Aires