1    <u>DECLARATION OF TIMOTHY CARL AIRES</u>

2

3    I, TIMOTHY CARL AIRES, hereby declare and state as follows:

4

5        1.    The following facts are of my own personal, first-hand knowledge, and if

6    called and sworn to testify thereto, I could and would competently do so.

7

8        2.    I am an attorney at law, duly licensed to practice before all courts of the State

9    of California as well as this Court and am a member of the Aires Law Firm, counsel for

10   Plaintiff and Counterdefendant AT&T Corporation.

11

12       3.    Bethune & Associates is an Arizona law firm with whom I am working in

13   connection with this action. Bethune & Associates provides legal services to Plaintiff and

14   Counterdefendant AT&T Corporation.

15

16       4.    The moving papers, after all of the court-ordered deletions, and the moving

17   party's amendments and corrections, were not served until April 22, 2008 – less than 35 days

18   prior to the hearing. The motion is not timely.

19

20       5.    The moving papers do not include copies of the requests and responses as

21   exhibits. As such, the dispute cannot be properly analyzed.

22

23       6.    There is a suggestion in the moving papers that the responses were not initially

24   timely served. The suggestion is false. The requests were served by mail on January 17,

25   2008. Responses, a true and correct copy of which is attached hereto as Exhibit "A", were

26   served by mail on February 19, 2008. February 16, 2008 was a Saturday. February 17, 2008

27   was a Sunday. February 18, 2008 was a federal holiday. The responses were timely served

28   under F.R.C.P., Rules 5 and 6.

7. All relevant documents, which are not privileged or otherwise protected, have been produced in connection with a Rule 26(a) disclosure and a Rule 26(e) supplemental disclosure.

8. The moving papers do not include a number of e-mails sent by me in furtherance of "meet and confer" efforts. On February 25, 2008, I wrote by e-mail, a true and correct copy of which is attached hereto as Exhibit "B", and advised defense counsel as to the appropriate protocol for "meeting and conferring". Defense counsel never substantively replied to this "meet and confer" effort. Defense counsel claims that a letter was mailed on February 29, 2008. The letter was not received until late March, 2008. The letter dated February 29, 2008 was not faxed or e-mailed which has been the norm in this case. In any event, the letter dated February 29, 2008 does not substantively address any of the discovery issues in dispute. I never heard from defense counsel by telephone, letter, fax or e-mail between February 25, 2008 and March 28, 2008. On March 31, 2008, I inquired by e-mail, a true and correct copy of which is attached hereto as Exhibit "C", as to whether defense counsel intended to respond substantively on the discovery dispute. Defense counsel never substantively replied to this "meet and confer" effort. On April 1, 2008, I laid out in an e-mail, a true and correct copy of which is attached hereto as Exhibit "D", why the production requests were properly objectionable. Defense counsel never substantively replied to this "meet and confer" effort. In short, defense counsel's portrayal of the "meet and confer" record is entirely misleading.

9. On this record, an award of attorney's fees and expenses against Dataway Inc. and Anne-Leith Matlock, jointly and severally, in the sum of $5,500.00 is warranted as the pending motion should never have been presented. I have been licensed to practice law in the State of California since 1988. I am admitted to practice before this Court. I have never been subject to disciplinary action. Since 1989, my practice area has been trustee and creditor representation in bankruptcy matters, as well as commercial collection, asset

recovery and enforcement of judgments. I have authored published articles on these topics. I have also lectured on these topics for the Continuing Education of the Bar, the Orange County Bar Association, and Chapman University School of Law. My reported decisions include <u>Mannaa v. Zahabi</u> (2008) ___ Cal.App.4th ___, <u>In re Turner</u> (N.D. Cal. Bkrptcy 2006) 335 B.R. 140, <u>Turner v. Cook</u> (9th Cir. 2004) 362 F.3d 1219, <u>Annod v. Hamilton & Samuels</u> (2002) 100 Cal.App.4th 1286, and <u>Anchor Marine Repair Co. v. Magnan</u> (2001) 93 Cal.App.4th 525. Effective January 1, 2008, my hourly rate is $400.00. My hourly rate is justified by the following factors: (1) My hourly fee has been consistently in proportion to the value of the services I perform; (2) The level of my sophistication has steadily increased with my age and experience; (3) I deal with novel and difficult legal questions and have increasingly acquired the skill requisite to perform legal services properly; (4) I generally work on a contingent fee basis and rarely accept hourly engagements since my acceptance of matters at an hourly rate precludes me from accepting other employment on a more lucrative contingency fee basis; (5) I deal with large amounts in controversy, thereby exposing myself to greater malpractice risk given the litigious climate in California, and have continually obtained positive results for my clients; (6) My experience, reputation, and ability have continued to improve over the course of my legal career. The time incurred in opposing the pending motion is as follows:

| Date | Description | Hours/Amount |
|---|---|---|
| 2/25/08 | Prepare e-mail | 0.3 |
| 3/31/08 | Prepare e-mail | 0.3 |
| 4/1/08 | Prepare e-mail | 1.4 |
| 5/5/08 | Prepare opposition to motion | 3.0 |
| 5/6/08 | Prepare opposition to motion | 1.0 |
| 5/20/08 | Anticipated appearance at hearing | 7.0 |
| 5/20/08 | Anticipated travel expenses | $300 |

///

10.     On April 28, 2008, we reviewed the local rules to determine the filing deadline for this opposition. We determined that the filing deadline was 14 days prior to the hearing. On May 6, 2008, we reviewed the local rules to determine the page limit for the opposition. At that time, we discovered that we had previously examined the Central District of California local rules when seeking to determine the filing deadline. I request relief under F.R.C.P., Rule 60(b).

11.     I have a scheduling conflict on May 20, 2008. Prior to the setting of the date selected by defense counsel on April 11, 2008, I calendar four motions for hearing in the Los Angeles County Superior Court in the matter of Homer v. Abramson, Case No. BS032882. I request that the hearing on this motion be continued to a future date.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 6th day of May, 2008, in Newport Beach, California.

_____
TIMOTHY CARL AIRES

OPPOSITION TO MOTION FOR ORDER COMPELLING FURTHER RESPONSES

4