**Timothy Carl Aires**

| | |
|---|---|
| From: | "Timothy Carl Aires" <tca@arlawyers.com> |
| To: | <anne-leith@matlocklawgroup.com> |
| Cc: | "Chase Hayford" <chayford@arlawyers.com>; "Bethune, Gary" <gbethune@bethunelaw.com>; "Santangelo, Michael" <msantangelo@bethunelaw.com>; "Bowersox, Gregory" <gbowersox@bethunelaw.com> |
| Sent: | Tuesday, February 19, 2008 7:14 PM |
| Attach: | ResponseID1.pdf |
| Subject: | AT&T v. Dataway |

E-MAIL SERVICE OF:

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS, OR ENTERING ONTO LAND, FOR INSPECTION AND OTHER PURPOSES

EXHIBIT A

4/29/2008

Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DATAWAY INC. and dba DATAWAY DESIGNS,<br><br>　　　　Defendants.<br>_____<br>AND RELATED COUNTERCLAIM. | Case No. C07-02440 MMC<br><br>RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS, OR ENTERING ONTO LAND, FOR INSPECTION AND OTHER PURPOSES<br><br>[F.R.C.P., Rule 34] |

TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

PROPOUNDING PARTY: DATAWAY INC. and dba DATAWAY DESIGNS

RESPONDING PARTY:　AT&T CORPORATION

SET NO.　　　　　　ONE

　　　Plaintiff and Counterdefendant AT&T Corporation, by and through its counsel of record, hereby submits its Responses to Requests of Defendant and Counterclaimant Dataway Inc. and dba Dataway Designs for Production of Documents, Electronically Stored Information and Tangible Things, or Entering onto Land, for Inspection and Other Purposes, as follows:

///

EXHIBIT A

## PRELIMINARY STATEMENT

Responding Party is continuing its discovery efforts in this action. The information provided in this response represents material which has been obtained by Responding Party at this time through a diligent search of its records and a reasonable inquiry made to knowledgeable persons in order to locate documents responsive to the categories contained in the production requests. It is possible, however, that as discovery proceeds in this action, additional documents will be discovered. Therefore, Responding Party expressly reserves the right to supplement its response to the production requests if, and when, additional responsive documents are located.

Responding Party reserves any and all objections to the admissibility at trial of any document produced or identified in this response. The supplying of any information or identification does not constitute an admission by Responding Party that such information or document is relevant to the pending litigation. Accordingly, Responding Party reserves its right to object to further inquiries with respect to the subject matter of each document produced.

Responding Party objects to the place of the inspection and copying. Unless otherwise agreed in writing by Responding Party, the originals of any documents, tangible things, land or other property which are responsive to any particular and which are in the possession, custody or control of Responding Party, shall be produced as copies and in the manner in which they are kept in the usual course of business or be organized and labeled to correspond with the categories in the production requests.

///
///
///
///

EXHIBIT A

## RESPONSES

**RESPONSE TO PRODUCTION REQUEST NO. 1:**

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

**RESPONSE TO PRODUCTION REQUEST NO. 2:**

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in

EXHIBIT A

1  controversy, and the importance of the issues at stake in the litigation. Responding Party
2  further objects on the grounds that this discovery request is unreasonably cumulative or
3  duplicative, or the information sought is obtainable from some other source that is more
4  convenient, less burdensome, or less expensive. Responding Party further objects on the
5  grounds that this discovery request seeks information relating to protected confidential,
6  proprietary or trade secret matter. Responding Party further objects on the grounds that this
7  discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 3:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 4:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding

EXHIBIT A

Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 5:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential,

EXHIBIT A

proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 6:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 7:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is

EXHIBIT A

unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 8:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

///
///
///

EXHIBIT A

RESPONSE TO PRODUCTION REQUEST NO. 9:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 10:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or

EXHIBIT A

duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 11:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 12:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated

EXHIBIT A

to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

RESPONSE TO PRODUCTION REQUEST NO. 13:

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

EXHIBIT A

**RESPONSE TO PRODUCTION REQUEST NO. 14:**

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or duplicative, or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that this discovery request seeks information relating to protected confidential, proprietary or trade secret matter. Responding Party further objects on the grounds that this discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

**RESPONSE TO PRODUCTION REQUEST NO. 15:**

Objection. Responding Party objects on the grounds that this discovery request seeks information which constitutes confidential attorney-client communications. Responding Party further objects on the grounds that this discovery request seeks information that is irrelevant to the subject matter of this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that this discovery request seeks information which is protected attorney work product. Responding Party further objects on the grounds that this discovery request is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. Responding Party further objects on the grounds that this discovery request is unreasonably cumulative or

EXHIBIT A

1  duplicative, or the information sought is obtainable from some other source that is more
2  convenient, less burdensome, or less expensive. Responding Party further objects on the
3  grounds that this discovery request seeks information relating to protected confidential,
4  proprietary or trade secret matter. Responding Party further objects on the grounds that this
5  discovery request is overbroad, vague, ambiguous and unintelligible as to time and place.

7  DATED: February 19, 2008     AIRES LAW FIRM

            By: *[signature]*
            Timothy Carl Aires, Esq.
            Attorney for Plaintiff,
            AT&T CORPORATION

EXHIBIT A

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On February 19, 2008, I served the document entitled: *Responses to Requests for Production of Documents, Electronically Stored Information and Tangible Things, or Entering onto Land, for Inspection and Other Purposes* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
1485 Treat Boulevard, Suite 200
Walnut Creek, CA 94597

(check applicable paragraphs)

__X__  (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__  (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

__  (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__  (State) I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__  (Federal)  I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 19, 2008  _____
                                Signature of Declarant

EXHIBIT A