## Timothy Carl Aires

| | |
|---|---|
| From: | "Timothy Carl Aires" <tca@arlawyers.com> |
| To: | <anne-leith@matlocklawgroup.com> |
| Cc: | "Griswold Victoria" <vgriswold@matlocklawgroup.com>; "Zucker Laura" <lauraz@matlocklawgroup.com>; "MLG" <matlocklawgroup@sbcglobal.net>; "Chase Hayford" <chayford@arlawyers.com>; "Bethune, Gary" <gbethune@bethunelaw.com>; "Santangelo, Michael" <msantangelo@bethunelaw.com> |
| Sent: | Tuesday, April 01, 2008 11:58 AM |
| Subject: | ATT v. Dataway |

Greetings!

Your silence is deafening ... as an admission.

Notwithstanding your failure and refusal to adequately "meet and confer" on your production requests, so that you have the benefit of my additional analysis and avoid unnecessary law and motion practice, I will address the defects in your production requests in seriatum.

No. 1: Notwithstanding its overbreadth due to the definition of "relevant time period", and its obvious attempt to get attorney client communications and attorney work product, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

No. 2: Notwithstanding its overbreadth due to the definition of "relevant time period", this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Another problem is that, by their very nature, your client already has all of these items. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are relevant to prove a claim or defense or why you cannot get these items from your client.

No. 3: Notwithstanding its overbreadth due to the definition of "relevant time period", its obvious attempt to get attorney client communications and attorney work product, and its failure to limit the breadth of the recipient of the "communication" so as to be intelligible, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)

EXHIBIT

4/29/2008

(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

No. 4: Notwithstanding its overbreadth due to the absence of any temporal or spatial limitation, its obvious attempt to get attorney client communications and attorney work product, and its failure to limit the breadth of the recipient of the "communication" so as to be intelligible, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

No. 5: Notwithstanding its overbreadth due to the absence of any temporal or spatial limitation, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Another problem is that, by their very nature, your client already has all of these items. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are relevant to prove a claim or defense or why you cannot get these items from your client.

No. 6: Notwithstanding its overbreadth due to the absence of any temporal or spatial limitation, its obvious attempt to get attorney client communications and attorney work product, and its failure to limit the breadth of the recipient of the "communication" so as to be intelligible, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

EXHIBIT D

4/29/2008

No. 7: It is morally repugnant that you would specifically ask at a litigant for items you know to be protected by the attorney client privilege and the attorney work product doctrine. What were you doing -- hoping the objections would be waived? Further analysis is not required.

No. 8: It is morally repugnant that you would specifically ask at a litigant for items you know to be protected by the attorney client privilege and the attorney work product doctrine. What were you doing -- hoping the objections would be waived? Further analysis is not required.

No. 9: It is morally repugnant that you would specifically ask at a litigant for items you know to be protected by the attorney client privilege and the attorney work product doctrine. What were you doing -- hoping the objections would be waived? Further analysis is not required.

No. 10: Notwithstanding its overbreadth due to the absence of any temporal or spatial limitation, its obvious attempt to get attorney client communications and attorney work product, and its failure to limit the breadth of the recipient of the "communication" so as to be intelligible, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

No. 11: Notwithstanding its overbreadth due to the absence of any temporal or spatial limitation, its obvious attempt to get attorney client communications and attorney work product, and its failure to limit the breadth of the recipient of the "communication" so as to be intelligible, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

No. 12: Notwithstanding its overbreadth due to the definition of "relevant time period", and its failure to limit the breadth of the recipient of the "communication" so as to be intelligible, this request cannot possibly lead to the discovery of any admissible evidence in light of AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." [F.R.C.P., Rule 26(b)(1).] In addition, "for good cause," (which by the way you have not shown) the court may permit discovery of information "relevant to the subject matter involved in the action." [F.R.C.P., Rule 26(b)(1).] Although F.R.C.P., Rule 26(b)(1) does "not specifically explain the difference in scope between discovery relevant to 'claims and defenses' in the litigation, and discovery relevant to the 'subject matter,' it is clear that the former is intended to be narrower than the later, and that the broader discovery is only to be allowed for 'good cause.'" [Thompson v. Department of Housing & Urban Develop. (D MD 2001) 199 F.R.D. 168, 171; Sanyo Laser Products, Inc. v. Arista Records, Inc. (SD IN 2003) 214 F.R.D. 496, 498.] You have the burden of demonstrating "a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." [Vardon Golf Co., Inc. v. BBMG Golf Ltd. (ND IL 1994) 156 F.R.D. 641, 651.] You have not satisfied the requirement of explaining to me how the items you seek are not privileged and are relevant to prove a claim or defense.

EXHIBIT D

4/29/2008

No. 13: It is morally repugnant that you would specifically ask at a litigant for items you know to be protected by the attorney client privilege and the attorney work product doctrine. What were you doing -- hoping the objections would be waived? Further analysis is not required.

No. 14: The only relevant item is the bill under AT & T Corp. v. Community Health Group (S.D.Cal. 1995) 931 F. Supp. 719. Why isn't this attorney work product doctrine? The "work product" doctrine protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews. [F.R.C.P., Rule 26(b)(3); see Hickman v. Taylor (1947) 329 U.S. 495, 511.] What were you doing -- hoping the objection would be waived? Further analysis is not required.

No. 15. This is attorney work product. What were you doing -- hoping the objection would be waived? Further analysis is not required.

I hope you find my detailed analysis helpful. I look forward to your reply, if any.

- Timothy Carl Aires

----- Original Message -----
**From:** Timothy Carl Aires
**To:** anne-leith@matlocklawgroup.com
**Cc:** Griswold Victoria ; Zucker Laura ; MLG ; Chase Hayford ; Bethune, Gary ; Santangelo, Michael
**Sent:** Monday, February 25, 2008 11:44 AM
**Subject:** ATT v. Dataway

Dear Ms. Matlock -

Thank you for your e-mail. Your attempt to meet and confer with a non-lawyer in my employ obviously does not satisfy the requirements of F.R.C.P., Rule 37(a). [Robinson v. Potter (8th Cir. 2006) 453 F.3d 990, 995 (Motion to compel properly denied where moving party did not show lawyer had attempted to confer in good faith to resolve discovery dispute before filing motion.); Soto v. City of Concord (ND CA 1995) 162 F.R.D. 603, 623 (Moving party must attempt to have a real exchange of ideas and opinions.); Tri-Star Pictures, Inc. v. Unger (SD NY 1997) 171 F.R.D. 94, 99 (Movant must detail efforts to confer and explain why they proved useless.); Hoelzel v. First Select Corp. (D CO 2003) 214 F.R.D. 634, 636 (Single e-mail message not a meaningful meet and confer.).]

I have properly interposed objections which I believe are meritorious. The burden now rests with you to demonstrate an absence of merit to the objections and then independently to demonstrate good cause for the production of the items sought by a showing that actual and substantial prejudice will flow from the denial of discovery. [In re Sulfuric Acid Antitrust Litig. (ND IL 2005) 231 F.R.D. 331, 333; see Packman v. Chicago Tribune Co. (7th Cir. 2001) 267 F.3d 628, 647.] You need to address such factors as timeliness, good cause, utility and materiality. [CSC Holdings, Inc. v. Redisi (7th Cir. 2002) 309 F.3d 988, 992.] Further, given that a party need not provide discovery of electronically-stored information "from sources that the party identifies as not reasonably accessible because of undue burden or cost" [FRCP Rule 26(b)(2)(B)], you will need to address the issues of undue burden and cost in light of the overbreadth of your requests.

Once you have provided me with your written analysis as to each production request, I will respond accordingly.

- Timothy Carl Aires

----- Original Message -----
**From:** Anne-Leith Matlock
**To:** Chase Hayford
**Cc:** 'Timothy Carl Aires' ; Griswold Victoria ; Zucker Laura ; MLG
**Sent:** Thursday, February 21, 2008 9:45 AM
**Subject:** RE: ATT vs. Dataway

Chase,

EXHIBIT D

4/29/2008

To more completely summarize our conversation. Tim is going to call me on Monday when he returns to the office to discuss the completely non-responsive RPD you sent.


-----Original Message-----
From: Chase Hayford <chayford@arlawyers.com>
Sent: Wednesday, February 20, 2008 1:13pm
To: anne-leith@matlocklawgroup.com
Cc: 'Timothy Carl Aires' <tca@arlawyers.com>
Subject: ATT vs. Dataway

Just to summarize our conversation, Tim will be back in town on Monday, February 25th, 2009. He will be happy to speak with you then if you wish to meet and confer regarding your client's Inspection Demands.

Regards,

**Chase Hayford**
**Aires Law Firm**
180 Newport Center Drive, Suite 260
Newport Beach, CA  92660
949/ 718-2020
949/ 718-2021 (fax)

This e-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. It contains information from Aires Law Firm, which may be privileged, confidential and/or exempt from disclosure under applicable law. Dissemination or copying of this by anyone other than the addressee or the addressee's agent is strictly prohibited. If this electronic transmission is received in error, please notify Aires Law Firm immediately at (949) 718-2020. Thank you.


Anne-Leith Matlock | Matlock Law Group, PC
1485 Treat Blvd., Suite 200 | Walnut Creek , CA 94597
anne-leith@matlocklawgroup.com | 925.944.7131 (p) | 925.944.7138 (f)
50 California, Suite 1500 | San Francisco , CA 94111
matlocklawgroup@sbcglobal.net | 415.277.5499(p)

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information, including information protected by the attorney-client and/or attorney work product privileges. Any use, disclosure or distribution by anyone other than the intended recipient(s) is prohibited. If you are not an intended recipient, please contact the sender by reply and destroy all copies of the original message contents. Thank you.

EXHIBIT D

4/29/2008