**Matlock Law Group,** A Professional Corporation
Anne Leith W. Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: 925-944-7131
Fax: 925-944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant,
Dataway, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>    PLAINTIFF,<br><br>    v.<br><br>Dataway, Inc.<br><br>    DEFENDANT. | **CASE NO. C07-02440 EDL**<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDAN'TS MOTION TO COMPEL RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Dataway, Inc.<br><br>    COUNTERCLAIMANT<br><br>    v.<br><br>AT&T Corp.<br><br>    COUNTERDEFENDANT | **Date: May 20, 2008**<br>**Time: 9:00 am**<br>**Courtroom: E** |

Defendant/Counterplaintiff Dataway, Inc. (hereinafter "Dataway"), hereby submits this Reply Memorandum in Support of its Motion to Compel a response to Dataway's Request for Production served upon Plaintiff on January 17, 2008, in accordance with the California Rules of Court and the Code of Civil Procedure.

I. INTRODUCTION

This is a collection action in which Plaintiff AT&T alleges that Dataway incurred certain expenses for telephone calls made using AT&T services and alleges further that Dataway has failed and refused to pay for said expenses. Dataway asserts that the expenses alleged were the result of the unauthorized, intervening, criminal conduct of third-party hackers from a remote location, and not made using the services contracted for by Dataway, but charged to an account neither opened, maintained, nor authorized by Dataway. Dataway has counterclaimed against Plaintiff alleging various contract breaches, fraud and violation of the "anti-slamming" law, 47 U.S.C. § 258.

On or about January 17, 2008, Dataway served a Request for Production of Documents upon Plaintiff pursuant to F.R.C.P. § 34. Plaintiff's response to the Request was an identical repetition of a list of objections to each and every Request, without the production of a single document or item of information, or a specific objection to any request or any part of any request. It is Defendant's contention that Plaintiff's response is so lacking in substance as to constitute no response at all.

F.R.C.P. § 34 provides that for each item or category requested, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. If an objection is made, the objection to part of a request must specify the part and permit inspection of the rest. If plaintiff has a valid objection to providing any of the information requested, its attorneys must state with specificity the basis for the objection, the description of the information or documents with respect to which inspection is denied, and nevertheless

permit inspection of the rest. Plaintiff did not do this in the slightest, but merely set forth a slew of non-specific objections and failed to provide any information at all.

It should be noted that the first 13 pages of Plaintiff's 18-page opposition memorandum contain argument about the substantive merits of the complaint and the counterclaims, which, on the instant Motion to Compel, are not particularly relevant or illuminating. It appears to be Plaintiff's position that it will not produce any discovery other than that for its case-in-chief because it believes that the counterclaims have no merit. Plaintiff has already had the opportunity to have the Court hear its Motion to Dismiss the Defendant's counterclaims; that motion was denied, hence Dataway is entitled to conduct discovery with respect to those claims regardless of Plaintiff's opinions of their validity.

The last 5 pages of the memorandum set forth, with some greater specificity than before, and with reference to individual requests, three objections: one based on attorney-client privilege and work product, one for overbreadth, and one based upon an assertion that "This request cannot possibly lead to the discovery of any admissible evidence." Again, Plaintiff has not identified any document in its possession that is subject to non-production because of a legitimate privilege, nor has it set forth a description of documents being produced and documents being withheld. In fact, the only documents that Plaintiff mentions at all are "the invoices which the defense already has in its possession."

A "party asserting a privilege must make a prima facie showing that the privilege protects the information it intends to withhold," and a privilege log is one way (if not the only way short of *in camera* review) to do this. Caliper Techs. Corp. v. Molecular Devices Corp., 213 F.R.D. 555 (N.D. Cal. 2003), citing In re Imperial Corp. of America, 174 F.R.D. 475, 477-78 (S.D.Cal. 1997) (citing In re Grand Jury Investigation, 974 F.2d 1068 (9th Cir. 1992). The pertinent rules require that a party withholding

relevant documents requested by its adversary identify the withheld documents and the basis for withholding them, and that he do so with sufficient specificity to permit the adversary to determine whether it wishes to challenge the privilege claim in court. Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document. *See, e.g.*, United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). Plaintiff has provided nothing of the sort.

Plaintiff has asserted the attorney-client privilege as a basis for its non-production. The attorney-client privilege protects: "(1) communications (2) made in confidence (3) by the client (4) in the course of seeking legal advice (5) from a lawyer in his capacity as such, and applies only (6) when invoked by the client and (7) not waived." United States v. Abrahams, 905 F.2d 1276, 1283 (9th Cir. 1990). The burden of demonstrating the existence of the attorney-client privilege clearly rests on the party asserting the privilege. Id. at 1283. "This privilege is to be strictly construed." United States v. Plache, 913 F.2d 1375, 1379 (9th Cir. 1990). To properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. United States v. Osborn, 561 F.2d 1334, 1339 (9th Cir. 1977). Objections made in such a general and blanket manner, as those by Plaintiff, are improper and therefore "no claim of privilege at all." International Paper Co. v. Fireboard Corp., 63 F.R.D. 88, 94 (D. Del. 1974).

The following list of items has generally been held as sufficient to sustain the burden of asserting the attorney-client privilege: 1. the date of document; 2. the author; 3. the primary addressee; 4. any secondary addressee(s); persons copied and recipient (and the relationship of that person(s) to the client and/or author of the document); 5. the type of document (e.g., internal memo, letter with enclosures, draft

affidavit, etc.); 6. the client (i.e., party asserting privilege); 7. the attorneys; 8. the subject matter of document or privileged communication; 9. the purpose of the document or privileged communication (i.e., legal claim for privilege); and 10. whether the document or communication is work product or attorney-client privilege.

Again Plaintiff has provided no such list.

Next, Plaintiff asserts that the definition of "the relevant period" in the Request for Production renders each request which contains a reference to "the relevant period" objectionable for overbreadth. The definition of "the relevant period" is the period of time beginning with the date that Defendant consolidated its telephone services with Plaintiff, AT&T/SBC, December 1, 2003, to present, a total of less than 4 ½ years. This is not a "fishing" expedition: the request for information is clearly predicated on obtaining information about events that occurred during the limited period of the business relationship between the parties. The requests tailor their scope to specific conversations, events, or subjects. They are reasonably calculated to *obtain* admissible evidence, and therefore are certainly reasonably calculated to lead to the discovery thereof.

Defendant does not ask Plaintiff to divulge privileged information or to breach a confidential or protectible relationship; Defendant does not seek anything more than that to which it is entitled under the rules governing discovery. Pursuant to F.R.C.P § 26(b) (1), Dataway is entitled to obtain discovery regarding any matter, not privileged, that is **_relevant to the claim or defense of any party_**. This rule is construed very broadly, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1987). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. Id., at 351, 98 S.Ct. at 2389. This would certainly include the counterclaims.

Finally, F.R.C.P § 37(a)(4)(A) would require Plaintiff, as the party whose conduct necessitated the motion (or the party or attorney advising such conduct or both of them) to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. Plaintiff's evasive and incomplete response to the Request for Production is, for the purposes of the rule, treated as a failure to respond, and so entitles Dataway to the costs incurred in making this motion to compel.

In light of the foregoing, it is respectfully requested that Defendant's Motion to Compel be granted, and that pursuant to F.R.C.P. § 37(a)(4)(A), Plaintiff be ordered to pay Defendant for the expenses incurred in making this motion.

Dated: May 9, 2008

MATLOCK LAW GROUP
Attorneys for Defendant/Counterplaintiff
DATAWAY, INC.

By: _____

Anne-Leith Matlock, Esq.