IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT&T CORP,

    Plaintiff,

  v.

DATAWAY INC,

    Defendant.
                                  /

No. C-07-02440 (EDL)

**ORDER GRANTING MOTION TO COMPEL**

Dataway, Inc. filed a motion to compel AT&T Corporation to respond to its requests for production of documents, which came on for hearing on May 20, 2008. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS the motion for the reasons stated at the hearing and for the following reasons.

AT&T filed a complaint pursuant to 47 U.S.C. § 203 of the Federal Communications Act, 47 U.S.C. 201, et seq. AT&T claims that Dataway owes it payment for telecommunication calls and related services. Dataway asserted the following counterclaims: (1) breach of express contract; (2) breach of oral contract; (3) fraudulent inducement to contract; (4) "Violation of the Telecommunications Act - Slamming" for violations of 42 U.S.C. § 258(a); and (5) tortious interference with contractual relations. Both parties filed motions to dismiss, which the Court denied. The Court denied AT&T's motion without prejudice, because the parties did not address the ramifications of the de-tariffed telecommunications marketplace in its motion, see Ting v. AT&T, 39 F.3d 1126 (9th Cir. 2003), but the Court noted that it would reconsider those issues in future dispositive motions.

1  Dataway now moves to compel responses to its fifteen requests for production. To each of
2 these requests, AT&T objected with form objections citing attorney-client privilege, relevance, work
3 product, burdensomeness, vagueness, and overbreadth, among other things. While AT&T
4 previously produced some documents pursuant to its disclosure obligations, it did not produce any
5 documents, nor make any more specific objections to this set of document requests. Nor did AT&T
6 produce a privilege log. In its opposition, AT&T argued that "good cause" did not exist to warrant
7 discovery, arguing essentially that Dataway's case has no merit.

8  As noted at the hearing, AT&T's opposition raised case dispositive arguments that are
9 inappropriate for an opposition to a motion to compel. As the Court also previously noted at the
10 case management conference, if AT&T believed that an additional, earlier round of dispositive
11 motions would have helped move the case along in an efficient manner, it should have brought this
12 to the Court's attention at an earlier date. As it stands, discovery is proceeding as to the merits of
13 this case, and the parties are preparing to file motions for summary judgment. Because the requested
14 discovery is relevant to the current claims in this case, Dataway's motion is granted.

15  The Court is concerned that the parties are not litigating this case in a manner that will secure
16 the "just , speedy, and inexpensive determination" of the matter, in the spirit of Federal Rule of Civil
17 Procedure 1. Counsel have acknowledged at the prior case management conference that their
18 difficult relationship has prevented effective communication in this case. In litigating this motion,
19 counsel for AT&T failed to meet and confer with Dataway's counsel over the telephone or in person
20 as required by the local rules. The Court is perfectly willing to resolve dispositive motions and
21 judge a trial in this case and is certainly not suggesting that settlement is necessarily the proper
22 resolution, but is concerned that counsel and the parties are having disproportionate difficulty
23 litigating this case, especially given the small amount in dispute.

24  AT&T shall produce the requested records no later than May 27, 2008. AT&T need not
25 produce documents it has already produced pursuant to its initial and supplemental disclosures. The
26 Court recognizes that many of the requested records may be privileged and/or protected by the work
27 product doctrine, and AT&T must produce a privilege log for documents it withholds on that basis,
28 as required by this Court's standing order and the Federal Rules of Civil Procedure. AT&T may log

privileged documents by category if appropriate.

As the parties agreed at the hearing, the summary judgment hearing date deadlines shall be extended to August 5, 2008. The parties shall file their motions for summary judgment no later than July 1, 2008.

**IT IS SO ORDERED.**

Dated: May 21, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

3