Matlock Law Group, PC
Anne Leith Matlock, K Brian Matlock
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: (925) 944-7131
Fax: (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant/Counterplaintiff,
Dataway, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>　　　　PLAINTIFF,<br><br>　　v.<br><br>Dataway, Inc.<br><br>　　　　DEFENDANT.<br><br>Dataway, Inc.<br><br>　　　　COUNTERCLAIMANT<br><br>　　v.<br><br>AT&T Corp.<br><br>　　　　COUNTERDEFENDANT | **CASE NO. C07-02440 EDL**<br><br>**DATAWAY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS**<br><br>**Date: August 12, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: E** |

Defendant/Counterplaintiff Dataway, Inc. (hereinafter "Dataway" or "Defendant"), hereby submits its Memorandum of Points and Authorities in Support of its Motion for

1  Sanctions for failure to comply with the Court's Order, dated May 21, 2008, following
2  Dataway's Motion to Compel Hearing to Dataway's Request for Production served upon
3  Plaintiff on January 17, 2008, in accordance with the Federal Rules of Civil Procedure and the
4  Northern District Local Rules.

## STATEMENT OF FACTS

6  This began as a collection action in which Plaintiff AT&T alleges that Dataway incurred
7  certain expenses for telephone calls made using AT&T services, and alleges further that Dataway
8  has failed and refused to pay for said expenses. Dataway asserts that the expenses alleged were
9  the result of the unauthorized, intervening, criminal conduct of third-party hackers from a remote
10 location, and not made using the services contracted for by Dataway, but charged to an account
11 neither opened, maintained, or authorized by Dataway. Dataway has counterclaimed against
12 Plaintiff alleging various contract breaches, fraud and violation of the "anti-slamming" law, 47
13 U.S.C. §258. Despite its seemingly simplistic nature, it is respectfully submitted that this case
14 presents novel issues the resolution of which will establish new precedent on the horizon of the
15 legal landscape created by the rapidly changing technology of our world.

16 Plaintiff asserts that four of the five counts of Dataway's Counterclaim are barred by the
17 "Filed Tariff Doctrine"; Dataway relies in large part on the case of AT&T v.Ting, 319 F.3d 1126
18 (9th Cir. 2003), to support its contention that FCC intended that state law remedies in the newly-
19 detariffed telecommunications marketplace is an essential part of protection for consumers,
20 including small businesses, especially in countering abuses by large telecommunications
21 companies and that claims of fraud are not preempted by the "Filed Rate Doctrine."

## ARGUMENTS

23 On or about January 17, 2008, Dataway served a Request for Production of Documents
24 upon Plaintiff pursuant to FRCP 34. Following Plaintiff's response, Dataway brought a motion
25 to compel, which motion was granted on May 21, 2008. The Order called for production of the
26 requested documents, stating:

> "AT&T shall produce the requested records no later than May 27, 2008.
> AT&T need not produce documents it has already produced pursuant to its

initial and supplemental disclosures. The Court recognizes that many of the requested records may be privileged and/or protected by the work product doctrine, and AT&T must produce a privilege log for documents it withholds on that basis, as required by this Court's standing order and the Federal Rules of Civil Procedure. AT&T may log privileged documents by category if appropriate."

Plaintiff "responded to the Court's Order on or about May 27, 2008, by producing one single document, albeit a very large one, which appears to be a manual of some sort that Dataway's counsel received on May 28, 2008. This document has no cover or title page, and an incomplete, hidden table of contents, so Dataway cannot determine either what exactly was produced, or whether, if it is one of the requested documents, all relevant portions of the manual have been provided.

Plaintiff also produced a document described as a privilege log, but the log provided does not comply in any way with either the Court's standing order or the rules governing the production of privilege logs. A copy of same has been attached to the Declaration of Anne-Leith Matlock, Esq., which accompanies this motion. As can be seen from even a cursory review of the privilege log, no specific description of any document, or category of document has been set forth therein. It merely states "various" when asked to describe the author, the capacity of the author, the date that the document was prepared; the log seems to be separated and organized by objection rather than by document. Dataway is not able to identify a single document that has been withheld for an asserted privilege because Plaintiff has not identified any.

With the exception of responses to Requests 7, 8 and 12, (which each state uniformly that AT&T is not in possession of any responsive documents), each request for production is met with a general and vague response. The responses uniformly refer to the "…objections stated in the accompanying privilege log…" and the entirety of documents Bates Stamp Nos. ATT1 through ATT 169 and ATT170 through ATT 470. No response identifies any pertinent documents or states objections justifying the withholding of these documents.

The Court's Standing Order with respect to privilege logs sets forth the procedure for creating a log, and according to that Order, the party claiming privilege must set forth "the

privilege relied upon… **specifying separately for each document or for each category of identically situated documents**" the information relevant to that particular document, that is, **name and description of the author, the date, title or description of the document, the subject matter addressed in the document, etc**. Plaintiff has not provided any such information.

It is respectfully submitted that again Plaintiff has not made a good faith attempt at responding to Dataway's Request for Production, and that the response again is so lacking in substance and meaning as to constitute a non-response. F.R.C.P. 37 provides that where a party fails to comply with a Court Order for discovery, a motion for sanctions may be brought. Moreover, F.R.C.P. 37(a) (2) clearly states that a failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). Again, upon reasonable investigation, Dataway has not discovered any such motion for protective order pending. Dataway therefore respectfully requests an Order imposing sanctions upon Plaintiff for its intentional failure to conduct discovery in good faith.

Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    Striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part;

    (vi)    rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination

Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. F.R.C.P. 37(5)(A). It is respectfully submitted that an award of this kind under these circumstances is completely just, and in fact, is precisely the sort of situation contemplated by Rule 37.

## CONCLUSION

In light of the foregoing, Defendant/Counterclaimant Dataway, Inc., respectfully requests that an Order be entered:

    a.    Sanctions in the amount of $ 4,925.00 as determined in ¶ 6 of the Declaration of Anne-Leith W. Matlock shall be imposed on Plaintiff and Counterdefendant AT&T;

    b.    Defendant and Counterplaintiff's allegations in its Counterclaim and Answer that Plaintiff failed to respond to shall be deemed as admitted pursuant to F.R.C.P. 8(b)(6) and all defenses that Plaintiff and Counterdefendant could have raised shall be deemed as waived;

    c.    Plaintiff shall produce the required documents and/or an adequate privilege log satisfying procedural rules, in particular identifying the documents withheld and the parties involved by August 5th, 2008.

    d.    Until the order is obeyed, proceedings shall be stayed and Dataway's dispositive filing deadline, currently set for July 1, 2008, shall be postponed to August 19, 2008.

Dated: July 8, 2008

MATLOCK LAW GROUP

By: _____

Anne-Leith Matlock, Esq.
Attorneys for Defendant/
Counterclaimant Dataway, Inc.