1  Matlock Law Group, PC
2  Anne Leith Matlock, K. Brian Matlock
   1485 Treat Blvd., Suite 200
3  Walnut Creek, CA 94597
   Office: (925) 944-7131
4  Fax: (925) 944-7138
   E-mail: anne-leith@matlocklawgroup.com
5
   Attorneys for Defendant/Counterplaintiff,
6  DATAWAY, INC.

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  AT&T Corp.                          CASE NO. C07-02440 EDL

13              PLAINTIFF,
                                        DECLARATION OF ANNE-LEITH
14         v.                           MATLOCK IN SUPPORT OF
                                        DEFENDANT'S MOTION FOR
15                                      SANCTIONS
    Dataway, Inc.
16                                      Date: August 12, 2008
                                        Time: 9:00 a.m.
17              DEFENDANT.              Courtroom: E

18

19  Dataway, Inc.

20              COUNTERCLAIMANT

21         v.

22  AT&T Corp.

23              COUNTERDEFENDANT

24

25

26

27  //

28  //

1    I, ANNE-LEITH MATLOCK, declare:

2    1.    I am an attorney at law licensed to practice before all Courts of the State

3    of California and before the Courts of the Eastern and Northern District of California.

4    I am a partner of the law firm Matlock Law Group, P.C., attorneys of record for Defendant and

5    Counter-Claimant Dataway, Inc. (hereinafter "Dataway" or "Defendant").

6    2.    On or about January 17, 2008, I filed a Motion to Compel Production of

7    Documents, which was granted on May 21, 2008. The Court's Order for Discovery required

8    Plaintiff to provide the requested documents, or to provide a privilege log indicating which

9    documents had been withheld.

10    3.    Plaintiff's Counsel Mr. Aires, Esq., responded to the Court Order with a

11    document entitled "Further Responses to Request for Production" that stated generic, vague

12    and uniform objections of two types, either denying the AT&T was in possession of the

13    requested documents or objecting and referring to the attached privileged log, the previously

14    produced, though initial and subsequent F.R.C.P. § 26 disclosures, Bates Stamped Nos. AT&T

15    1 through 169 and the new large, unidentified document Bates Stamped Nos. 170 through 470.

16    The privileged log does not comply with any requirements imposed by F.R.C.P. 26(b)(5) and

17    Honorable Judge Laporte's Standing Order, the old documents produced were deemed

18    insufficient in the Court's last order and the new document lacks both title or identification

19    page and a andequate table of contents, does not indicate what it is responsive to, what was

20    actually produced, and if all relevant portions have been provided.

21    4.    Following my review of Plaintiff's document and the privilege log, I tried to meet

22    and confer with Mr. Aires in the morning of June 17th, and left a message informing him that I

23    would be out of the office for the next 45min to 1.5 hrs. Nevertheless, he returned my call

24    about 20min later and complained that I was not in the office. After my return I called Mr.

25    Aires again at around 2:30 p.m. but this call remained unanswered as well. At around 3:30 p.m.

26    the same day, Opposing Counsel returned my call and Mr. Aires and I tried to resolve the

27    issues. My efforts were without success.

28

5.    In the phone conference, Mr. Aires vehemently argued for 45 min that the word "categorize" in the Court's Civil Minutes ( 1.29 p.2), filed January 15, 2008, meant that he could state objections for unidentified categories labeled "various" including unidentified documents. Upon my disagreement Mr. Aires continuously protested that I was wrong and unjustified in saying that the order refers only to the possibility of grouping identically situated documents and objecting to this group with a common objection.

6.    I believe that Mr. Aires' continued failure to provide meaningful discovery and to cooperate in the management of this case has significantly hindered Defendant's ability to prepare this matter for settlement or trial, and has absolutely significantly increased costs and fees incurred by Defendant. For this reason, Defendant asks the Court to sanction Plaintiff's attorney.

7.    The attorney fees and/or other costs and expenses that occurred due to my work that Mr. Aires' non-responsive productions directly caused equal an amount of $ 4,925.00 and are itemized as follows:

      a.    9.5 hours for preparing, arguing and conferring regarding my motion to compel and accompanying documents;

      b.    5.5 hours for preparing, arguing and conferring regarding my motion for sanctions and accompanying documents,

      c.    4.0 hours for preparing, arguing and conferring regarding my motion to change time and accompanying documents

      d.    Multiplied with my attorney-fee hourly rate of $ 250.00 this equals  $ 4,750.00.

      e.    For certified mail / copying the motion papers ($ 25.00 each), providing courtesy copies to the court and serving the motions ($ 50 each) I incurred costs and expenses in an amount of $ 175.00.

8.    Therefore, I respectfully request that the following sanctions should be imposed on Plaintiff AT&T and its counsel Mr. Aires:

a.  Sanctions in the amount determined in ¶ 6 of this declaration shall be imposed on Plaintiff;

b.  Defendant and Counterplaintiff's allegations in its Counterclaim and Answer that Plaintiff failed to respond to shall be deemed as admitted pursuant to F.R.C.P. 8(b)(6) and all defenses that Plaintiff and Counterdefendant could have raised shall be deemed as waived;

c.  Plaintiff shall produce the required documents and/or an adequate privilege log satisfying procedural rules, in particular identifying the documents withheld and the parties involved by August 5th, 2008.

d.  Until the order is obeyed, proceedings shall be stayed and Dataway's dispositive filing deadline, currently set for July 1, 2008, shall be postponed to August 19, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. I could and would competently testify thereto, if called upon as a witness.

This Declaration is executed this eighth day of June, 2008, at Walnut Creek, California.

Anne-Leith Matlock, Esq.
Matlock Law Group, P.C.
Attorney for Dataway, Inc.