```
 1  Matlock Law Group, PC
    Anne Leith Matlock, K Brian Matlock
 2  1485 Treat Blvd., Suite 200
 3  Walnut Creek, CA 94597
    Office: (925) 944-7131
 4  Fax: (925) 944-7138
    E-mail: anne-leith@matlocklawgroup.com
 5
    Attorneys for Defendant/Counterplaintiff,
 6  Dataway, Inc.
 7
 8                  UNITED STATES DISTRICT COURT
 9                  NORTHERN DISTRICT OF CALIFORNIA
10                       SAN FRANCISCO DIVISION
11
```

| | |
|---|---|
| AT&T Corp.<br><br>   PLAINTIFF,<br><br> v.<br><br>Dataway, Inc.<br><br>   DEFENDANT. | **CASE NO. C07-02440 EDL**<br><br>**DATAWAY'S NOTICE OF MOTION, MOTION TO CHANGE TIME OF HEARING OF DEFENDANT'S MOTION FOR SANCTIONS AND OF DISPOSITIVE MOTION FILING DEADLINE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** |
| Dataway, Inc.<br><br>   COUNTERCLAIMANT<br><br> v.<br><br>AT&T Corp.<br><br>   COUNTERDEFENDANT | Date: July 22, 2008<br>Time: 9:00 a.m.<br>Courtroom: E |

**PLEASE TAKE NOTICE** that in Court Room E on July 22, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant/Counter-plaintiff Dataway, Inc. (hereinafter "Dataway" / "Defendant") will and hereby does move this court for an order to change the time for hearing Defendants Motion for Sanctions and enlarge

1

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION    CASE NO. C07-02440-EDL

Matlock Law Group, PC.

1  the time in which Dataway may file and serve its dispositive motions.

2  Defendant's Motion is based upon this Notice of Motion, Motion to Change Time,

3  Memorandum of Points and Authorities in Support of Defendant's Motion, and the

4  accompanying Declaration of Anne-Leith Matlock, Esq., filed herewith.

5  This Motion is made on the grounds that the time for discovery has ended, dispositive

6  motions were due to be filed on July 1, 2008 but Dataway was unable to timely file its motions

7  because Dataway has yet not received a complete and responsive answer to its Request for

8  Production of Documents despite a prior order from this Court compelling AT&T to produce the

9  requested documents. In addition, a Settlement Conference, which was scheduled to be held on

10  June 23, 2008, has been adjourned and is now set for July 8, 2008.

## MEMORANDUM OF POINTS AND AUTHORITIES

12  Defendant Dataway hereby submits its Memorandum of Points and Authorities in support

13  of its Motion to Change Time pursuant to Civil Local Rule 6-3, 37-1 and 7-4.

14  This litigation began as a collection action in which Plaintiff AT&T alleges that Dataway

15  is responsible for certain charges for telephone calls made to the Philippines using AT&T

16  services and further alleges Dataway has refused to pay said charges. Dataway denies that it

17  incurred said charges but that the alleged charges were the result of the unauthorized, intervening

18  criminal conduct of third-party hackers from a remote location and not made using the services

19  contracted for by Dataway, but charged to an account neither opened, maintained, or authorized

20  by Dataway.  Defendant asserts, moreover, that Plaintiff promised to set up protections against

21  both "slamming" (switching telecommunications services without direct instructions from the

22  customer) and also against fraudulent access by third parties, and that it failed to do so, resulting

23  in the charges which it now seeks to recover from Defendant. Therefore, Dataway has

24  counterclaimed against Plaintiff alleging various contract breaches, fraud and violation of the

25  "anti-slamming" law, 47 U.S.C. § 258.  The Discovery Fact cut-off was originally set for April

26  15, 2008, with dispositive motions rescheduled to be filed by July 1st, and heard on August 5th to

27  allow Defendant to review Plaintiff's compelled production and discovery. The settlement

28  conference rescheduled for July 8, 2008, and trial is scheduled for October 20, 2008.

Matlock Law Group, PC.

2

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION         CASE NO. C07-02440-EDL

On or about January 17, 2008, Dataway served a Request for Production of Documents upon Plaintiff pursuant to F.R.C.P. § 34. Following Plaintiff's insufficient response, Dataway brought a motion to compel which was granted on May 21, 2008. The Order called for production of the requested documents, stating that AT&T was to produce the requested records no later than May 27, 2008 and that AT&T could log privileged documents by category if necessary. It is respectfully submitted that again Plaintiff has not made a good faith attempt at responding to Dataway's Request for Production. As shown in Defendant's Motion for Sanctions AT&T's response to the Court's Order was vague and incomplete, in violation of local rules and the Rules of Federal Procedure. Additionally to levy sanctions on AT&T this court should shorten the time for hearing Defendant's Motion for Sanctions pursuant to Civil Local Rule 6-2. Moreover, the time within which Dataway may file dispositive motions should be extended to enable Defendant to complete its discovery before filing its motions pursuant to FRCP § 56.

## ARGUMENT

Defendant respectfully requests that this Court changes the time for hearing Dataway's Motion for Sanctions and the deadline for Dataway's dispositive motion filings.

**1. Grounds for Change pursuant to Civil Local Rule 6-3(a)(1)**

Since the commencement of this action, discovery has been contentious. Dataway's attorneys have had a great deal of difficulty in obtaining the cooperation of Plaintiff's attorney, resulting in, for example, the prior filed Motion to Compel (Docket No.90) and the present accompanying Motion for Sanctions (See Exhibit A).

In the most recent instance, Plaintiff's attorney has failed and refused to provide a substantive and complete response to Defendant's Request for Production, and in addition, then flouted this Court's Order to provide said discovery by responding in an evasive and incomplete manner as shown in Defendant's Motion for Sanctions. See Exhibit B.

As a result, Defendant was not able to complete discovery up to the present day even though the originally set discovery cut off date was set for April 15, 2008. Moreover, Plaintiff's delay in its production substantially impeded and still impedes Defendant's trial preparation. Dataway's counsel was forced to devote considerable time and expense to attempt to obtain the

3

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION    CASE NO. C07-02440-EDL

1  requested documents and information by various motions, attempted Meet and Confer
2  conferences with Opposing Counsel, and was, in spite of its efforts, still not able to obtain any
3  appropriate response or discover the requested documents. The resulting inability of Dataway to
4  obtain necessary discovery and its marginal progress in the litigation render it virtually
5  impossible for Defendant to have to adhere to the deadline for dispositive motion filings.
6  Moreover, awaiting a regularly scheduled hearing date for Defendant's Motion for Sanctions
7  would hinder Dataway to an even greater extent from preparing for the approaching deadlines
8  and its preparation for trial (See Declaration of Anne-Leith W. Matlock).

9  **2. Plaintiff refused to stipulate to time change, Civil Local Rule 6-3(a)(2)**
10  Defendant's counsel requested a stipulation to a change of time of the hearing but
11  Plaintiff's counsel was not responsive to this suggestion. See ¶ 4 of Declaration of Mrs. Matlock.

12  **3. Immediate Redress of Discovery Issues is necessary to prevent substantial harm or**
13  **prejudice to Defendant, Civil Local Rule 6-3(a)(3)**
14  Defendant was not able to meet the deadline and a significant deferral of these deadlines
15  can only be avoided if discovery can be completed within the next weeks. AT&T continues to
16  unjustifiably withhold documents and as a result of Plaintiff's non-compliance, Dataway is
17  currently not able to prepare for trial and/or to finish its preparation for a dispositive motion.
18  Plaintiff on the contrary, has obtained all non-privileged discovery requested from Defendant
19  with a complete privileged log. This gives Plaintiff an unfair advantage that will cause
20  substantial harm to Defendant if not addressed.

21  **4. Attempts to Meet and Confer regarding Plaintiff's production of documents have**
22  **been unsuccessful, Civil Local Rule 6-3(a)(4), 37-1**
23  Since January 2008, when Defendant served a Request for Production of Documents upon
24  Plaintiff, AT&T has failed or refused to make a good faith attempt to produce documents
25  responsive to Dataway's requests. Even though Defendant prevailed in its first Motion to
26  Compel Production, Plaintiff's response to the Court's Order for Discovery is still lacking in
27  substance and is insufficient, violating Federal Rules of Civil Procedure and Civil Local Rules of
28  the Northern District of California. All attempts by Dataway to Meet and Confer with Plaintiff

remained unsuccessful (See Declaration of Anne-Leith W. Matlock).

**5. Prior Extension of time by Court Order, Civil Local Rule 6-3(a)(5)**

On May 20, 2008, this Court ordered after hearing Defendant's Motion to Compel Production that the last day to hear dispositive motions deadline is extended to August 5, 2008, and the last day for filing dispositive motions to July, 1, 2008. Besides this, there have been no previous time modifications in the present litigation. However, this case is generally proceeding slowly and inefficiently, fueled by a lack of co-operation by Plaintiff AT&T.

**6. Time changes promote time efficient handling of the case**

Shortening the time for hearing Defendant's Motion for Sanctions and postponing the deadline for Dataway's dispositive motion filings will help resolve this discovery dilemma, and will set a realistic timetable for filing dispositive motions prior to trial. An expeditious hearing would enable the parties to complete discovery as soon as possible or rather with a delay shorter than it currently looms to be. Hence, Plaintiff respectfully requests that the deadline for Dataway to file dispositive motions be postponed until two weeks after meaningful document production with privileged log are received by Dataway.

**CONCLUSION**

In light of the foregoing, Defendant Dataway, Inc., respectfully requests that an Order be entered shortening time for hearing Defendant's Motion for Sanctions and enlarging the time within which Dataway may file dispositive motions.

Dated: July 8, 2008                                MATLOCK LAW GROUP

By: _____
Anne-Leith Matlock, Esq.
Attorneys for Defendant/
Counterclaimant Dataway, Inc.