# DECLARATION OF TIMOTHY CARL AIRES

I, TIMOTHY CARL AIRES, hereby declare and state as follows:

1. The following facts are of my own personal, first-hand knowledge, and if called and sworn to testify thereto, I could and would competently do so.

2. I am an attorney at law, duly licensed to practice before all courts of the State of California as well as this Court and am a member of the Aires Law Firm, counsel for Plaintiff and Counterdefendant AT&T Corp.

3. Discovery other than experts closed April 15, 2008. Expert disclosures are to be made by July 15, 2008. All expert discovery is to be completed August 15, 2008. A pre-trial conference is set for September 16, 2008. Jury trial is set for October 20, 2008. The dispositive motion filing deadline was July 1, 2008. The last day for the hearing of dispositive motions is August 5, 2008. AT&T timely filed a Rule 56 motion – the only Rule 56 motion currently pending before this Court.

4. A settlement conference was initially set for June 23, 2008. The settlement conference was continued to September 3, 2008 and then advanced to July 8, 2008 – The date on which it was actually held. Shortly after the settlement conference commenced, defense counsel's office began e-filing documents with the Court. At approximately 3:30 p.m., defense counsel filed a motion for sanctions contending that AT&T's court-ordered production of documents on May 27, 2008 was allegedly deficient and that a privilege log served May 27, 2008 was allegedly inadequate.

5. This Court previously ordered AT&T to produce certain records and a privilege log by May 27, 2008. In its order, the Court allowed AT&T to categorize (as opposed to

itemize) privileged documents and relieved AT&T of any obligation to produce again documents previously produced with Rule 26(a) and (e) disclosures. Following the Court's discovery order, AT&T timely produced the additional records requested save and except "privileged matter" and served a privilege log. AT&T also timely served a "further written response".

6. Between May 28, 2008 and June 16, 2008, I heard nothing from defense counsel regarding the document production and the privilege log. On June 17, 2008, I spoke with defense counsel at length on the subject of her alleged concerns with the document production and the privilege log. We spoke for no less than 45 minutes. At no time did defense counsel ever ask me for an extension of the time within which to file a dispositive motion. Any suggestion to the contrary is counterfactual. I then summarized the discussion in an e-mail to defense counsel, a true and correct copy of which is attached hereto as Exhibit "A", stating as follows:

> "We talked this afternoon for about 45 minutes about the privilege log and the production. You seemed surprised that the Court order on your discovery motion allows me to categorize, rather than itemize, materials that are subject to objection. I asked you to give me a recognized definition of "category" and an example of how you want me to prepare the privilege log and I would consider it. I asked you to articulate for me how a more specific itemization would benefit anyone and I would consider it. ***I suggested to you that an informal conference with the Court, rather than more expensive law and motion practice, might prove beneficial.*** You asked me for the table of contents for the manuals my client produced. I told you I would look for them. As it turns out, you already have the tables of contents in

the production as ATT240 and ATT412. We agreed to speak again in several days. Thank you."

7. I did not hear from defense counsel on the subject of the production and the privilege log again between June 17, 2008 until the pending sanction motion was filed on July 8, 2008 during the settlement conference. Twenty-one days and the dispositive motion filing deadline all passed without a whisper from defense counsel.

8. AT&T has produced all non-privileged responsive documents and served a privilege log consistent with what AT&T believes to be the letter and spirit of the Court's discovery order of May 20, 2008.

9. On this record, an award of attorney's fees and expenses against Dataway Inc. and Anne-Leith Matlock, jointly and severally, in the sum of $3,500.00 is warranted as the pending motion should never have been presented. I have been licensed to practice law in the State of California since 1988. I am admitted to practice before this Court. I have never been subject to disciplinary action. Since 1989, my practice area has been trustee and creditor representation in bankruptcy matters, as well as commercial collection, asset recovery and enforcement of judgments. I have authored published articles on these topics. I have also lectured on these topics for the Continuing Education of the Bar, the Orange County Bar Association, and Chapman University School of Law. My reported decisions include Mannaa v. Zahabi (2008) ___ Cal.App.4th ___, In re Turner (N.D. Cal. Bkrptcy 2006) 335 B.R. 140, Turner v. Cook (9th Cir. 2004) 362 F.3d 1219, Annod v. Hamilton & Samuels (2002) 100 Cal.App.4th 1286, and Anchor Marine Repair Co. v. Magnan (2001) 93 Cal.App.4th 525. Effective January 1, 2008, my hourly rate is $400.00. My hourly rate is justified by the following factors: (1) My hourly fee has been consistently in proportion to the value of the services I perform; (2) The level of my sophistication has steadily increased with my age and experience; (3) I deal with novel and difficult legal questions and have

increasingly acquired the skill requisite to perform legal services properly; (4) I generally work on a contingent fee basis and rarely accept hourly engagements since my acceptance of matters at an hourly rate precludes me from accepting other employment on a more lucrative contingency fee basis; (5) I deal with large amounts in controversy, thereby exposing myself to greater malpractice risk given the litigious climate in California, and have continually obtained positive results for my clients; (6) My experience, reputation, and ability have continued to improve over the course of my legal career. The time incurred in opposing the pending motion is as follows:

| Date | Description | Amount |
|---|---|---|
| 7/9/08 | Prepare opposition | 2.0 |
| 7/22/08 | Estimate to appear at hearing | 6.0 |
| 7/22/08 | Anticipated travel expenses | $300 |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 9th day of July, 2008, in Newport Beach, California.

TIMOTHY CARL AIRES

OPPOSITION TO EX PARTE MOTION TO CHANGE HEARING
4