Matlock Law Group, PC
Anne Leith Matlock, K Brian Matlock
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: (925) 944-7131
Fax: (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant/Counterplaintiff,
Dataway, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.,<br><br>PLAINTIFF,<br><br>v.<br><br>Dataway, Inc.<br><br>DEFENDANT.<br><br>Dataway, Inc.<br><br>COUNTERCLAIMANT<br><br>v.<br><br>AT&T Corp.<br><br>COUNTERDEFENDANT | **CASE NO. C07-02440 EDL**<br><br>**DATAWAY'S REPLY TO PLAINTIFF AND COUNTERDEFENDANT'S OPPOSITION TO DEFENDANT AND COUNTERPLAINTIFF'S MOTION FOR CHANGE OF TIME FOR HEARING DATAWAY'S MOTION FOR SANCATIONS AND FOR DISPOSITIVE MOTION FILING DEADLINE, AND**<br><br>**OPPOSITION TO AT&T'S REQUEST FOR AWARD OF ATTORNEY FEES AND EXPENSES**<br><br>Date: July 22, 2008<br>Time: 9:00 a.m.<br>Courtroom: E |

Defendant and Counterplaintiff Dataway, Inc. (hereinafter "Dataway" or "Defendant") hereby replies to Plaintiff and Counterdefendant AT&T Corp.'s (hereinafter "AT&T" or

"Plaintiff") Opposition to Dataway's Motion to Change Time of Hearing and Time to File Dispositive Motions and opposes AT&T's Request for Attorney Fees and Expenses.

### A. Motion to Shorten Time for Hearing Motion for Sanctions and Extend Time for Dataway to File Dispositive Motions

Dataway respectfully requests that its Motion to Shorten Time for Hearing Motion for Sanctions shall be granted as it remained unopposed by AT&T.

This Court should also grant an extension of time for Dataway to file dispositive motions because FRCP 6(1)(b) allows a motion even after the original time has expired and because Dataway has shown excusable neglect in its Motion.

#### 1. FRCP 6(1)(b) allows a motion even after the original time has expired

Fed. R. Civ. P. 6(1)(B) states that a court may, for good cause, extend a period to do a certain act "…on motion made after the time has expired if the party failed to act because of excusable neglect."

#### 2. Dataway showed excusable neglect in its Motion to Change Time

Dataway is without fault in creating the crisis, the imperfectness of its discovery at the dispositive motion filing deadline, that requires ex parte relief, and Dataway's inability occurred as a result of excusable neglect.

The standard for excusable neglect is a four-part test that takes into account all relevant circumstances surrounding the party's omission. These include (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395 (U.S. 1993).

Dataway's Motion to Change Time shows and satisfies all these elements. AT&T's conduct was reason for the delay in discovery, it withheld documents and persons like, for example, Mr. Lake who is now produced in AT&T's motion for summary judgment and appears to be the actual person most knowledgeable, not Pamela Tylor who AT&T actually produced at the deposition. Dataway on the other hand, produced the required

1  evidence and conformed to all statutory requirements. Hence, AT&T would only be held
2  liable for its misconduct and would not suffer any prejudice.
3      The resulting delay of one month would be a non-surprising and almost
4  anticipated, necessary result. It will have no negative impact on the proceeding but in fact
5  further a fair trial.
6      Dataway stated in detail the reason for its delay. In Mission Power the court
7  required that a mere showing that "…trial is fast approaching and that the opposing party
8  still has not answered crucial interrogatories…" is insufficient. Mission Power Eng'g Co.
9  v. Continental Cas. Co., 883 F. Supp. 488, 493 (C.D. Cal. 1995) "The moving party must
10 also show that it used the entire discovery period efficiently and could not have, with due
11 diligence, sought to obtain the discovery earlier in the discovery period." Id., at 493.
12 Defendant explained in detail all its efforts to obtain the documents it requested and
13 AT&T's continuous avoidance and counteracts. Dataway did not fail to present requests
14 when they should have been requested but was not able to finish its preparation for a
15 dispositive motion due to AT&T's hindrance (see Motion to Change time, p.4, 15-20)
16 and was substantially impeded in its trial preparation (see Motion to Change time, p.3, 26
17 et. seq., p.4, 6-8). Hence, Dataway did not only show good cause but thereby also acted
18 in good faith.
19     AT&T's allegation that Dataway was inactive for several days is counterfactual. Mr.
20 Aires put the single, albeit large document he produced in the mail on May 27, 2008.
21 According to Local Rule 5-5(a)(2) a pleading or a paper that is served by mail, "…must be
22 mailed 3 days before the due date." Hence, AT&T's production was at least two days late.
23 Subsequently, Dataway's counsel had to spend an extraordinarily long time on trying to
24 determine what AT&T had produced because of the inadequacy of the information provided
25 with it. It unsuccessfully tried to assess the content and appropriateness of the produced
26 document that is so lacking in substance meaning as to constitute a non-response. See
27 Memorandum of Points and Authorities in Support of Motion for Sanctions p.3 l.21 to p.4
28 l.15. Moreover, in the 45min conversation between the parties' counsels, Dataway's counsel

attempted several times to address various other issues but AT&T's counsel cut off Dataway's counsel and the meet and confer culminated in a frustrating, heated argument. Unlike AT&T's Exhibit A, Dataway's counsel did not "…agree to speak again in several days."

Additionally, Dataway had to place a large number of phone calls to discuss with three different Judges and with opposing counsel a possibility to reschedule the Settlement Conference to an early date that enables chances to actually settle the case.

Dataway made utmost attempts to resolve all issues as quickly as possible. However, AT&T's counterproductive actions have made it impossible to adhere to the set date and made Dataway's preparation and filing of its Motion for Sanctions and its Motion to Change Time necessary. Furthermore, it should be noted that pursuant to the Court's Orders fact discovery was not cut off until (1) AT&T produced the people Dataway requested to depose and (2) AT&T produced the requested documents. See Further Case Management Order, Docket No. 88, and Order Granting Motion to Compel, Docket No. 95.

Moreover, in Mission Power the Court stated the underlying public policy. Courts should desire and favor "fair, orderly, and efficient resolution of disputes." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 491 (C.D. Cal. 1995). In order to enable Dataway to have a fair, orderly and efficient trial despite AT&T's hindrance, the time for Dataway to file dispositive motions has to be extended. In order to keep the delay as short as possible, the time to hear Dataway's Motion for Sanctions has to be shortened.

**B. Opposition to Request for Attorney Fees and Expenses**

Dataway hereby opposes Plaintiff's request for sanctions under Fed. R. Civ. P. 11(b)(2), 11(c)(1)(A) on two grounds.

First, Dataway made a good-faith argument in support of its contention. The court in Somerset held that a good faith argument, as simple it may be, is sufficient to avert the allegation that its claims, defenses, and other legal contentions in its pleading, motion or other paper are not warranted by existing law. Somerset Marine, Inc. v. Forespar Prods, 876 F. Supp. 1114, 1116 (C.D. Cal. 1994); FRCP 11(b)(2). The opposing party does not even have to prevail in its underlying motion in order to avoid being sanctioned. Id., at 1116. Dataway

1  argued sufficiently why it was not able to adhere to the dispositive motion filing deadline. See
2  supra; see Dataway's Memorandum of Points and Authorities in Support of its Motion for
3  Sanctions, p. 4. Dataway's Motion to Change time refers to this five page memorandum of
4  points and authorities in support of its Motion for Sanctions on page 3. Moreover, as AT&T
5  does not oppose Defendant's request to shorten the time for hearing its Motion for Sanctions,
6  AT&T acknowledges Dataway's argumentation and concedes that it cannot be successfully
7  disputed.

Second, Fed. R. Civ. P. 11(c)(1)(A) states that "[a] motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b) . . . . [it] shall not be filed with or presented to the court unless, within 21 days after service of the motion…the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." AT&T, however, filed its Request for Attorney Fees and Expenses with its Opposition to Dataway's Motion to Change time on July 9, 2008, the same day Dataway's Motions were filed.

For these reasons, AT&T's request for Attorney Fees and Expenses should be denied.

## CONCLUSION

In light of the foregoing, Defendant Dataway, Inc., respectfully requests that an Order be entered shortening time for hearing Defendant's Motion for Sanctions as unopposed by AT&T and enlarging the time within which Dataway may file dispositive motions despite Plaintiff's opposition.

Furthermore, Dataway respectfully requests that this Court denies AT&T's Request for Attorney Fees and Expenses.

Dated: July 11, 2008                               MATLOCK LAW GROUP

                                                   By: /s/ Anne-Leith Matlock
                                                   Anne-Leith Matlock, Esq.
                                                   Attorneys for Defendant/
                                                   Counterclaimant Dataway, Inc.