Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>DATAWAY INC. dba DATAWAY DESIGNS,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. C07-02440 EDL<br><br>REPLY OF COUNTERDEFENDANT AT&T CORP. TO COUNTERCLAIM OF COUNTERCLAIMANT DATAWAY INC. dba DATAWAY DESIGNS<br><br>[F.R.C.P., Rules 7 and 8] |

Counterdefendant AT&T Corp, by and through its counsel of record, hereby submits its reply to the Counterclaim of Counterclaimant Dataway Inc., as follows:

1.  Counterdefendant lacks sufficient information and belief sufficient to respond to the material allegations of Paragraph 1 of the Counterclaim and, therefore, denies those allegations on that basis.

2.  Counterdefendant admits it is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1 AT&T Way, Bedminster, New Jersey and authorized to do business in the State of California and is a

common carrier providing telecommunications services under published tariffs, but as to the remaining allegations of Paragraph 2 of the Counterclaim, it lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 2 of the Counterclaim and, therefore, denies those allegations on that basis.

3. Counterdefendant lacks sufficient information and belief sufficient to respond to the material allegations of Paragraph 3 of the Counterclaim and, therefore, denies those allegations on that basis.

4. Counterdefendant denies that it breach any agreement with Counterclaimant and denies that there is no subject matter jurisdiction, but as to the remaining allegations of Paragraph 4 of the Counterclaim, it lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 4 of the Counterclaim and, therefore, denies those allegations on that basis.

5. Counterdefendant lacks sufficient information and belief sufficient to respond to the material allegations of Paragraph 5 of the Counterclaim and, therefore, denies those allegations on that basis.

6. Counterdefendant admits that Counterclaimant is a corporation organized and existing under the laws of the State of California with its principal place of business within this district and located at 180 Redwood Street, San Francisco, California 94102 and doing business as Dataway Designs, but as to the remaining allegations of Paragraph 6 of the Counterclaim, it lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 6 of the Counterclaim and, therefore, denies those allegations on that basis.

///

///

7. Counterdefendant denies that the existence of any entity known as "ATT/SBC" and lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 7 of the Counterclaim and, therefore, denies those allegations on that basis.

8. Counterdefendant admits that on July 24, 2006, the telephone system owned and operated by Counterclaimant was allegedly compromised by an unauthorized intervening third party accessing the AT&T network by dialing carrier access code 1010288, that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 8 of the Counterclaim and, therefore, denies those allegations on that basis.

9. Counterdefendant admits that Counterclaimant was billed for the charges incurred when its telephone system was allegedly compromised on July 24, 2006 by a written invoice, but lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 9 of the Counterclaim and, therefore, denies those allegations on that basis.

10. Counterdefendant admits that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 10 of the Counterclaim and, therefore, denies those allegations on that basis.

11. Counterdefendant denies the allegations of Paragraph 11 of the Counterclaim.

///

1  12.  Counterdefendant admits that it provided telecommunications services to Counterclaimant pursuant to AT&T Tariff F.C.C. No. 30 which makes Counterclaimant liable for the payment of charges for calls placed using its system through Counterdefendant's network by dialing carrier access code 1010288, that these charges amount to $11,534.67 and were included on an invoice presented to Counterclaimant due September 25, 2006, and that pursuant to AT&T Tariff F.C.C. No. 30, payment was due upon presentation of the invoice, but lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 12 of the Counterclaim and, therefore, denies those allegations on that basis.

13.  Counterdefendant admits that it provided telecommunications services to Counterclaimant pursuant to AT&T Tariff F.C.C. No. 30 which makes Counterclaimant liable for the payment of charges for calls placed using its system through Counterdefendant's network by dialing carrier access code 1010288, that these charges amount to $11,534.67 and were included on an invoice presented to Counterclaimant due September 25, 2006, and that pursuant to AT&T Tariff F.C.C. No. 30, payment was due upon presentation of the invoice, but lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 13 of the Counterclaim and, therefore, denies those allegations on that basis.

14.  Counterdefendant admits that it provided telecommunications services to Counterclaimant pursuant to AT&T Tariff F.C.C. No. 30 which makes Counterclaimant liable for the payment of charges for calls placed using its system through Counterdefendant's network by dialing carrier access code 1010288, that these charges amount to $11,534.67 and were included on an invoice presented to Counterclaimant due September 25, 2006, and that pursuant to AT&T Tariff F.C.C. No. 30, payment was due

///

///

1 upon presentation of the invoice, but lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 14 of the Counterclaim and, therefore, denies those allegations on that basis.

15. Counterdefendant incorporates their prior averments to the prior paragraphs by reference.

16. Counterdefendant denies the material allegations of Paragraph 16 of the Counterclaim.

17. Counterdefendant denies the material allegations of Paragraph 17 of the Counterclaim.

18. Counterdefendant admits that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 18 of the Counterclaim and, therefore, denies those allegations on that basis.

19. Counterdefendant denies the material allegations of Paragraph 19 of the Counterclaim.

20. Counterdefendant incorporates their prior averments to the prior paragraphs by reference.

21. Counterdefendant denies the material allegations of Paragraph 21 of the Counterclaim.

///

22. Counterdefendant lacks sufficient information and belief sufficient to respond to the material allegations of Paragraph 22 of the Counterclaim and, therefore, denies those allegations on that basis.

23. Counterdefendant admits that it commenced this action by filing a complaint, but denies the remaining material allegations of Paragraph 23 of the Counterclaim.

24. Counterdefendant incorporates their prior averments to the prior paragraphs by reference.

25. Counterdefendant admits that it provided telecommunications services to Counterclaimant pursuant to AT&T Tariff F.C.C. No. 30 which makes Counterclaimant liable for the payment of charges for calls placed using its system through Counterdefendant's network by dialing carrier access code 1010288, that these charges amount to $11,534.67 and were included on an invoice presented to Counterclaimant due September 25, 2006, and that pursuant to AT&T Tariff F.C.C. No. 30, payment was due upon presentation of the invoice, but lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 25 of the Counterclaim and, therefore, denies those allegations on that basis.

26. Counterdefendant denies the material allegations of Paragraph 26 of the Counterclaim.

27. Counterdefendant denies the material allegations of Paragraph 27 of the Counterclaim.

28. Counterdefendant denies the material allegations of Paragraph 28 of the Counterclaim.

29. Counterdefendant denies the material allegations of Paragraph 29 of the Counterclaim.

30. Counterdefendant denies the material allegations of Paragraph 30 of the Counterclaim.

31. Counterdefendant incorporates their prior averments to the prior paragraphs by reference.

32. Counterdefendant admits that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 32 of the Counterclaim and, therefore, denies those allegations on that basis.

33. Counterdefendant denies the material allegations of Paragraph 33 of the Counterclaim.

34. Counterdefendant admits that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 34 of the Counterclaim and, therefore, denies those allegations on that basis.

35. Counterdefendant admits that it provided telecommunications services to Counterclaimant pursuant to AT&T Tariff F.C.C. No. 30 which makes Counterclaimant liable for the payment of charges for calls placed using its system through Counterdefendant's network by dialing carrier access code 1010288, that these charges

amount to $11,534.67 and were included on an invoice presented to Counterclaimant due September 25, 2006, and that pursuant to AT&T Tariff F.C.C. No. 30, payment was due upon presentation of the invoice, but lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 35 of the Counterclaim and, therefore, denies those allegations on that basis.

36. Counterdefendant denies the material allegations of Paragraph 36 of the Counterclaim.

37. Counterdefendant incorporates their prior averments to the prior paragraphs by reference.

38. Counterdefendant denies the material allegations of Paragraph 38 of the Counterclaim.

39. Counterdefendant denies the material allegations of Paragraph 39 of the Counterclaim.

40. Counterdefendant admits that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks sufficient information and belief sufficient to respond to the remaining material allegations of Paragraph 40 of the Counterclaim and, therefore, denies those allegations on that basis.

41. Counterdefendant admits that the calls made on July 24, 2006 were not the responsibility of Counterdefendant, but rather a security failure on the part of Counterclaimant if the calls were indeed unauthorized, and that Counterdefendant lacks

///

1  sufficient information and belief sufficient to respond to the remaining material allegations
2  of Paragraph 41 of the Counterclaim and, therefore, denies those allegations on that basis.

4      42.    Counterdefendant denies the material allegations of Paragraph 42 of the
5  Counterclaim.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim Upon Which Relief Can Be Granted)

9      25.    As a First, Separate and Affirmative Defense, Counterdefendant alleges on
10 information and belief that neither the Counterclaim, nor any purported count alleged therein,
11 states a claim against Counterdefendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Filed Rate Doctrine)

15     32.    As an Eighth, Separate and Affirmative Defense, Counterdefendant alleges on
16 information and belief that the Counterclaim is barred by the "filed rate doctrine".

18     WHEREFORE, Counterdefendant prays for judgment against Counterclaimant, as
19 follows:

21     1.     That Counterclaimant take nothing;

23     2.     For costs of suit, including reasonable attorneys' fees, if available; and
24 ///
25 ///
26 ///
27 ///
28 ///

| | |
|---|---|
| 1 | 3.   For such other and further relief as the Court deems just and proper. |
| 2 | |
| 3 | DATED: July 16, 2008               AIRES LAW FIRM |
| 4 | |
| 5 | By:_____ |
| 6 | Timothy Carl Aires, Esq.<br>Attorney for Plaintiff and Counterdefendant,<br>AT&T CORP. |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On July 16, 2008, I served the document entitled: *Reply of Counterdefendant AT&T Corp. to Counterclaim of Counterclaimant Dataway Inc. dba Dataway Designs* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
1485 Treat Boulevard, Suite 200
Walnut Creek, CA 94597

(check applicable paragraphs)
  X    (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

  __    (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

  __    (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

  __    (State) I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  X    (Federal) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2008 _____
                                                    Signature of Declarant

---

REPLY TO COUNTERCLAIM

1