Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORP., <br><br> Plaintiff, <br><br> v. <br><br> DATAWAY INC. dba DATAWAY DESIGNS, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No. C07-02440 EDL <br><br> REPLY IN SUPPORT OF MOTION OF PLAINTIFF AND COUNTER-DEFENDANT AT&T CORP. FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; FIRST SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE; FIRST SUPPLEMENTAL DECLARATION OF TIMOTHY CARL AIRES <br><br> [F.R.C.P., Rule 56] <br><br> DATE: August 5, 2008 <br> TIME: 9:30 a.m. <br> CTRM: E, 15th Floor |

Plaintiff and Counterdefendant AT&T Corp., by and through its counsel of record, hereby submits its Reply in Support of its Motion for Summary Judgment or Partial Summary Judgment; First Supplemental Declaration of Timothy Carl Aires, as follows:

///

///

///

///

///

REPLY MEMORANDUM

1. <u>DISCUSSION</u>

    (A) <u>THE AFFIDAVIT OF JAMES LAKE CONTAINS COMPETENT, ADMISSIBLE EVIDENCE.</u>

James Lake was disclosed on AT&T's Rule 26(e) supplemental disclosure served April 7, 2008.[1] The suggestion by Dataway that the identity of James Lake was withheld is patently false.[2] The testimony of James Lake satisfies the competency and foundational requirements of <u>Federal Rules of Evidence</u>, Rules 601 and 602 as well as the "business records" exception to the "hearsay rule" found at <u>Federal Rules of Evidence</u>, Rule 803(6). In short, no competent, admissible evidence has been offered by Dataway to refute the undisputed material facts established by AT&T in support of its complaint.[3] Judgment on the complaint is proper.

    (B) <u>THE TYPES OF DAMAGES SOUGHT BY DATAWAY ARE NOT RECOVERABLE UNDER THE LAW.</u>

---

[1] Dataway never served any interrogatories at all in this action, let alone an interrogatory seeking an identification of persons having knowledge of facts relevant to this action.

[2] Pam Tyler was designated by AT&T as its person most knowledgeable for deposition on the areas of examination set forth in Dataway's deposition notice. Ms. Tyler's deposition was taken on April 29, 2008. No formal complaint has ever previously been raised by Dataway regarding Ms. Tyler's designation as AT&T's person most knowledgeable.

[3] Without entry of a default by the court clerk, the failure to file a reply to a counterclaim is of no legal consequence. *[Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2007) "Defaults" ¶¶6:2,7.]* A reply to the counterclaim was filed July 15, 2008. Under any stretch of the imagination, any alleged "admission" by the failure to timely reply to the counterclaim cannot infect issues relating to the complaint.

1

To survive a motion for summary judgment, each of the counterclaims must be supported by admissible evidence of damages which are recognized by the law of the jurisdiction involved. "No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." *[Civil Code §3301.]* There is a "fundamental rule that damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery." *[Goehring v. Chapman University, 121 Cal.App.4th 353, 367 (2004); Aguilera v. Pirelli Armstrong Tire Corp., 223 F. 3d 1010, 1015 (9th Cir. 2000) ("[A] breach of contract claim requires a showing of appreciable and actual damage.") citing Patent Scaffolding Co. v. William Simpson Const. Co., 256 Cal. App. 2d 506, 511 (1967) ("A breach of contract without damage is not actionable.").]*[4] This record is barren of any competent, admissible evidence which would support a damage award in favor of Dataway under any theory.[5]

1.   Alleged Business Interruption

Where lost profits are concerned, the measure of damages under California law focuses on lost profits, not lost revenue. *[Gerwin v. Se. Cal. Ass'n of Seventh Day Adventists, 14 Cal.App.3d 209, 222-223 (1971).]* In *Resort Video Ltd. v. Laser Video Inc.*, 35 Cal.App.4th 1679 (1995), the California Court of Appeal noted:

> "Even if Resort was able to provide credible evidence of lost profits, it must be remembered that "[w]hen loss of anticipated profits is an element of damages, it means net and not gross profits. [Citations.] ... `.... Net profits are the gains made from

---

[4] A contracting party cannot be required to assume limitless responsibility for all consequences of a breach and must be advised of any special harm that might result in order to determine whether or not to accept the risk of contracting. *[Erlich v. Menezes, 21Cal.4th 543, 560 (1999).]*

[5] There is no evidence that Dataway sought to mitigate its damages in any way, shape or form even though it had a duty to do so. *[Shaffer v. Debbas, 17 Cal.App.4th 33, 41 (1993).]*

2

>    sales "after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed." [Citation.]'" (Gerwin v. Southeastern Cal. Assn. of Seventh Day Adventists, supra, 14 Cal.App.3d at pp. 222-223.) From this record, the evidence, at the most, may have shown the possibility of loss of gross revenue, not the loss of any net pecuniary gain. (Ibid.)"

*[Resort Video Ltd. v. Laser Video Inc., 35 Cal.App.4th 1679, 1700 (1995).]*

There is no indication that the amount sought for "business interruption" is net of expenses, i.e., lost net profits. *[See Berge v. International Harvester Co., 142 Cal.App.3d 152, 161-162 (1983).]* Indeed, the converse is true – The figure appears to be a gross calculation made of the estimated time which might have been billed for consulting services multiplied by a seemingly conjured up hourly rate.[6] *[See Sanchez-Corea v. Bank of America, 38 Cal.3d 892, 907 (1985) (Evidence of lost profits must be unspeculative..."); see also S.C. Anderson Inc. v. Bank of America, 24 Cal.App.4th 529, 536 (1994) (The plaintiff has the burden to produce the best evidence available in the circumstances to attempt to establish a claim for lost profits.").]* This record is barren of any competent, admissible evidence which would support a "business interruption" damage award in favor of Dataway.

2.   Alleged Time Expenditure

*Civil Code §3358*, in part, provides: "[N]o person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides." "Thus, courts will not, except where exemplary damages are

---

[6] No expert testimony on the issue of damages has been presented by Dataway. Any lay evidence is not based on sufficient facts or data and the conclusions offered are not the product of reliable principles and methods. It is not competent and, therefore, inadmissible. *[Federal Rules of Evidence, Rules 601 and 602.]*

3

1  awarded, permit a party to a contract to recover more on the breach thereof than he would
2  have received by due performance of the agreement." *[Martin v. U-Haul Co. of Fresno, 204*
3  *Cal.App.3d 396, 410 (1988).]*

4  　　　　　The type of damage complained of which is characterized by Dataway as "time
5  expenditure" is an estimate of the value of the time committed by employees of Dataway in
6  the search for a resolution of the billing dispute with AT&T. There is no indication that the
7  amount sought would not have been incurred anyway by virtue of the fact that the employees
8  who allegedly expended time were not specially hired and would have to have been paid
9  anyway under their pre-existing employment relationship. In other words, there is no
10 evidence that either or both Mr. Molieri and Mr. Lewis would not have been employed but
11 for the necessity of having them expend time seeking a resolution of the billing dispute with
12 AT&T. Dataway has failed to point this Court to any controlling legal authority that supports
13 its claimed "time expenditure" damages. This type of damage is not recoverable.

15 　　　　　3.　　No Admissible Evidence Has Been Presented By Dataway That It
16 　　　　　　　　Suffered Damages Compensable At Law By Any Fraud Perpetrated By AT&T

18 　　　　　Fraud and deceit does not exist in a vacuum. *[Hill v. Wrather, 158 Cal.App.2d 818,*
19 *825 (1958) ("[F]raud without damage or injury is not remediable. Deception which does not*
20 *cause loss is not a fraud in the legal sense.").]* No admissible evidence has been presented
21 by Dataway that it suffered damages compensable at law by any fraud perpetrated by AT&T
22 in connection with the the purported "Letter of Agency", the purported "Carrier Slamming
23 Protection Agreement", or otherwise.[2/]
24 ///
25 ///

---

27 [2/]No foundation has been laid by Dataway for the admission into evidence of either the purported
   "Letter of Agency" or the purported "Carrier Slamming Protection Agreement". Any reference
28 to any alleged merger involving AT&T, and its effect, if any, is unsupported on this record.

4

(C) **THE UNTIMELY FILING OF A REPLY TO THE COUNTERCLAIM WITHOUT ENTRY OF DEFAULT IS OF NO LEGAL CONSEQUENCE**

In their treatise, Judge Schwarzer, Judge Tashima and Attorney Wagstaffe comment on the default procedure as follows:

> "Defendant's default (failure to respond) by itself, has no legal consequence. Until the default is "entered" by the court clerk (below), defendant can still appear in the action.
>
> I.e., if no default has yet been "entered," the clerk must accept for filing defendant's pleadings or motions although they are filed late. Once they are filed, it is too late for entry of default (below), and defendant can proceed with its defense.
>
> ...
>
> Entry of default is not automatic. Plaintiff must request such entry and provide the clerk with the required proof of default."

[Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (2007) "Defaults" ¶¶6:2,7.]

(D) **AT&T'S INTENT TO DEFEND IS PRESENT ON THIS RECORD**

Dataway *never* sought the entry of AT&T's default as to the counterclaim under F.R.C.P., Rule 55. Dataway waited until the filing of its opposition to AT&T's motion for summary judgment to raise the pleading defect.

Prior to July 15, 2008, Dataway *never* disclosed to AT&T or this Court that AT&T had failed to file a formal reply to the counterclaim. The issue is not raised in the Unilateral Case Management Statement filed by Dataway on April 8, 2008 (Docket No. 83). Dataway did not raise the issue at the April 15, 2008 Case Management Conference. Dataway did not raise the issue in its motion to compel discovery filed April 11, 2008 (Docket No. 87).

5

1  Dataway did not raise the issue in its reply in support of its discovery motion filed May 9,
2  2008 (Docket No. 93) even though AT&T's opposition to the discovery motion (Docket No.
3  92) substantively attacked the merits of the counterclaim on all levels.

No default can be entered if defendant has filed a response indicating its intent to defend the action. *[Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988).]* Even a late-filed responsive pleading (filed after expiration of the time allowed by FRCP Rule 12(a)) prevents entry of a default. *[Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002).]* Any motion indicating an intent to defend the action bars default, including Rule 56 motions. *[Rashidi v. Albright, 818 F.Supp. 1354, 1356 (D NV 1993); F.R.C.P., Rule 56.]* Indeed, any response indicating an intent to defend prevents entry of default. *[See de Antonio v. Solomon, 42 F.R.D. 320, 322 (D MA 1967) (Assertion of privilege against self-incrimination.).]*

In this action over a $11,534.67 phone bill, the docket, which now contains no less than 122 items, clearly and unambiguously indicates an intent on the part of AT&T to defend itself against the counterclaim.[8/] There is no evidence to the contrary.

(E)    NO SHOWING BY DATAWAY OF UNFAIR PREJUDICE

"There is no prejudice to the [counterclaimant] where the setting aside of the default has done no harm to [counterclaimant] except to require it to prove its case." *[Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000); see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001).]* Defaults are generally disfavored; for it is the policy of

---

[8/]Default proceedings protect diligent parties from delay and uncertainty caused by unresponsive parties – A default ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *[Swaim v. Moltan Co., 73 F.3d 711, 716 (7th Cir. 1996).]* There is no evidence on this record that AT&T is not vigorously pursuing its defense. When preparing opposition to the motion for summary judgment, no reasonable reliance could have (or should have) been placed upon the absence from the docket of a reply to the counterclaim given the vigor of this litigation.

6

the law that, wherever possible, cases should be decided on their merits – Any doubts as to the propriety of a default are usually resolved against the party seeking default. *[Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir. 1985).]

At a minimum, the opposition to Dataway's discovery motion and AT&T's pending motion for summary judgment placed Dataway on notice of the nature, source and extent of AT&T's denials and defenses to the counterclaim. A reply to the counterclaim was filed to cure the pleading error the morning after it was disclosed in Dataway's opposition to AT&T's motion for summary judgment.[9] It is of no small significance that AT&T's reply to the counterclaim does not contain any matter not previously disclosed to Dataway during this action, thereby vitiating any argument of unfair prejudice. Dataway has not even attempted to establish any unfair prejudice.[10] Under all of the circumstances of this action, the compelling interest in seeing that matters be tried and resolved on their merits must triumph.

---

[9] Trial courts may refuse to entertain a motion for a default judgment. *[See Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3rd Cir. 2000) (Plaintiff failed to demonstrate any prejudice from Defendant's late answer that contained a litigable defense to the complaint. Also, there was no evidence that defendant's delay in filing an answer was either "willful" or in "bad faith."); *O'Connor v. State of Nevada,* 27 F.3d 357, 364 (9th Cir. 1994); *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986) (The answer was technically late but it was submitted on the same day that plaintiff filed the motion for default judgment); *Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (The merits of the claim were doubtful, and defendant's failure to answer was excusable neglect in light of ongoing settlement negotiations.); *Educational Serv., Inc. v. Maryland State Board for Higher Education,* 710 F.2d 170, 176 (4th Cir. 1983) (Motion for relief would have to be granted in any event because defendant had appeared in the action and opposed a request for preliminary injunction in which it set forth its defenses.).]

[10] For example, Dataway has not shown that the delay resulted in the loss of evidence, that it increased the difficulty of discovery, or that it thwarted its ability to obtain relief. *[Cutting v. Town of Allenstown,* 936 F.2d 18, 22 (1st Cir. 1991) (Plaintiff died in intervening period); *Northwestern Mut. Life Ins. Co. v. DeMalleray,* 789 F.Supp. 651, 654 (SD NY 1992) (Loss of records in interim); *Whelan v. Abell,* 48 F.3d 1247, 1258-1259 (DC Cir. 1995) (Trial completed against other defendants.).]

Dataway should have either notified AT&T's counsel of the pleading error[11] or, at a minimum, taken a default which would have placed AT&T on notice of the need to seek relief under Rule 55(c).[12] Instead, Dataway sought an unfair advantage in this litigation by concealing its knowledge regarding AT&T's failure to timely file a reply until the last possible moment. Dataway's conduct is in direct contravention that matters be litigated in a manner "to secure the just, speedy, and inexpensive determination of every action ...". [F.R.C.P., Rule 1.] Such conduct should not be rewarded.

(F) **CLAIMS WHICH ARE LEGALLY INSUFFICIENT ARE NOT ESTABLISHED BY A DEFAULT.**

Although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *[Cripps v. Life Ins. Co. of No. America, 980 F.2d 1261, 1267 (9th Cir. 1992).]* Thus, if the counterclaim fails to state a claim upon which relief can be granted due to the absence of some necessary allegation, such as an allegation that damages have been suffered, or because the claim is legally barred by operation of law, i.e., federal preemption of a state law claim, the mere entry of default does not aid the party

---

[11]"[G]ood practice dictates that plaintiff's counsel notify defendant's counsel before requesting default entry. Otherwise, the default will almost certainly be set aside by the court, resulting in delay and complicating future dealing with defendant's counsel." *[Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2007) "Defaults" ¶6:18.]*

[12] F.R.C.P., Rule 55(b)(2) requires that notice of default be given, thereby allowing a defaulted defendant who has appeared in the action opportunity to show "good cause" why the default should be set aside before a default judgment is entered. *[Sea-Land Service, Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) (Purpose of Rule 55(b)(2) notice requirement "is to permit a party to show cause for its failure to timely appear".).]* Failure to give such notice where required is a "serious procedural error" violating due process: "Absent special circumstances, the failure to give necessary notice will require that the default judgment be set aside where attacked on direct appeal or by a motion to vacate the judgment." *[In re Roxford Foods, Inc., 12 F.3d 875, 881 (9th Cir. 1993).]*

seeking relief. Here, essential elements of the counterclaims have not been pleaded, such as the occurrence of damage, and, therefore, the counterclaim is legally insufficient. Moreover, even assuming that one, some or all of the counterclaims are well-pleaded, have evidentiary proof, and support a claim for damages compensable under applicable law, the state law counterclaims are barred by the Filed Rate Doctrine.[13]

(G) **EVEN A DEFAULT DOES NOT VITIATE THE NEED TO PRESENT ADMISSIBLE EVIDENCE OF DAMAGES; THE AMOUNT OF A DEFAULT JUDGMENT CANNOT EXCEED THE PRAYER.**

F.R.C.P., Rule 8(b)(6) provides: "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." However, only upon default will the factual allegations of the complaint, except those relating to the amount of damages, be taken as true. *[TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).]* Evidence of damages is required where the claim is for an unliquidated amount or for punitive damages. *[F.R.C.P., Rule 55(b)(2).]* The

---

[13] Dataway may be heard to argue that Rule 12(b) motions dispensed with such issues. However, the defense of "failure to state a claim" is never waived and this Court specifically held that its ruling on the Rule 12(b) motions was "without prejudice" to future dispositive motions. Dataway did not address 47 U.S.C. §160(a) or 47 C.F.R. §61.19 in its opposition. 47 U.S.C. §160(a) provides: "Regulatory flexibility [¶] Notwithstanding section 332(c)(1)(A) of this title, the Commission shall forbear from applying any regulation or any provision of this chapter to a telecommunications carrier or telecommunications service, or class of telecommunications carriers or telecommunications services, in any or some of its or their geographic markets, if the Commission determines that – (1) enforcement of such regulation or provision is not necessary to ensure that the charges, practices, classifications, or regulations by, for, or in connection with that telecommunications carrier or telecommunications service are just and reasonable and are not unjustly or unreasonably discriminatory; (2) enforcement of such regulation or provision is not necessary for the protection of consumers; and (3) forbearance from applying such provision or regulation is consistent with the public interest." 47 C.F.R. §61.19 was promulgated by the FCC pursuant to 47 U.S.C. §160(a). See *In the Matter of 2000 Biennial Regulatory Review; Policy and Rules Concerning the International, Interexchange Marketplace, Report and Order*, IB Docket No. 00-202, FCC 01-93 (rel. Mar. 20, 2001) (*International Detariffing Order*) pp. 6, 19. The Filed Rate Doctrine remains viable on this unique set of facts.

9

allegations of the complaint as to amount of damages suffered are not controlling, but the judgment may not exceed the prayer. *[Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323-1324 (7th Cir. 1983).]* Thus, while liability is admitted by a default, competent, admissible evidence of damages must be offered to support any judgment. As demonstrated above, there is no competent, admissible evidence of damages offered by Dataway. Here, the prayer of Dataway's counterclaim is silent as to a specified amount of damages allegedly suffered. Hence, assuming AT&T is "in default", Dataway cannot obtain a "default judgment" in any amount!

2.  <u>CONCLUSION</u>

For the foregoing reasons, as well as those stated in the moving papers, this Court should enter an order granting summary judgment or partial summary judgment in favor of Plaintiff and Counterdefendant AT&T Corp. on the complaint, and/or the counterclaim, or one or more of the claims stated therein, or alternatively, grant any other relief the circumstances require under <u>Federal Rules of Civil Procedure</u>, Rule 56(d)(1).

DATED: July 22, 2008         AIRES LAW FIRM

                             By: _____
                             Timothy Carl Aires, Esq.
                             Attorney for Plaintiff and Counterdefendant,
                             AT&T CORP.