Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORP., <br><br> Plaintiff, <br><br> v. <br><br> DATAWAY INC. and dba DATAWAY DESIGNS, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No. C07-02440 MMC <br><br> OPPOSITION OF PLAINTIFF AND COUNTERDEFENDANT AT&T CORP. TO MOTION OF DEFENDANT AND COUNTER-CLAIMANT DATAWAY INC. FOR SANCTIONS; REQUEST FOR AWARD OF ATTORNEY'S FEES AND EXPENSES AGAINST DATAWAY INC. AND ANNE-LEITH MATLOCK, JOINTLY AND SEVERALLY, IN THE SUM OF $3,500.00; DECLARATION OF TIMOTHY CARL AIRES <br><br> [F.R.C.P., Rule 37] <br><br> DATE:  August 12, 2008 <br> TIME:   9:30 a.m. <br> CTRM:  E, 15th Floor |

Plaintiff and Counterdefendant AT&T Corp. hereby submits its opposition to the motion of Defendant and Counterclaimant Dataway Inc. for sanctions, and its separate request for award of attorney's fees and expenses against Dataway Inc. and Anne-Leith Matlock, jointly and severally, in the sum of $3,500.00, as follows:

///

///

///

///

# OPPOSITION MEMORANDUM

## 1. SANCTIONS ARE NOT WARRANTED UNDER ALL OF THE FACTS AND CIRCUMSTANCES EXISTING ON THIS RECORD

Discovery other than experts closed April 15, 2008. Expert disclosures were to be made by July 15, 2008. All expert discovery is to be completed August 15, 2008. A pre-trial conference is set for September 16, 2008. Jury trial is set for October 20, 2008. The dispositive motion filing deadline was July 1, 2008. The last day for the hearing of dispositive motions is August 5, 2008. AT&T timely filed a Rule 56 motion – the only Rule 56 motion currently pending before this Court.

A settlement conference was initially set for June 23, 2008. The settlement conference was continued to September 3, 2008 and then advanced to July 8, 2008 – The date on which it was actually held. Shortly after the settlement conference commenced, defense counsel's office began e-filing documents with the Court. At approximately 3:30 p.m., defense counsel filed a motion for sanctions contending that AT&T's court-ordered production of documents on May 27, 2008 was allegedly deficient and that a privilege log served May 27, 2008 was allegedly inadequate.

This Court previously ordered AT&T to produce certain records and a privilege log by May 27, 2008. In its order, the Court allowed AT&T to categorize (as opposed to itemize) privileged documents and relieved AT&T of any obligation to produce again documents previously produced with Rule 26(a) and (e) disclosures. Following the Court's discovery order, AT&T timely produced the additional records requested save and except "privileged matter" and served a privilege log. AT&T also timely served a "further written response".

///
///

Between May 28, 2008 and June 16, 2008, AT&T heard nothing from defense counsel regarding the document production and the privilege log. On June 17, 2008, AT&T's counsel spoke with defense counsel at length on the subject of her alleged concerns with the document production and the privilege log. Counsel spoke for no less than 45 minutes. AT&T's counsel then summarized the discussion in an e-mail to defense counsel, stating as follows:

> "We talked this afternoon for about 45 minutes about the privilege log and the production. You seemed surprised that the Court order on your discovery motion allows me to categorize, rather than itemize, materials that are subject to objection. I asked you to give me a recognized definition of "category" and an example of how you want me to prepare the privilege log and I would consider it. I asked you to articulate for me how a more specific itemization would benefit anyone and I would consider it. ***I suggested to you that an informal conference with the Court, rather than more expensive law and motion practice, might prove beneficial.*** You asked me for the table of contents for the manuals my client produced. I told you I would look for them. As it turns out, you already have the tables of contents in the production as ATT240 and ATT412. We agreed to speak again in several days. Thank you."

AT&T's counsel did not hear from defense counsel on the subject of the production and the privilege log again until the pending sanction motion was filed on July 8, 2008 during the settlement conference. Twenty-one days and the dispositive motion filing deadline all passed without a whisper from defense counsel.

///

1  AT&T has produced all non-privileged responsive documents and served a privilege
2  log consistent with what AT&T believes to be the letter and spirit of the Court's discovery
3  order of May 20, 2008.

5  Any attempt to address the production and the privilege log should have been made
6  prior to July 1, 2008. Defense counsel's motion is an attempt to misuse the discovery process
7  to obtain an unfair advantage in this litigation and an attempt "to save the day for [a] part[y]
8  who ... failed to present requests when they should have ..." The denial of relief on this
9  record would not be an abuse of discretion.

11  Dismissal and default are such drastic remedies, they may be ordered only in extreme
12  circumstances, i.e., willful disobedience or bad faith. *[In re Exxon Valdez (9th Cir. 1996) 102
13  F.3d 429, 432;* <u>Sun v. Board of Trustees of Univ. of Ill.</u>, *473 F.3d 799, 811 (7th Cir. 2007);
14  and see* <u>FDIC v. Conner</u>, *20 F.3d 1376, 1380 (5th Cir. 1994) ("Remedy of last resort".)]*

16  Here, the alleged offending party asked the complaining party to participate in
17  informal court intervention. The complaining party silently refused, opting instead to engage
18  in more law and motion practice. There is simply no showing of willful disobedience or bad
19  faith on this record.

21  2.  <u>CONCLUSION</u>

23  For the foregoing reasons, the motion of Defendant and Counterclaimant Dataway Inc.
24  for sanctions should be denied. Further, an award of attorney's fees and expenses against
25  ///
26  ///
27  ///
28  ///

---
OPPOSITION TO MOTION FOR SANCTIONS
4

Dataway Inc. and Anne-Leith Matlock, jointly and severally, in the sum of $3,500.00 is warranted as the pending motion should never have been presented.

DATED: July 22, 2008                    AIRES LAW FIRM

                                        By: _____
                                        Timothy Carl Aires, Esq.
                                        Attorney for Plaintiff and Counterdefendant,
                                        AT&T CORP.