1

## DECLARATION OF TIMOTHY CARL AIRES

2

3    I, TIMOTHY CARL AIRES, hereby declare and state as follows:

4

5        1.      The following facts are of my own personal, first-hand knowledge, and if

6    called and sworn to testify thereto, I could and would competently do so.

7

8        2.      I am an attorney at law, duly licensed to practice before all courts of the State

9    of California as well as this Court and am a member of the Aires Law Firm, counsel for

10   Plaintiff and Counterdefendant AT&T Corp.

11

12       3.      Discovery other than experts closed April 15, 2008. Expert disclosures are to

13   be made by July 15, 2008. All expert discovery is to be completed August 15, 2008. A

14   pre-trial conference is set for September 16, 2008. Jury trial is set for October 20, 2008. The

15   dispositive motion filing deadline was July 1, 2008. The last day for the hearing of

16   dispositive motions is August 5, 2008. AT&T timely filed a Rule 56 motion – the only Rule

17   56 motion currently pending before this Court.

18

19       4.      A settlement conference was initially set for June 23, 2008. The settlement

20   conference was continued to September 3, 2008 and then advanced to July 8, 2008 – The

21   date on which it was actually held. Shortly after the settlement conference commenced,

22   defense counsel's office began e-filing documents with the Court. At approximately 3:30

23   p.m., defense counsel filed a motion for sanctions contending that AT&T's court-ordered

24   production of documents on May 27, 2008 was allegedly deficient and that a privilege log

25   served May 27, 2008 was allegedly inadequate.

26

27       5.      This Court previously ordered AT&T to produce certain records and a privilege

28   log by May 27, 2008. In its order, the Court allowed AT&T to categorize (as opposed to

1  itemize) privileged documents and relieved AT&T of any obligation to produce again

2  documents previously produced with Rule 26(a) and (e) disclosures.  Following the Court's

3  discovery order, AT&T timely produced the additional records requested save and except

4  "privileged matter" and served a privilege log.  AT&T also timely served a "further written

5  response".

6

7  6.    Between May 28, 2008 and June 16, 2008, I heard nothing from defense

8  counsel regarding the document production and the privilege log.  On June 17, 2008, I spoke

9  with defense counsel at length on the subject of her alleged concerns with the document

10  production and the privilege log.  We spoke for no less than 45 minutes.  At no time did

11  defense counsel ever ask me for an extension of the time within which to file a dispositive

12  motion.  Any suggestion to the contrary is counterfactual.  I then summarized the discussion

13  in an e-mail to defense counsel, a true and correct copy of which is attached hereto as Exhibit

14  "A", stating as follows:

15

16  "We talked this afternoon for about 45 minutes about the

17  privilege log and the production.  You seemed surprised that the

18  Court order on your discovery motion allows me to categorize,

19  rather than itemize, materials that are subject to objection.  I

20  asked you to give me a recognized definition of "category" and

21  an example of how you want me to prepare the privilege log and

22  I would consider it.  I asked you to articulate for me how a more

23  specific itemization would benefit anyone and I would consider

24  it.  *I suggested to you that an informal conference with the*

25  *Court, rather than more expensive law and motion practice,*

26  *might prove beneficial.*  You asked me for the table of contents

27  for the manuals my client produced.  I told you I would look for

28  them.  As it turns out, you already have the tables of contents in

1    the production as ATT240 and ATT412.  We agreed to speak

2    again in several days.  Thank you."

3

4    7.    I did not hear from defense counsel on the subject of the production and the

5    privilege log again between June 17, 2008 until the pending sanction motion was filed on

6    July 8, 2008 during the settlement conference.  Twenty-one days and the dispositive motion

7    filing deadline all passed without a whisper from defense counsel.

8

9    8.    AT&T has produced all non-privileged responsive documents and served a

10    privilege log consistent with what AT&T believes to be the letter and spirit of the Court's

11    discovery order of May 20, 2008.

12

13    9.    I have not engaged in willful disobedience or bad faith.  I truly believe that I

14    am in compliance with this Court's discovery order. I had at least two other lawyers look at

15    this issue on May 26, 2008 and May 27, 2008 and we all agreed that, if AT&T produced the

16    documents produced and served the privilege log served, AT&T would be in compliance

17    with this Court's discovery order of May 20, 2008.

18

19    10.    On this record, an award of attorney's fees and expenses against Dataway Inc.

20    and Anne-Leith Matlock, jointly and severally, in the sum of $3,500.00 is warranted as the

21    pending motion should never have been presented.  I have been licensed to practice law in

22    the State of California since 1988. I am admitted to practice before this Court.  I have never

23    been subject to disciplinary action.  Since 1989, my practice area has been trustee and

24    creditor representation in bankruptcy matters, as well as commercial collection, asset

25    recovery and enforcement of judgments. I have authored published articles on these topics.

26    I have also lectured on these topics for the Continuing Education of the Bar, the Orange

27    County Bar Association, and Chapman University School of Law.  My reported decisions

28    include Mannaa v. Zahabi (2008) ___ Cal.App.4th ___, In re Turner (N.D. Cal. Bkrptcy

1   2006) 335 B.R. 140, Turner v. Cook (9th Cir. 2004) 362 F.3d 1219, Annod v. Hamilton &

2   Samuels (2002) 100 Cal.App.4th 1286, and Anchor Marine Repair Co. v. Magnan (2001) 93

3   Cal.App.4th 525.  Effective January 1, 2008, my hourly rate is $400.00.  My hourly rate is

4   justified by the following factors: (1) My hourly fee has been consistently in proportion to

5   the value of the services I perform; (2) The level of my sophistication has steadily increased

6   with my age and experience; (3) I deal with novel and difficult legal questions and have

7   increasingly acquired the skill requisite to perform legal services properly; (4) I generally

8   work on a contingent fee basis and rarely accept hourly engagements since my acceptance

9   of matters at an hourly rate precludes me from accepting other employment on a more

10  lucrative contingency fee basis; (5) I deal with large amounts in controversy, thereby

11  exposing myself to greater malpractice risk given the litigious climate in California, and have

12  continually obtained positive results for my clients; (6) My experience, reputation, and ability

13  have continued to improve over the course of my legal career.  The time incurred in opposing

14  the pending motion is as follows:

16      7/9/08       Prepare opposition               2.0

17      7/22/08     Estimate to appear at hearing     6.0

18      7/22/08     Anticipated travel expenses     $300

20        I declare under penalty of perjury that the foregoing is true and correct and that this

21  declaration was executed on this 22nd day of July, 2008, in Newport Beach, California.

23

24                           TIMOTHY CARL AIRES