Matlock Law Group, PC
Anne Leith Matlock, K Brian Matlock
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: (925) 944-7131
Fax: (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant/Counterplaintiff,
Dataway, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>　　　　　PLAINTIFF,<br><br>v.<br><br>Dataway, Inc.<br><br>　　　　　DEFENDANT. | **CASE NO. C07-02440 EDL**<br><br>**DATAWAY'S MOTION TO CHANGE TIME OF HEARING OF DEFENDANT'S MOTION TO STRIKE REPLY OF COUNTERDEFENDANT AT&T CORP. TO COUNTERCLAIM OF COUNTERCLAIMANT DATAWAY INC.** |
| Dataway, Inc.<br><br>　　　　　COUNTERCLAIMANT<br><br>v.<br><br>AT&T Corp.<br><br>　　　　　COUNTERDEFENDANT | **Date: August 5, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: E** |

PLEASE TAKE NOTICE that in Court Room E on August 5, 2007 Defendant and Counterplaintiff Dataway, Inc. (hereinafter "Dataway" / "Defendant") will and hereby does move this court for an order to change the time for hearing Defendant's Motion to Strike AT&T's Untimely Reply to Dataway's Answer and Counterclaim.

---

1

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION          CASE NO. C07-02440-EDL

1  This Motion is made on the grounds that the time for replying to Dataway's Answer and
2  Counterclaim had expired for over six (6) months when AT&T filed its responsive pleading on
3  July 16, 2008 and that a determination if AT&T's pleading shall be effectual and available, is
4  necessary before the Court can rule on the parties' dispositive motions on August 5, 2008.

5  This motion to shorten time is based on this Notice of Motion, the attached Declaration of
6  Anne-Leith Matlock in Support of Dataway's Motion to Shorten Time, the subsequent
7  Memorandum of Points and Authorities, and the pleadings, papers, records and documents filed
8  in this action, as well as further matters that may be presented to the Court prior to its ruling on
9  this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

11 Defendant Dataway hereby submits its Memorandum of Points and Authorities in support
12 of its Motion to Change Time pursuant to Civil Local Rule 6-3.

## ARGUMENT

14 Dataway respectfully requests that the Court changes the time for hearing Dataway's
15 Motion to Strike AT&T's late answer/reply and hears Dataway's motion on August 5, 2008.

### 1. Grounds for Change pursuant to Civil Local Rule 6-3(a)(1)

17 Dataway requests that this Court hears Dataway's Motion to Strike AT&T's
18 Answer/Reply earlier than it is prescribed by the F.R.C.P and Civil Local Rules for various
19 reasons. First, Dataway continuously had to face difficulties caused by AT&T's actions that
20 violated procedural rules and rules of fair conduct. The most recent dispute arose when AT&T
21 filed its reply to Dataway's Answer and Counterclaim (Docket No.31) 170 days after its actual
22 due date. As such late filing is unreasonable and scandalous, AT&T either should immediately
23 withdraw its pleading because it is not presented for a proper purpose, caused and will cause
24 further unnecessary delay, and does needlessly increase the costs of this litigation. AT&T's
25 allegations and defenses are not warranted by existing law because they violate procedural rules
26 (see p.2 l.6 to p.4 l.7 of Dataway's Motion to Strike) and fail to establish the foundation for the
27 two claimed defenses despite the courts order regarding the parties' motion to compel. See p.5
28 l.1 to p.8 l. 15 of Dataway's Motion to Strike, Docket No.116. Second, Dataway is without fault

*Matlock Law Group, PC.*

2

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION     CASE NO. C07-02440-EDL

in creating the time crisis at hand. Dataway filed its Answer and Counterclaim (Docket No. 31) timely on October 17, 2007 and was always held responsible to meet and did in fact adhere to deadlines. AT&T's blatant failure to adhere to basic procedural rules has to be addressed appropriately and quickest possible to avoid disadvantageous results for Dataway (see ¶ 4 of this motion). Finally, and most importantly, the availability and potency of AT&T's answer/reply will have significant impact on the outcome of the dispositive motion hearing on August 5, 2008. If this Court adheres to and enforces pertinent procedural rules, all facts alleged in Dataway's Answer and Counterclaim are admitted and are hence, beyond dispute. In that case, AT&T's Motion for Summary Judgment (hereinafter "AT&T's MSJ") has to be denied as requested by Dataway, and Summary Judgment shall be granted in Dataway's favor. In the prodigious event that the Court should decide that AT&T's responsive pleading is effective despite its scandalous deficiencies (see Dataway's Motion to Strike), AT&T's MSJ would unjustifiably state that facts sufficient to establish AT&T's causes of action are undisputed. In that case, Summary Judgment in favor of AT&T has to be denied and the dispute will enter trial stage. Hence, a decision about AT&T's answer/reply and the availability of the allegations in Dataway's Answer and Counterclaim must be taken at or before the dispositive motion hearing on August 5, 2008.

### 2. Plaintiff refused to stipulate to time change, Civil Local Rule 6-3(a)(2)

On July 24, 2008 at around 4 p.m., Defendant's counsel contacted opposing Counsel and discussed a possible stipulation to a change of time of the hearing pursuant to Civil Local Rule 6-2. Dataway's counsel had prepared a draft for a potential stipulation for Mr. Aires. However, Plaintiff's counsel was not responsive to any suggestion and the Meet and Confer remained unsuccessful. See ¶ 7 of Declaration of Mrs. Matlock.

### 3. Immediate Redress of Discovery Issues is Necessary to Prevent Substantial Harm or Prejudice to Dataway, Civil Local Rule 6-3(a)(3)

The present litigation is at a critical stage. Discovery has ended even though it was not fully satisfactory and , and now the dispute either proceeds to trial or will be ended in one party's favor the court holds the facts prove the merit of certain or all causes of action. If the Dataway's allegations in its answer and counterclaim are not available as admitted by AT&T due to its

Matlock Law Group, PC.

3

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION    CASE NO. C07-02440-EDL

failure to respond, the outcome of the dispositive motion hearing will be less successful outcome for Dataway than it should. A justified decision regarding summary judgment can only be taken at that hearing if the Court previously issued an order regarding the validity of the document that AT&T filed on July 16, 2008. If the Court follows the pertinent procedural rules and strikes AT&T's answer/reply, Dataway can establish all facts supporting its causes of action. Further it can demonstrate, that AT&T's allegedly "undisputed facts" are undisputed but proven to be the opposite of what AT&T alleged. If Dataway's Motion to Strike will not be heard at the Dispositive Motion Hearing date, the orders resulting from the Dispositive Motion hearing are less predictable. Dataway will have to face additional unnecessary and excessive costs because most likely the high standard for a Summary Judgment will not be met by either party and the parties will enter trial.

### 4. Nature of Underlying Dispute

This litigation began as a collection action in which Plaintiff AT&T alleges that Dataway is responsible for certain charges for telephone calls made to the Philippines using AT&T services and further alleges Dataway has refused to pay said charges. Dataway denies that it incurred said charges but that the alleged charges were the result of the unauthorized, intervening criminal conduct of third-party hackers from a remote location and not made using the services contracted for by Dataway, but charged to an account neither opened, maintained, or authorized by Dataway. Defendant asserts, moreover, that Plaintiff promised to set up protections against both "slamming" (switching telecommunications services without direct instructions from the customer) and also against fraudulent access by third parties, and that it failed to do so, resulting in the charges which it now seeks to recover from Defendant. Therefore, Dataway has counterclaimed against Plaintiff alleging various contract breaches, fraud and violation of the "anti-slamming" law, 47 U.S.C. § 258. Dataway filed this Answer and Counterclaim (Docket No. 31 and 32) on October 17, 2007, in response to AT&T's Complaint for Damages (Docket No. 1, filed on May 7, 2007). AT&T merely reacted to Dataway's pleading by filing a Motion to Dismiss. The Court denied AT&T's motion and an answer by AT&T's was due on Monday, January 28, 2008. See Motion to Strike p. 2 l. – p.3 l.25. AT&T however, did not respond until

Matlock Law Group, PC.

4
DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION    CASE NO. C07-02440-EDL

July 16, 2008, the day after Dataway discussed in its Opposition to AT&T's MSJ the effect of a parties failure to respond timely. See Dataway's Motion to Strike p. 2 l.6 to p.4 l.7; F.R.C.P. 12(a)(1)(B), 8(B)(6). Moreover, AT&T's affirmative defenses stated in the late AT&T answer/reply are redundant, immaterial, impertinent, and scandalous. See Dataway's Motion to Strike p. 4 l.8 to p.8 l.15. For this reason, Dataway requested that AT&T's answer/reply is stricken because it is clearly against pertinent rules and orders (see supra) and must be treated as such.

### 5. Prior Extension of time by Court Order, Civil Local Rule 6-3(a)(5)

The only previous time change in the present litigation was a result of Dataway's granted Motion to Compel Production. On May 20, 2008, this Court ordered after hearing Defendant's Motion to Compel Production that the last day to hear dispositive motions deadline is extended to August 5, 2008, and the last day for filing dispositive motions to July, 1, 2008. Besides this, there have been no previous time modifications in this case. However, the litigation at hand is generally proceeding slowly and inefficiently.

### 6. Time Change will Promote Time Efficient Handling of the Case

Shortening the time for hearing Defendant's Motion to Strike will further a quick solution of the dispute at hand. At best, granting the herein requested time change may even lead to the end of the present proceeding if Summary Judgment is entered in Dataway's favor. An expeditious hearing however, would fuel the discrepancies between the parties (see Dataway's Motion to Strike) and extend the litigation more than necessary.

### CONCLUSION

In light of the foregoing, Defendant Dataway, Inc., respectfully requests that an Order be entered shortening time for hearing Defendant's Motion to Strike AT&T's answer/reply and reschedule the hearing date for August 5, 2008.

Dated: July 24, 2008                                    MATLOCK LAW GROUP

By: _____
Anne-Leith Matlock, Esq.
Attorneys for Defendant/
Counterclaimant Dataway, Inc.

Matlock Law Group, PC.

5

DATAWAY'S MOTION TO CHANGE TIME, NOTICE
OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION          CASE NO. C07-02440-EDL