1  Timothy Carl Aires, Esq. (138169)
   AIRES LAW FIRM
2  180 Newport Center Drive, Suite 260
   Newport Beach, California 92660
3  (949) 718-2020
   (949) 718-2021 FAX
4
   Attorneys for Plaintiff and Counterdefendant,
5  AT&T CORP.

6

7              UNITED STATES DISTRICT COURT

8       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

10 AT&T CORP.,                        ) Case No. C07-02440 MMC
                                      )
11         Plaintiff,                 ) OPPOSITION OF PLAINTIFF AND
                                      ) COUNTERDEFENDANT AT&T CORP.
12 v.                                 ) TO EX PARTE MOTION OF
                                      ) DEFENDANT AND COUNTER-
13 DATAWAY INC. and dba DATAWAY       ) CLAIMANT DATAWAY INC. FOR
   DESIGNS,                           ) ORDER CHANGING TIME FOR
14                                    ) HEARING ON MOTION OF
           Defendants.                ) DEFENDANT AND COUNTER-
15 _____  ) CLAIMANT DATAWAY INC. TO
                                      ) STRIKE REPLY OF PLAINTIFF AND
16 AND RELATED COUNTERCLAIM.          ) COUNTERDEFENDANT AT&T CORP.
                                      ) TO COUNTERCLAIM OF
17                                    ) DEFENDANT AND
                                        COUNTERCLAIMANT DATAWAY
18                                      INC.; DECLARATION OF TIMOTHY
                                        CARL AIRES
19
                                        [F.R.C.P., Rule 6]
20
                                        DATE:   August 5, 2008
21                                      TIME:   9:30 a.m.
                                        CTRM:   E, 15th Floor
22

23      Plaintiff and Counterdefendant AT&T Corp. hereby submits its opposition to the ex

24 parte motion of Defendant and Counterclaimant Dataway Inc. for order changing time for

25 hearing on its motion of Counterclaimant Dataway Inc. to strike reply of Counterdefendant

26 AT&T Corp. to Counterclaim of Counterclaimant Dataway Inc., as follows:

27 ///

28 ///

---

OPPOSITION TO EX PARTE MOTION TO CHANGE HEARING

## OPPOSITION MEMORANDUM

1. **THE "EX PARTE MOTION TO SHORTEN TIME" IS NOT SUPPORTED BY GOOD CAUSE**

An application to shorten time must show good cause why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *[Mission Power Engineering Co. v. Continental Cas. Co. (CD CA 1995) 883 F.Supp. 488, 492.]* For the reasons which follow, good cause is not shown on this record.

2. **STATEMENT OF FACTS**

It is true that as a result of its attorney's neglect, AT&T failed to file a reply to Dataway's counterclaim until notice of the error was brought to the attention of AT&T's counsel on July 16, 2008. A reply to Dataway's counterclaim was filed on July 16, 2008.

Prior to July 15, 2008, Dataway *never* disclosed to AT&T or this Court that AT&T had failed to file a formal reply to the counterclaim. The issue is not raised in the Unilateral Case Management Statement filed by Dataway on April 8, 2008 (Docket No. 83). Dataway did not raise the issue at the April 15, 2008 Case Management Conference. Dataway did not raise the issue in its motion to compel discovery filed April 11, 2008 (Docket No. 87). Dataway did not raise the issue in its reply in support of its discovery motion filed May 9, 2008 (Docket No. 93) even though AT&T's opposition to the discovery motion (Docket No. 92) substantively attacked the merits of the counterclaim on all levels.

Dataway *never* sought the entry of AT&T's default as to the counterclaim under F.R.C.P., Rule 55. Dataway waited until the filing of its opposition to AT&T's motion for

///

summary judgment to raise the pleading defect. These recent proceedings initiated by Dataway followed.

3. <u>DISCUSSION</u>

(A) <u>THE UNTIMELY FILING OF A REPLY TO THE COUNTERCLAIM WITHOUT ENTRY OF DEFAULT IS OF NO LEGAL CONSEQUENCE</u>

In their treatise, Judge Schwarzer, Judge Tashima and Attorney Wagstaffe comment on the default procedure as follows:

> "Defendant's default (failure to respond) by itself, has no legal consequence. Until the default is "entered" by the court clerk (below), defendant can still appear in the action.
>
> I.e., if no default has yet been "entered," the clerk must accept for filing defendant's pleadings or motions although they are filed late. Once they are filed, it is too late for entry of default (below), and defendant can proceed with its defense.
> ...
> Entry of default is not automatic. Plaintiff must request such entry and provide the clerk with the required proof of default."

[Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (2007) "Defaults" ¶¶6:2,7.]

The untimely filing of a reply to the counterclaim without entry of default is of no legal consequence. AT&T's pending motion for summary judgment placed Dataway on

notice as to the nature, source and extent of AT&T's denials and defenses to the counterclaim. There is no need to expedite the hearing of Dataway's strike motion since AT&T's motion for summary judgment served the same purpose as a reply to the counterclaim. *[Rashidi v. Albright, 818 F.Supp. 1354, 1356 (D NV 1993); F.R.C.P., Rule 56.]* The requested relief should be denied.

(B)   SHARP PRACTICE SHOULD NOT BE REWARDED OR CONDONED.

In their treatise, Judge Schwarzer, Judge Tashima and Attorney Wagstaffe comment on the duty to warn before seeking a default as follows:

> "[G]ood practice dictates that plaintiff's counsel notify defendant's counsel before requesting default entry. Otherwise, the default will almost certainly be set aside by the court, resulting in delay and complicating future dealing with defendant's counsel."

*[Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2007) "Defaults" ¶6:18.]*

The Courts of this State have long held that sharp practices in litigation are not to be rewarded or condoned. In *Smith v. Los Angeles Bookbinders Union No. 63 (1955) 133 Cal.App.2d 486*, the Court noted:

> "The law does not favor snap judgments. The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise,

inadvertence, or neglect of his adversary. Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default. A broad discretion is allowed to courts in granting relief, against default, and it is in cases only where the lower court has abused its discretion that the appellate court will reverse its action." The quiet speed of plaintiffs' attorney in seeking a default judgment without the knowledge of defendants' counsel is not to be commended."

[*Smith v. Los Angeles Bookbinders Union No. 63* (1955) 133 Cal.App.2d 486, 500 (disapproved on other grounds in *MacLeod v. Tribune Pub. Co., Inc.* (1959) 52 Cal.2d 536, 551.]

More recently, sharp practice has been met by our state appellate courts with even greater criticism:

> We are particularly troubled by the court's remarks characterizing the legal profession as "a dog-eat-dog business," "the law of the jungle" and "people . . . cutting each other up." If this is, indeed, the modern trend, it should be curtailed so far as possible, not rewarded.
>
> ...

///

> "Even legitimate tactics must sometimes yield to the only goal that justifies the very existence of our judicial system; i.e., the resolution of our citizens' disputes and the administration of justice."

[*Brown v. Presley of So. Calif.* (1989) 213 Cal.App.3d 612, 620, fn. 3.]

Dataway should have either notified AT&T's counsel of the pleading error or, at a minimum, taken a default which would have placed AT&T on notice of the need to seek relief under Rule 55(c).[1] Instead, Dataway sought an unfair advantage in this litigation by concealing its knowledge regarding AT&T's failure to timely file a reply until the last possible moment. Dataway's conduct is in direct contravention that matters be litigated in a manner "to secure the just, speedy, and inexpensive determination of every action ...". [F.R.C.P., Rule 1.] Such sharp practice should not be rewarded or condoned. The requested relief should be denied.

(C) **AT&T'S INTENT TO DEFEND IS PRESENT ON THIS RECORD**

No default can be entered if defendant has filed a response indicating its intent to defend the action. [*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988).] Even a late-filed responsive pleading (filed after

---

[1] F.R.C.P., Rule 55(b)(2) requires that notice of default be given, thereby allowing a defaulted defendant who has appeared in the action opportunity to show "good cause" why the default should be set aside before a default judgment is entered. [*Sea-Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir. 1998) (Purpose of Rule 55(b)(2) notice requirement "is to permit a party to show cause for its failure to timely appear".).] Failure to give such notice where required is a "serious procedural error" violating due process: "Absent special circumstances, the failure to give necessary notice will require that the default judgment be set aside where attacked on direct appeal or by a motion to vacate the judgment." [*In re Roxford Foods, Inc.*, 12 F.3d 875, 881 (9th Cir. 1993).]

expiration of the time allowed by FRCP Rule 12(a)) prevents entry of a default. *[Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002).]* Any motion indicating an intent to defend the action bars default, including Rule 56 motions. *[Rashidi v. Albright, 818 F.Supp. 1354, 1356 (D NV 1993); F.R.C.P., Rule 56.]* Indeed, any response indicating an intent to defend prevents entry of default. *[See de Antonio v. Solomon, 42 F.R.D. 320, 322 (D MA 1967) (Assertion of privilege against self-incrimination.).]*

In this action over an $11,534.67 phone bill, the docket, which now contains no less than 122 items, clearly and unambiguously indicates an intent on the part of AT&T to defend itself against the counterclaim.[2] There is no evidence to the contrary. The requested relief should be denied.

(D) NO SHOWING BY DATAWAY OF UNFAIR PREJUDICE

"There is no prejudice to the [counterclaimant] where the setting aside of the default has done no harm to [counterclaimant] except to require it to prove its case." *[Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000); see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001).]* Defaults are generally disfavored; for it is the policy of the law that, wherever possible, cases should be decided on their merits – Any doubts as to the propriety of a default are usually resolved against the party seeking default. *[Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).]*

---

[2]Default proceedings protect diligent parties from delay and uncertainty caused by unresponsive parties – A default ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *[Swaim v. Moltan Co., 73 F.3d 711, 716 (7th Cir. 1996).]* There is no evidence on this record that AT&T is not vigorously pursuing its defense. When preparing opposition to the motion for summary judgment, no reasonable reliance could have (or should have) been placed upon the absence from the docket of a reply to the counterclaim given the vigor of this litigation.

At a minimum, the opposition to Dataway's discovery motion and AT&T's pending motion for summary judgment placed Dataway on notice as to the nature, source and extent of AT&T's denials and defenses to the counterclaim. A reply to the counterclaim was filed to cure the pleading error the morning after it was disclosed in Dataway's opposition to AT&T's motion for summary judgment.[3] It is of no small significance that AT&T's reply to the counterclaim does not contain any matter not previously disclosed to Dataway during this action, thereby vitiating any argument of unfair prejudice. Dataway has not even attempted to establish any unfair prejudice.[4] Under all of the circumstances of this action, the compelling interest in seeing that matters be tried and resolved on their merits must triumph.

Dataway should have either notified AT&T's counsel of the pleading error or, at a minimum, taken a default which would have placed AT&T on notice of the need to seek relief under Rule 55(c). Instead, Dataway sought an unfair advantage in this litigation by concealing its knowledge regarding AT&T's failure to timely file a reply until the last

---

[3]Trial courts may refuse to entertain a motion for a default judgment. *[See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3rd Cir. 2000) (Plaintiff failed to demonstrate any prejudice from Defendant's late answer that contained a litigable defense to the complaint. Also, there was no evidence that defendant's delay in filing an answer was either "willful" or in "bad faith."); O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (The answer was technically late but it was submitted on the same day that plaintiff filed the motion for default judgment); Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (The merits of the claim were doubtful, and defendant's failure to answer was excusable neglect in light of ongoing settlement negotiations.); Educational Serv., Inc. v. Maryland State Board for Higher Education, 710 F.2d 170, 176 (4th Cir. 1983) (Motion for relief would have to be granted in any event because defendant had appeared in the action and opposed a request for preliminary injunction in which it set forth its defenses.).]*

[4]For example, Dataway has not shown that the delay resulted in the loss of evidence, that it increased the difficulty of discovery, or that it thwarted its ability to obtain relief. *[Cutting v. Town of Allenstown, 936 F.2d 18, 22 (1st Cir. 1991) (Plaintiff died in intervening period); Northwestern Mut. Life Ins. Co. v. DeMalleray, 789 F.Supp. 651, 654 (SD NY 1992) (Loss of records in interim); Whelan v. Abell, 48 F.3d 1247, 1258-1259 (DC Cir. 1995) (Trial completed against other defendants.).]*

possible moment. Dataway's conduct is in direct contravention that matters be litigated in a manner "to secure the just, speedy, and inexpensive determination of every action ...". [F.R.C.P., Rule 1.] Such conduct should not be rewarded. The requested relief should be denied.

(E) **EVEN A DEFAULT DOES NOT VITIATE THE NEED TO PRESENT ADMISSIBLE EVIDENCE OF DAMAGES; THE AMOUNT OF A DEFAULT JUDGMENT CANNOT EXCEED THE PRAYER.**

F.R.C.P., Rule 8(b)(6) provides: "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." However, only upon default will the factual allegations of the complaint, except those relating to the amount of damages, be taken as true. *[TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).]*[5] Evidence of damages is required where the claim is for an unliquidated amount or for punitive damages. *[F.R.C.P., Rule 55(b)(2).]* The allegations of the complaint as to amount of damages suffered are not controlling, but the judgment may not exceed the prayer. *[Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323-1324 (7th Cir. 1983).]*

Here, the prayer of Dataway's counterclaim is silent as to a specified amount of damages allegedly suffered. Hence, even assuming AT&T is "in default", Dataway cannot obtain a "default judgment" in any amount! Striking AT&T's reply would serve absolutely no purpose since an amendment to the Counterclaim would be required before any monetary
///

---

[5]Although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *[Cripps v. Life Ins. Co. of No. America, 980 F.2d 1261, 1267 (9th Cir. 1992).]*

OPPOSITION TO EX PARTE MOTION TO CHANGE HEARING

8

relief could be granted on a default basis, and the amendment would open the default, thereby allowing AT&T an opportunity to file a reply to the amended Counterclaim.

These recent proceedings initiated by Dataway are in direct contravention that matters be litigated in a manner "to secure the just, speedy, and inexpensive determination of every action ...". [F.R.C.P., Rule 1.] Such conduct should not be rewarded. The requested relief should be denied.

4.   CONCLUSION

For the foregoing reasons, the ex parte motion of Defendant and Counterclaimant Dataway Inc. for order changing time for hearing on its motion of Counterclaimant Dataway Inc. to strike reply of Counterdefendant AT&T Corp. to Counterclaim of Counterclaimant Dataway Inc. should be denied.

DATED: July 25, 2008           AIRES LAW FIRM

                               By:_____
                                  Timothy Carl Aires, Esq.
                                  Attorney for Plaintiff and Counterdefendant,
                                  AT&T CORP.