1  Timothy Carl Aires, Esq. (138169)
   AIRES LAW FIRM
2  180 Newport Center Drive, Suite 260
   Newport Beach, California 92660
3  (949) 718-2020
   (949) 718-2021 FAX
4
   Attorneys for Plaintiff and Counterdefendant,
5  AT&T CORP.

6

7                    UNITED STATES DISTRICT COURT

8        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

10  AT&T CORP.,                        )  Case No. C07-02440 EDL
                                       )
11          Plaintiff,                 )  OPPOSITION OF PLAINTIFF AND
                                       )  COUNTERDEFENDANT AT&T CORP.
12  v.                                 )  TO MOTION OF DEFENDANT AND
                                       )  COUNTER-CLAIMANT DATAWAY
13  DATAWAY INC. and dba DATAWAY       )  INC. TO STRIKE REPLY OF
    DESIGNS,                           )  PLAINTIFF AND
14                                     )  COUNTERDEFENDANT AT&T CORP.
            Defendants.                )  TO COUNTERCLAIM OF
15  _____)  DEFENDANT AND
                                       )  COUNTERCLAIMANT DATAWAY
16  AND RELATED COUNTERCLAIM.          )  INC.; DECLARATION OF TIMOTHY
                                       )  CARL AIRES
17  _____)
                                          [F.R.C.P., Rule 12(f)]
18
                                          DATE:        August 12, 2008
19                                        TIME:        9:30 a.m.
                                          CTRM:        E, 15th Floor
20

21          Plaintiff and Counterdefendant AT&T Corp. hereby submits its opposition to the

22  motion of Counterclaimant Dataway Inc. to strike reply of Counterdefendant AT&T Corp.

23  to Counterclaim of Counterclaimant Dataway Inc., as follows:

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION MEMORANDUM

1.    STATEMENT OF FACTS

It is true that as a result of its attorney's neglect, AT&T failed to file a reply to Dataway's counterclaim until notice of the error was brought to the attention of AT&T's counsel on July 16, 2008. A reply to Dataway's counterclaim was filed on July 16, 2008.

Prior to July 15, 2008, Dataway *never* disclosed to AT&T or this Court that AT&T had failed to file a formal reply to the counterclaim. The issue is not raised in the Unilateral Case Management Statement filed by Dataway on April 8, 2008 (Docket No. 83). Dataway did not raise the issue at the April 15, 2008 Case Management Conference. Dataway did not raise the issue in its motion to compel discovery filed April 11, 2008 (Docket No. 87). Dataway did not raise the issue in its reply in support of its discovery motion filed May 9, 2008 (Docket No. 93) even though AT&T's opposition to the discovery motion (Docket No. 92) substantively attacked the merits of the counterclaim on all levels.

Dataway *never* sought the entry of AT&T's default as to the counterclaim under F.R.C.P., Rule 55. Dataway waited until the filing of its opposition to AT&T's motion for summary judgment to raise the pleading defect. These recent proceedings initiated by Dataway followed.[1]

2.    DISCUSSION

///

///

--------

[1]F.R.C.P., Rule 12(f) provides that "[t]he court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent or scandalous matter." F.R.C.P., Rule 12(f) does not speak to striking an entire pleading, although decisional authority appears to support the possibility of doing so. *[Canady v. Erbe Elektromedizin GmbH (D DC 2004) 307 F.Supp.2d 2.]* Arguably, however, F.R.C.P., Rule 55 presents the only means to "penalize" the belated filing of an answer to a complaint or a reply to a counterclaim.

1    (A)    <u>PUBLIC POLICY STILL "STRONGLY FAVORS RESOLUTION OF</u>

2    <u>DISPUTES ON THEIR MERITS"</u>

3

4    The case of <u>*Canady v. Erbe Elektromedizin GmbH*</u> *(D DC 2004) 307 F.Supp.2d 2* is

5    eerily familiar to this case. In <u>Canady</u>, the District Court dealt with an almost identical fact

6    pattern involving a belated reply [answer] to a counterclaim. In rejecting the motion to strike

7    the belated answer and enter a default judgment, the District Court reasoned:

8    "This patent matter presents a textbook example of how

9    Rambo-style litigation tactics prevent the just and speedy

10    determination of a case. ...

11    ...

12    The defendants filed and served their counterclaims on August

13    5, 1997. ... According to Rule 12(a)(2), the plaintiffs had to

14    serve their answer to the counterclaims on or about August 25,

15    1997. FED. R. CIV. P. 12(a)(2). It is therefore undisputed that

16    the plaintiffs missed the deadline by more than six months when

17    they filed their answer in March 1998.

18    The defendants would like to strike the plaintiffs' answer so that

19    the court can declare the plaintiffs in default and proceed toward

20    default judgment. Such a result, however, would contravene the

21    established policies disfavoring motions to strike, ..., and

22    favoring the resolution of cases on their merits. See <u>Jackson v.</u>

23    <u>Beech</u>, 636 F.2d 831, 835 (D.C. Cir. 1980) (emphasizing that

24    courts "strongly favor resolution of disputes on their merits" and

25    "it seems inherently unfair to ... enter judgment as a penalty for

26    filing delays" (internal quotations omitted)). The court therefore

27    denies the defendants' motion to strike and moves on to address

28    the defendants' motion for default judgment.

1          ...

2                Now that the court has ruled against the defendants' motion to

3          strike, the plaintiffs' answer to the counterclaims prevents the

4          application of default judgment. Consequently, the defendants'

5          motion for the entry of default judgment can be summed up in

6          one word: moot. This outcome finds support in the court's prior

7          ruling, which denied the defendants' prior motion for default

8          judgment as moot. ...

9                Even if the court were to strike the plaintiffs' answer, the court

10         still would not be in a position to grant the defendants default

11         judgment in light of the absence of an entry of default.  Indeed,

12         a fatal flaw with the defendants' approach is their blindness to

13         the two-step process calling for the entry of default, followed by

14         the entry of default judgment.

15               The defendants failed to implement the first step by asking the

16         Clerk of the Court to enter default against the plaintiffs. Thus,

17         under this alternate theory, the defendants are in no position to

18         apply for the entry of default judgment.

19               Assuming arguendo that the defendants' motion is justiciable,

20         the court would nevertheless be reluctant to trigger the default

21         mechanism in this case. The D.C. Circuit recently confirmed its

22         preference for an adjudication on the merits and a corresponding

23         disfavor for resolving litigation by default.

24               This line of reasoning rhymes with the Federal Rules of Civil

25         Procedure, which generally embody an effort to ensure that

26         courts decide cases based on the strength of the adversaries'

27         arguments rather than on the skillful use of technicalities. See

28         Foman v. Davis, 371 U.S. 178, 181-82 (1962) (explaining that

1    "[i]t is too late in the day and entirely contrary to the spirit of the

2    Federal Rules of Civil Procedure for decisions on the merits to

3    be avoided on the basis of mere technicalities"). The court

4    therefore declines the defendants' invitation to play "a game of

5    skill in which one misstep by counsel may be decisive to the

6    outcome," accepting instead the well-founded precept

7    disfavoring default judgments."

8  *[Canady v. Erbe Elektromedizin GmbH (D DC 2004) 307 F.Supp.2d 2, 9-12.]*

9    As in <u>Canady</u>, this Court should deny the strike motion in favor of a "resolution of

10  [this] dispute[] on [it] merits".

11

12  (B)    <u>THE UNTIMELY FILING OF A REPLY TO THE COUNTERCLAIM</u>

13  <u>WITHOUT ENTRY OF DEFAULT IS OF NO LEGAL CONSEQUENCE</u>

14

15    In their treatise, Judge Schwarzer, Judge Tashima and Attorney Wagstaffe comment

16  on the default procedure as follows:

17    "Defendant's default (failure to respond) by itself, has no legal

18    consequence. Until the default is "entered" by the court clerk

19    (below), defendant can still appear in the action.

20    I.e., if no default has yet been "entered," the clerk must accept

21    for filing defendant's pleadings or motions although they are

22    filed late. Once they are filed, it is too late for entry of default

23    (below), and defendant can proceed with its defense.

24    ...

25    Entry of default is not automatic. Plaintiff must request such

26    entry and provide the clerk with the required proof of default."

27  *[Schwarzer, Tashima & Wagstaffe, <u>California Practice Guide: Federal Civil Procedure</u>*

28  *<u>Before Trial</u> (2007) "Defaults" ¶¶6:2,7.]*

1    The untimely filing of a reply to the counterclaim without entry of default is of no

2    legal consequence.  AT&T's pending motion for summary judgment placed Dataway on

3    notice as to the nature, source and extent of AT&T's denials and defenses to the

4    counterclaim.  AT&T's motion for summary judgment served the same purpose as a reply

5    to the counterclaim.  *[Rashidi v. Albright, 818 F.Supp. 1354, 1356 (D NV 1993); F.R.C.P.,*

6    *Rule 56.]*  The requested relief should be denied.

7

8    (C)    SHARP PRACTICE SHOULD NOT BE REWARDED OR CONDONED.

9

10    In their treatise, Judge Schwarzer, Judge Tashima and Attorney Wagstaffe comment

11    on the duty to warn before seeking a default as follows:

12            "[G]ood practice dictates that plaintiff's counsel notify

13            defendant's counsel before requesting default entry. Otherwise,

14            the default will almost certainly be set aside by the court,

15            resulting in delay and complicating future dealing with

16            defendant's counsel."

17    *[Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure*

18    *Before Trial (2007) "Defaults" ¶6:18.][2]*

19    _____

20        [2]The Courts of this State have long held that sharp practices in litigation are not to be
    rewarded or condoned.  In *Smith v. Los Angeles Bookbinders Union No. 63 (1955) 133*
21    *Cal.App.2d 486*, the Court noted: "The law does not favor snap judgments. The policy of the law
    is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who,
22    regardless of the merits of his case, attempts to take advantage of the mistake, surprise,
    inadvertence, or neglect of his adversary. Where a party in default makes seasonable application
23    to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff
    files no counter affidavit and makes no showing that he has suffered any prejudice or that
24    injustice will result from the trial of the case upon its merits, very slight evidence will be required
    to justify a court in setting aside the default.  A broad discretion is allowed to courts in granting
25    relief, against default, and it is in cases only where the lower court has abused its discretion that
    the appellate court will reverse its action." The quiet speed of plaintiffs' attorney in seeking a
26    default judgment without the knowledge of defendants' counsel is not to be commended." *[Smith*
27    *v. Los Angeles Bookbinders Union No. 63 (1955) 133 Cal.App.2d 486, 500 (disapproved on*
28    *other grounds in MacLeod v. Tribune Pub. Co., Inc. (1959) 52 Cal.2d 536, 551.]* More recently,

1    Dataway should have either notified AT&T's counsel of the pleading error or, at a

2    minimum, taken a default which would have placed AT&T on notice of the need to seek

3    relief under Rule 55(c).[3]  Instead, Dataway sought an unfair advantage in this litigation by

4    concealing its knowledge regarding AT&T's failure to timely file a reply until the last

5    possible moment.  Dataway's conduct is in direct contravention that matters be litigated in

6    a manner "to secure the just, speedy, and inexpensive determination of every action ...".

7    [F.R.C.P., Rule 1.]  Such sharp practice should not be rewarded or condoned.  The requested

8    relief should be denied.

9

10    (D)    AT&T'S INTENT TO DEFEND IS PRESENT ON THIS RECORD

11

12    No default can be entered if defendant has filed a response indicating its intent to

13    defend the action. *[Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,*

14    *840 F.2d 685, 689 (9th Cir. 1988).]*  Even a late-filed responsive pleading (filed after

15    expiration of the time allowed by FRCP Rule 12(a)) prevents entry of a default. *[Mitchell v.*

16    *Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002).]* Any motion

17    indicating an intent to defend the action bars default, including Rule 56 motions. *[Rashidi*

18    ─────────────

19    sharp practice has been met by our state appellate courts with even greater criticism: "We are
particularly troubled by the court's remarks characterizing the legal profession as "a dog-eat-dog

20    business," "the law of the jungle" and "people . . . cutting each other up."  If this is, indeed, the
modern trend, it should be curtailed so far as possible, not rewarded. ..."Even legitimate tactics

21    must sometimes yield to the only goal that justifies the very existence of our judicial system; i.e.,
the resolution of our citizens' disputes and the administration of justice." *[Brown v. Presley of So.*

22    *Calif. (1989) 213 Cal.App.3d 612, 620, fn. 3.]*

23    [3]F.R.C.P., Rule 55(b)(2) requires that notice of default be given, thereby allowing a

24    defaulted defendant who has appeared in the action opportunity to show "good cause" why the
default should be set aside before a default judgment is entered. *[Sea-Land Service, Inc. v.*

25    *Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) (Purpose of Rule 55(b)(2) notice*

26    *requirement "is to permit a party to show cause for its failure to timely appear").]*  Failure to
give such notice where required is a "serious procedural error" violating due process: "Absent

27    special circumstances, the failure to give necessary notice will require that the default judgment
be set aside where attacked on direct appeal or by a motion to vacate the judgment." *[In re*

28    *Roxford Foods, Inc., 12 F.3d 875, 881 (9th Cir. 1993).]*

1  *v. Albright*, 818 F.Supp. 1354, 1356 (D NV 1993); F.R.C.P., Rule 56.] Indeed, any response

2  indicating an intent to defend prevents entry of default. *[See de Antonio v. Solomon*, 42

3  *F.R.D. 320, 322 (D MA 1967) (Assertion of privilege against self-incrimination.).]*

4      In this action over an $11,534.67 phone bill, the docket, which now contains no less

5  than 122 items, clearly and unambiguously indicates an intent on the part of AT&T to defend

6  itself against the counterclaim.[4]  There is no evidence to the contrary.  The requested relief

7  should be denied.

8

9      (E)    NO SHOWING BY DATAWAY OF UNFAIR PREJUDICE

10

11      "There is no prejudice to the [counterclaimant] where the setting aside of the default

12  has done no harm to  [counterclaimant] except to require it to prove its case." *[Lacy v. Sitel*

13  *Corp.*, 227 F.3d 290, 293 (5th Cir. 2000); *see also* TCI Group Life Ins. Plan v. Knoebber,

14  *244 F.3d 691, 701 (9th Cir. 2001).]* Defaults are generally disfavored; for it is the policy of

15  the law that, wherever possible, cases should be decided on their merits – Any doubts as to

16  the propriety of a default are usually resolved against the party seeking default. *[Pena v.*

17  *Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).]

18      At a minimum, the opposition to Dataway's discovery motion and AT&T's pending

19  motion for summary judgment placed Dataway on notice as to the nature, source and extent

20  of AT&T's denials and defenses to the counterclaim.  A reply to the counterclaim was filed

21  to cure the pleading error the morning after it was disclosed in Dataway's opposition to

22

23

24  _____

25  [4]Default proceedings protect diligent parties from delay and uncertainty caused by
    unresponsive parties – A default ensures "that litigants who are vigorously pursuing their cases

26  are not hindered by those who are not in an environment of limited judicial resources." *[Swaim v.*
    *Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996).] There is no evidence on this record that AT&T is

27  not vigorously pursuing its defense.  When preparing opposition to the motion for summary
    judgment, no reasonable reliance could have (or should have) been placed upon the absence from

28  the docket of a reply to the counterclaim given the vigor of this litigation.

1  AT&T's motion for summary judgment.[5]  It is of no small significance that AT&T's reply

2  to the counterclaim does not contain any matter not previously disclosed to Dataway during

3  this action, thereby vitiating any argument of unfair prejudice.  Dataway has not even

4  attempted to establish any unfair prejudice.[6]  Under all of the circumstances of this action,

5  the compelling interest in seeing that matters be tried and resolved on their merits must

6  triumph.

7       Dataway should have either notified AT&T's counsel of the pleading error or, at a

8  minimum, taken a default which would have placed AT&T on notice of the need to seek

9  relief under Rule 55(c).  Instead, Dataway sought an unfair advantage in this litigation by

10 concealing its knowledge regarding AT&T's failure to timely file a reply until the last

11 possible moment.  Dataway's conduct is in direct contravention that matters be litigated in

12 a manner "to secure the just, speedy, and inexpensive determination of every action ...".

13 [F.R.C.P., Rule 1.]  Such conduct should not be rewarded.  The requested relief should be

14 denied.

---

18    [5]Trial courts may refuse to entertain a motion for a default judgment. *[See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3rd Cir. 2000) (Plaintiff failed to demonstrate any prejudice from Defendant's late answer that contained a litigable defense to the complaint. Also, there was no evidence that defendant's delay in filing an answer was either "willful" or in "bad faith."); O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (The answer was technically late but it was submitted on the same day that plaintiff filed the motion for default judgment); Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (The merits of the claim were doubtful, and defendant's failure to answer was excusable neglect in light of ongoing settlement negotiations.); Educational Serv., Inc. v. Maryland State Board for Higher Education, 710 F.2d 170, 176 (4th Cir. 1983) (Motion for relief would have to be granted in any event because defendant had appeared in the action and opposed a request for preliminary injunction in which it set forth its defenses.).]*

25    [6]For example, Dataway has not shown that the delay resulted in the loss of evidence, that it increased the difficulty of discovery, or that it thwarted its ability to obtain relief. *[Cutting v. Town of Allenstown, 936 F.2d 18, 22 (1st Cir. 1991) (Plaintiff died in intervening period); Northwestern Mut. Life Ins. Co. v. DeMalleray, 789 F.Supp. 651, 654 (SD NY 1992) (Loss of records in interim); Whelan v. Abell, 48 F.3d 1247, 1258-1259 (DC Cir. 1995) (Trial completed against other defendants.).]*

(F)    EVEN A DEFAULT DOES NOT VITIATE THE NEED TO PRESENT ADMISSIBLE EVIDENCE OF DAMAGES; THE AMOUNT OF A DEFAULT JUDGMENT CANNOT EXCEED THE PRAYER.

F.R.C.P., Rule 8(b)(6) provides: "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." However, only upon default will the factual allegations of the complaint, except those relating to the amount of damages, be taken as true. *[TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).]*[7] Evidence of damages is required where the claim is for an unliquidated amount or for punitive damages. *[F.R.C.P., Rule 55(b)(2).]* The allegations of the complaint as to amount of damages suffered are not controlling, but the judgment may not exceed the prayer.  *[Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323-1324 (7th Cir. 1983).]*

Here, the prayer of Dataway's counterclaim is silent as to a specified amount of damages allegedly suffered. Hence, even assuming AT&T is "in default", Dataway cannot obtain a "default judgment" in any amount! Striking AT&T's reply would serve absolutely no purpose since an amendment to the Counterclaim would be required before any monetary relief could be granted on a default basis, and the amendment would open the default, thereby allowing AT&T an opportunity to file a reply to the amended Counterclaim.

These recent proceedings initiated by Dataway are in direct contravention that matters be litigated in a manner "to secure the just, speedy, and inexpensive determination of every action ...". [F.R.C.P., Rule 1.] Such conduct should not be rewarded. The requested relief should be denied.

///

---

[7]Although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *[Cripps v. Life Ins. Co. of No. America, 980 F.2d 1261, 1267 (9th Cir. 1992).]*

1  (G)    THE DENIALS AND DEFENSES OF THE REPLY ARE NOT
2  REDUNDANT, IMMATERIAL, IMPERTINENT OR SCANDALOUS.

3

4      Dataway argues that Rule 12(b) motions dispensed with the affirmative defenses
5  pleaded in AT&T's reply to the counterclaim. However, the defense of "failure to state a
6  claim" is never waived and this Court specifically held that its ruling on the Rule 12(b)
7  motions was "without prejudice" to future dispositive motions. The requested relief should
8  be denied.

9

10  3.    CONCLUSION

11

12      For the foregoing reasons, the motion of Counterclaimant Dataway Inc. to strike reply
13  of Counterdefendant AT&T Corp. to Counterclaim of Counterclaimant Dataway Inc. should
14  be denied.

15

16  DATED: July 30, 2008        AIRES LAW FIRM

17

18                  By:
19                      Timothy Carl Aires, Esq.
                        Attorney for Plaintiff and Counterdefendant,
                        AT&T CORP.
20

21

22

23

24

25

26

27

28