## DECLARATION OF TIMOTHY CARL AIRES

I, TIMOTHY CARL AIRES, hereby declare and state as follows:

1. The following facts are of my own personal, first-hand knowledge, and if called and sworn to testify thereto, I could and would competently do so.

2. I am an attorney at law, duly licensed to practice before all courts of the State of California as well as this Court and am a member of the Aires Law Firm, counsel for Plaintiff and Counterdefendant AT&T Corp.

3. I do not dispute that as a result of my neglect, AT&T failed to file a reply to Dataway's counterclaim until notice of the error was brought to my attention on the morning of July 16, 2008. A reply to Dataway's counterclaim was filed on July 16, 2008.

4. Prior to July 15, 2008, Attorney Matlock *never* disclosed to me or this Court that AT&T had failed to file a formal reply to the counterclaim. The issue is not raised in the Unilateral Case Management Statement filed by Dataway on April 8, 2008 (Docket No. 83). Dataway did not raise the issue at the April 15, 2008 Case Management Conference. Dataway did not raise the issue in its motion to compel discovery filed April 11, 2008 (Docket No. 87). Dataway did not raise the issue in its reply in support of its discovery motion filed May 9, 2008 (Docket No. 93) even though AT&T's opposition to the discovery motion (Docket No. 92) substantively attacked the merits of the counterclaim on all levels. Dataway *never* sought the entry of AT&T's default as to the counterclaim under F.R.C.P., Rule 55. Dataway waited until the filing of its opposition to AT&T's motion for summary judgment to raise the pleading defect.

///

///

5.      I have spoken with my calendaring person to find out how we failed to properly calendar the reply to the counterclaim. We concluded that we had not properly instituted a system to taken into account electronic filing and service of documents. I am pretty sure that this Court's order on AT&T's 12(b) motion was received only by e-mail. When I received the e-mail, I must have failed to insure that the order was printed out, delivered to the calendar box and then calendared in accordance with our usual custom and practice. We have modified our procedures to take into account ECF filing and service of documents. As soon as I read in Dataway's opposition to AT&T's motion for summary judgment that AT&T had failed to file a reply to the counterclaim, I went about preparing and filing a reply to the counterclaim. My client had nothing to do with this error. I request relief from the untimely filing of the reply to counterclaim.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 30th day of July, 2008, in Newport Beach, California.

_____
TIMOTHY CARL AIRES