Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORP., | ) Case No. C07-02440 EDL |
| Plaintiff, | ) EVIDENTIARY OBJECTIONS OF<br>) PLAINTIFF AND COUNTER- |
| v. | ) DEFENDANT AT&T CORP. TO<br>) SUPPLEMENTAL DECLARATION OF |
| DATAWAY INC. dba DATAWAY<br>DESIGNS, | ) ANNE-LEITH MATLOCK (FILED<br>) JULY 21, 2008) OFFERED BY<br>) DEFENDANT AND |
| Defendants. | ) COUNTERCLAIMANT DATAWAY<br>) INC. dba DATAWAY DESIGNS IN |
| | ) SUPPORT OF ITS OPPOSITION TO |
| AND RELATED COUNTERCLAIM. | ) MOTION FOR SUMMARY<br>) JUDGMENT |

[F.R.C.P., Rule 56]

DATE:    August 12, 2008
TIME:    9:30 a.m.
CTRM:    E, 15th Floor

Plaintiff and Counterdefendant AT&T Corp., by and through its counsel of record,

hereby submits its *Evidentiary Objections to Supplemental Declaration of Anne-Leith*

*Matlock (Filed July 21, 2008) Offered by Defendant and Counterclaimant Dataway Inc. dba*

*Dataway Designs in Support of its Opposition to Motion for Summary Judgment,* as follows:

///

///

1

## EVIDENTIARY OBJECTIONS

2

3    SUPPLEMENTAL DECLARATION OF ANNE-LEITH MATLOCK FILED JULY 21,

4    2008:

5

6    p. 2:6-8, ¶2: "On July 1, 2008 AT&T filed its Motion for Summary Judgment. On July

7    15, 2008 Dataway filed its Opposition to AT&T's motion requesting that AT&T's motion

8    shall be denied but that Summary Judgment in favor of Dataway is proper."

9    Objection: Irrelevant [Federal Rules of Evidence, Rules 402].

10

11    p. 2:9-10, ¶3: "Both parties refer to the Depositions of Simon Lewis and Francisco

12    Molieri, officers of Dataway, which constitute evidence satisfying the standard of F.R.C.P.

13    56."

14    Objection: Irrelevant [Federal Rules of Evidence, Rules 402]; Lacks foundation

15    [Federal Rules of Evidence, Rules 601 and 602]; Hearsay [Federal Rules of Evidence, Rule

16    802]; Legal conclusion [Smith v. Wal-Mart Stores, Inc. (6th Cir. 1999) 167 F.3d 286, 295

17    (interpretation of city and state building codes); McHugh v. United Service Auto. Ass'n (9th

18    Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); Askanase v. Fatjo (5th Cir.

19    1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

20    Snap-Drape, Inc. v. C.I.R. (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).]

21

22    p. 2:11-3:2, ¶4: "In particular Dataway's references are to the Deposition of Simon

23    Lewis, pages: a. 5 (1. 18-20) and 45 (1. 13-25): calls were epidemic; b. 6 (1. 3-5 and 18-19)

24    and 27 (1. 5-17): AT&T employees knew that Dataway did not execute calls and that charges

25    should be waived; c. 1 0 (6-11), 43 (p.21 – p.44 1. 14): calls were fraudulent, executed by

26    hackers, used and created unauthorized Legacy T account; d. 11 (1.9-13): calls were executed

27    from remote location in Kansas; e. 11 (1.16 - p.12 1.3): does not know how calls were

28    executed, which tariff was used and did not authorize them; f. 16 (1.16-20) and 25 (14-18):

1   Dataway did not become indebted to AT&T, did not receive services and was not reasonable

2   value; g. 29 (1.23- p.30 1.15) and 38 (1.2-9): Despite AT&T's promise, AT&T sent Notice

3   of Disconnect; h. 30 (1.16-21) and 46(1.4-12): Dataway denies charges; i. 32 (l.10-p.33 1.4),

4   34 (1.8-22) and 40 (1.9-19): consolidated its long- distance telecommunication with SBC,

5   Legacy S; j. 36: Dataway maintained security means; k. 42 (1.9-22): AT&T breached its oral

6   contract; l. 45 (1. 13-25): was hacking typical call and not a regular connection, and m. 20

7   (damages)."

8       Objection: Irrelevant [Federal Rules of Evidence, Rules 402]; Lacks foundation

9   [Federal Rules of Evidence, Rules 601 and 602]; Hearsay [Federal Rules of Evidence, Rule

10  802]; Legal conclusion [Smith v. Wal-Mart Stores, Inc. (6th Cir. 1999) 167 F.3d 286, 295

11  (interpretation of city and state building codes); McHugh v. United Service Auto. Ass'n (9th

12  Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); Askanase v. Fatjo (5th Cir.

13  1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

14  Snap-Drape, Inc. v. C.I.R. (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).]

15

16      p. 3:5-16, ¶5: "Moreover, the Dataway's Opposition to AT&T's Motion for Summary

17  Judgment refers to the Transcript of the Deposition of Francisco Molieri, pages: a. 7 (1. 1

18  8-22): calls were fraudulent, executed by hackers, used and created unauthorized Legacy T

19  account; b. 8 (1.2-7): hackers compromised voicemail and executed calls to the Philippines

20  using Legacy T); c. 12 (1.15 to p.15 1. 22): Dataway's security means; d. 13 (1. 1-7): AT&T

21  promised to waive charges once Dataway formally disputed them; e. 17 (1.7-9): don't know

22  how calls were executed and which tariff was used; f. 18 (1.12-23) and 59 (1.18 et.seq.):

23  hacker compromised voicemail system, executed calls from a remote location, but no

24  knowledge of used service; g. 58 (1. 19 - p.59 1.2: calls were epidemic; h. 59 (1. 3-5): AT&T

25  breached oral promise and sent Notice of Disconnect;"

26      Objection: Irrelevant [Federal Rules of Evidence, Rules 402]; Lacks foundation

27  [Federal Rules of Evidence, Rules 601 and 602]; Hearsay [Federal Rules of Evidence, Rule

28  802]; Legal conclusion [Smith v. Wal-Mart Stores, Inc. (6th Cir. 1999) 167 F.3d 286, 295

1  (interpretation of city and state building codes); <u>McHugh v. United Service Auto. Ass'n</u> (9th

2  Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); <u>Askanase v. Fatjo</u> (5th Cir.

3  1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

4  <u>Snap-Drape, Inc. v. C.I.R.</u> (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).]

5

6      p. 3:17-19, ¶6: "Due to the large number of transcript pages, only the pertinent pages

7  are attached as Exhibits. However, Dataway is prepared to submit a full copy of the

8  deposition transcripts at the Court's request."

9      Objection: Irrelevant [<u>Federal Rules of Evidence</u>, Rules 402]; Lacks foundation

10  [<u>Federal Rules of Evidence</u>, Rules 601 and 602]; Hearsay [<u>Federal Rules of Evidence</u>, Rule

11  802]; Legal conclusion [<u>Smith v. Wal-Mart Stores, Inc.</u> (6th Cir. 1999) 167 F.3d 286, 295

12  (interpretation of city and state building codes); <u>McHugh v. United Service Auto. Ass'n</u> (9th

13  Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); <u>Askanase v. Fatjo</u> (5th Cir.

14  1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

15  <u>Snap-Drape, Inc. v. C.I.R.</u> (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).]

16

17      p. 3:20-21, ¶7: "A copy of the pertinent pages of the Transcript of the Deposition of

18  Simon Lewis is attached hereto as Exhibit A."

19      Objection: Irrelevant [<u>Federal Rules of Evidence</u>, Rules 402]; Lacks foundation

20  [<u>Federal Rules of Evidence</u>, Rules 601 and 602]; Hearsay [<u>Federal Rules of Evidence</u>, Rule

21  802]; Legal conclusion [<u>Smith v. Wal-Mart Stores, Inc.</u> (6th Cir. 1999) 167 F.3d 286, 295

22  (interpretation of city and state building codes); <u>McHugh v. United Service Auto. Ass'n</u> (9th

23  Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); <u>Askanase v. Fatjo</u> (5th Cir.

24  1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

25  <u>Snap-Drape, Inc. v. C.I.R.</u> (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).]

26  ///

27  ///

28  ///

1    p. 3:22-23, ¶8: "A copy of the pertinent pages of the Transcript of the Deposition of

2   Francisco Molieri is attached as Exhibit B."

3    Objection: Irrelevant [Federal Rules of Evidence, Rules 402]; Lacks foundation

4   [Federal Rules of Evidence, Rules 601 and 602]; Hearsay [Federal Rules of Evidence, Rule

5   802]; Legal conclusion [Smith v. Wal-Mart Stores, Inc. (6th Cir. 1999) 167 F.3d 286, 295

6   (interpretation of city and state building codes); McHugh v. United Service Auto. Ass'n (9th

7   Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); Askanase v. Fatjo (5th Cir.

8   1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

9   Snap-Drape, Inc. v. C.I.R. (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).]

10

11    p. 3:24, ¶9: "A copy of the pertinent Bate Stamped documents is attached as Exhibit

12   C."

13    Objection: Irrelevant [Federal Rules of Evidence, Rules 402]; Lacks foundation

14   [Federal Rules of Evidence, Rules 601 and 602]; Hearsay [Federal Rules of Evidence, Rule

15   802]; Legal conclusion [Smith v. Wal-Mart Stores, Inc. (6th Cir. 1999) 167 F.3d 286, 295

16   (interpretation of city and state building codes); McHugh v. United Service Auto. Ass'n (9th

17   Cir. 1999) 164 F.3d 451, 454 (interpretation of insurance policy); Askanase v. Fatjo (5th Cir.

18   1997) 130 F.3d 657, 673 (whether corporation's directors breached fiduciary duties);

19   Snap-Drape, Inc. v. C.I.R. (5th Cir. 1996) 98 F.3d 194, 198 (interpretation of Tax Code).

20

21   DATED: July 30, 2008          AIRES LAW FIRM

22

23                        By:

24                          Timothy Carl Aires, Esq.
                          Attorney for Plaintiff and Counterdefendant,
25                          AT&T CORP.

26

27

28

EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL DECLARATION OF MATLOCK

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On July 30, 2008, I served the document entitled: *Evidentiary Objections of Plaintiff and Counter-defendant AT&T Corp. To Supplemental Declaration of Anne-Leith Matlock (Filed July 21, 2008) Offered by Defendant and Counterclaimant Dataway Inc. dba Dataway Designs in Support of its Opposition to Motion for Summary Judgment* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Anne Leith-Matlock, Esq. (anne-leith@matlocklawgroup.com)
Matlock Law Group, PC
1485 Treat Boulevard, Suite 200
Walnut Creek, CA 94597

(check applicable paragraphs)

__X__    (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__    (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

__    (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__    (State)    I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__    (Federal)    I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 30, 2008 _____
                                                                  Signature of Declarant