1  Matlock Law Group, PC
2  Anne Leith Matlock, K Brian Matlock
   1485 Treat Blvd., Suite 200
3  Walnut Creek, CA 94597
   Office: (925) 944-7131
4  Fax: (925) 944-7138
   E-mail: anne-leith@matlocklawgroup.com
5
   Attorneys for Defendant/Counterplaintiff,
6  Dataway, Inc.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 | AT&T Corp.                    | CASE NO. C07-02440 EDL
13 |                               |
   |        PLAINTIFF,             |
14 |                               | DATAWAY'S REPLY TO PLAINTIFF
   |    v.                         | AND COUNTERDEFENDANT'S
15 |                               | OPPOSITION TO DEFENDANT AND
   | Dataway, Inc.                 | COUNTERPLAINTIFF'S MOTION TO
16 |                               | STRIKE
   |        DEFENDANT.             |
17 |-------------------------------|
18 | Dataway, Inc.                 |
   |                               | Date: August 12, 2008
19 |        COUNTERCLAIMANT        | Time: 9:30 a.m.
   |                               | Courtroom: E
20 |    v.                         |
21 | AT&T Corp.                    |
22 |        COUNTERDEFENDANT       |
23

24

25     Defendant and Counterplaintiff Dataway, Inc. (hereinafter "Dataway" or "Defendant")

26 hereby replies to Plaintiff and Counterdefendant AT&T Corp.'s (hereinafter "AT&T" or

27 "Plaintiff") Opposition to Dataway's Motion to Strike (Docket No. 116) AT&T's untimely

28 Answer/Reply to Counterclaim (Docket No. 115).

### A. **Aire's answer/reply is extremely late and redundant, immaterial, impertinent, and scandalous and must be stricken**

In its Motion to Strike, Dataway has shown the procedural impermissibility and the redundancy of AT&T's answer/reply. It is generally accepted that Defendant's failure to deny allegations of a complaint/counterclaim constitutes a judicial admission of the matters alleged. See Lillge v. Verity, 2007 U.S. Dist. LEXIS 73543 (N.D. Cal. Oct. 1, 2007). Pursuant to 12(a)(1)(B) "a party *must* serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim. AT&T's answer/reply, Docket No. 115, should therefore be stricken ipso jure.

AT&T's argument that a court may relieve a party from a *judgment* or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party *moves* for relief (Fed. R. Civ. P. 60(b)) is not applicable to the present dispute. In the case at hand (1) there is no judgment or order that could be set aside, (2) AT&T did not move to set anything aside, and (3) only excusable neglect, which was not and cannot be demonstrated by AT&T, could justify such reset.

A comparison of the wording of Fed. R. Civ. P 55(b) with 8(b) demonstrates the different standards applied between a default judgment and the automatic admission of facts due to a party's failure to respond. Pursuant to 55(b)(2) a party *may* apply for a default judgment whereas pursuant to Fed. R. Civ. P. 8(b)(6) "[a]n allegation […] *is* admitted if a responsive pleading is required and the allegation is not denied. The language in Fed. R. Civ. P. 8(b)(6) clearly shows that the admission of facts is a required consequence when a party fails to respond pursuant to the rules of Federal Civil Procedure. However, under Fed. R. Civ. P 55(b)(2) it is required that a party moves for a default judgment where the entry of default then is in the court's discretion. Dataway merely requests an appropriate determination of a consequence that is already mandatory by law but not reflected on the court's docket yet. Statutorily, the pleading that Dataway requests to be stricken could have no possible bearing on the litigation. For this reason it has to be stricken.

### B. As Dataway does not seek an entry of default; the requirements for and policy reasons regarding entry of default are irrelevant

Seeking to obtain a default judgment pursuant to FRCP 54(c) is merely an option if a party fails to appear in time. However, Dataway did not intend to obtain a default judgment. Dataway refuses to pursue a default judgment in an inappropriate way. AT&T engaged in an extensive motion practice in this case, asserted defenses on other issues and clearly did not intend to let this case be ended by default. However, Dataway is not engaging in "sharp practice" by requesting this Court to treat AT&T's answer/reply as grossly late. Rather, Dataway wants the case to be tried upon the merits. For these reasons and court's general disfavor of default judgments, Dataway did not request entry of default due to AT&T's failure to respond. The Smith case as cited by AT&T, however, is not only overruled but also not applicable to the case at hand because it deals merely with default judgments. Smith v. Los Angeles Bookbinders Union, 133 Cal. App. 2d 486, 498 (Cal. App. 2d Dist. 1955).

Moreover, Dataway does not pursue a dog-eat-dog practice but merely seeks to maintain a fair proceeding and adhere to procedural requirements. AT&T's counsel entertains the engagement of sharp practices since the commencement of this action. He continuously refuses to cooperate, insults Dataway's counsel and Dataway's officer's in their Depositions (see Exhibit A), and displays unprofessional behavior as previously complained about by Dataway. Most recently, AT&T disclosed James Lake as its expert, depicted as the person most knowledgeable regarding the incident with Dataway. Mr. Lake was not produced timely when Dataway requested to depose the person most knowledgeable. These delaying and dodging tactics continue to divert the entire litigation and need to find an end.

### C. Courts often require a showing of prejudice to moving party but Dataway does not have to demonstrate unfair prejudice as Dataway is not seeking a default.

AT&T's claim that Dataway must demonstrate unfair prejudice to be able to win its Motion to Strike is false. AT&T's argument and the authority AT&T cites focuses on the requirement to demonstrate unfair prejudice in the context of seeking to prevent the overturning of a default. Dataway, mindful of the preference of courts to decide issues on the merits, has not

sought a default against AT&T. Dataway is only seeking to have the facts and allegations in its counterclaim admitted in accordance with Fed. R. Civ. P. 8. Dataway does not have to demonstrate unfair prejudice to have the facts and allegations deemed admitted. Rather, the possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support granting a motion to strike <u>California Dep't of Toxic Substances Control v. Alco Pac., Inc.</u> (CD Cal 2002) 217 F Supp2d 1028, 1033. After all, the function of a motion to strike is to avoid expenditure of time and money arising from litigating spurious issues by dispensing with issues prior to trial. Filing a pleading 120 days after its deadline is spurious and litigating. Such unjustified pleading prejudices Dataway's position and its trial preparation.

Moreover, Dataway was under no obligation to notify AT&T of its untimely responsive pleading. Adhering to basic procedural rules and avoiding committing such gross negligence was solely AT&T's responsibility.

### D. Damages

Despite AT&T's contention, Dataway properly alleged Damages. More importantly, for the purpose of this motion, Damages allegations are of no relevance for Defendant's Motion to Strike. Despite this, AT&T inaccurately argues damages in its Opposition to Dataway's Motion to Strike by wrongfully alleging that Dataway did not present admissible evidence of Damages.

### CONCLUSION

In light of the foregoing, Defendant Dataway, Inc., respectfully requests that an Order be entered striking AT&T's grossly untimely reply that is in clear violation of the requirements of Fed. R. Civ. Pro. 8.

Dated: August 1, 2008                     MATLOCK LAW GROUP

By: _____
Anne-Leith Matlock, Esq.
Attorneys for Defendant/
Counterclaimant Dataway, Inc.