LAW OFFICES OF

**AIRES LAW FIRM**

Creditors' Rights and Remedies

180 Newport Center Drive, Suite 260
Newport Beach, California 92660
Telephone: (949) 718-2020
Facsimile: (949) 718-2021
www.arlawyers.com

August 14, 2008

The Honorable Elizabeth D. Laporte
Magistrate Judge
Chambers, Courtroom E
United States District Court
450 Golden Gate Ave, 15th Floor
San Francisco, CA 94102

   Re: AT&T v. Dataway; USDC (N.D. Cal.) Case No. 3:07-CV-02440-EDL

May It Please The Court:

   Request is hereby made by AT&T Corp. that this Court publish its decision filed August 14, 2008 on AT&T's motion for summary judgment.

   My client and I believe that publication is in order as publication will provide clarity to the law in this area for future similarly situated persons.

   By analogy to Ninth Circuit Rule 36-2, a decision should be published if it meets one (or more) of the following requirements:

- Establishes, alters, modifies or clarifies a rule of law;

- Calls attention to a rule of law that appears to have been overlooked generally;

- Criticizes existing law;

- Involves a legal or factual issue of unique interest or substantial public importance;

- Is a disposition of a case in which a lower court or administrative agency published an opinion (unless the panel determines publication is unnecessary for clarifying the panel's disposition of the case);

- Is a disposition of a case following a reversal or remand by the United States Supreme Court; or

- Is accompanied by a separate concurring or dissenting opinion, and the author of the separate opinion requests publication.

*[Ninth Circuit Rule 36-2.]*

The Honorable Elizabeth D. Laporte
Magistrate Judge
August 14, 2008
Page 2

My client and I believe that the decision meets the requirements for publication for the following reasons:

In its decision, this Court acknowledges the dearth of legal authority as to the continuing viability of the filed rate doctrine in the post-1996 Telecommunications Act era. Further, there is little or no decisional authority involving 47 U.S.C. §160(a) and 47 C.F.R. §61.19. *Ting v. AT & T, 319 F.3d 1126 (9th Cir.2003)* deals with detariffing generally, but does not address the unusual situation involving dial-around 1+ calling, permissive tariff filing, and the authority of the FCC to forbear from regulatory measures determined to be unnecessary to protect consumers consistent with the public interest. Therefore, the decision establishes a new rule of law or, at least, modifies or explains an existing rule of law.

The decision involves a legal issue of continuing public interest. This case involves certain aspects of the 1996 Telecommunications Act and the allocation of risk between the service provider and the customer to protect against hacking by obtaining appropriate firewall protection. Future similarly situated customers will be on notice to take appropriate measures on their own to protect their telecommunications equipment from cyberspace attacks. *[See "Before the Gunfire, Cyberattacks", www.nytimes.com/2008/08/13/technology/13cyber.html?em.]*

The decision expands upon *Ting v. AT & T, 319 F.3d 1126 (9th Cir.2003)* and calls attention to a rule of law that appears to have been overlooked generally in that it addresses the authority of the FCC to forbear from regulatory measures determined to be unnecessary to protect consumers consistent with the public interest and to allow permissive tariff filing in the unusual situation involving dial-around 1+ calling.

For the foregoing reasons, AT&T Corp. respectfully requests that this Court publish its decision filed August 14, 2008. Thank you.

Very truly yours,

AIRES LAW FIRM

Timothy Carl Aires

TCA/mf
cc:    Andrew L. Stein, Esq., General Counsel, AT&T Corp.
       Anne-Leith Matlock, Esq.