## MEMORANDUM OF POINTS AND AUTHORITIES

1. ## STATEMENT OF FACTS

By written order entered August 14, 2008, this Court has granted the motion of Plaintiff and Counterdefendant AT&T Corp. for summary judgment.   (Docket No. 130.) This Court found that Plaintiff AT&T Corp. is entitled to judgment on the Complaint of Plaintiff AT&T Corp. (Docket No. 1) against Defendant Dataway Inc. dba Dataway Designs in the sum of $11,534.67, together with prejudgment interest of $5.69 per day from September 25, 2006, and Counterclaimant Dataway Inc. dba Dataway Designs is entitled to nothing as a matter of law on the Counterclaim of Counterclaimant Dataway Inc. dba Dataway Designs (Docket No. 31).  Notwithstanding the intent evidenced by the order granting summary judgment, the Judgment entered by this Court is silent as to the monetary relief granted to Plaintiff AT&T Corp. on its Complaint (Docket No. 131).[1]

2. ## DISCUSSION

(A) ## WHETHER PURSUANT TO RULE 59(e) OR 60(a), THIS COURT HAS THE POWER TO CORRECT OR AMEND ITS JUDGMENT SO THAT IT CONFORMS TO ITS ORDER ON THE MOTION FOR SUMMARY JUDGMENT

Either on its own initiative or a party's motion, the court is empowered to correct "clerical mistakes" and "errors arising from oversight or omission" in its judgments or Orders. *[F.R.C.P., Rule 60(a).]*  A judge may use Rule 60(a) "to make an order reflect the

///

///

--------

[1]See F.R.C.P., Form 71.

actual intentions of the court, plus necessary implications." *[Jones & Guerrero Co., Inc. v. Sealift Pac. (9th Cir. 1981) 650 F.2d 1072, 1074.]*[2/]

Rule 60(a) does not allow correction of substantive, or judicial, error: "The basic distinction between 'clerical mistakes' (correctable under Rule 60(a)) and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *[Blanton v. Anzalone (9th Cir. 1987) 813 F.2d 1574, 1577, fn. 2; see Burton v. Johnson (10th Cir. 1992) 975 F.2d 690, 694 (Trial court may not clarify judgment to reflect a new and subsequent intent).]*[3/]

A Rule 60(a) motion lies to redress, inter alia:

(1)    Error in reciting or transcribing judgment. *[In re Jee (9th Cir. 1986) 799 F.2d 532, 535; Chavez v. Balesh (5th Cir. 1983) 704 F.2d 774, 776-777; Allied Materials Corp. v. Superior Prods. Co., Inc. (10th Cir. 1980) 620 F.2d 224, 226.]*

---

[2/]"Judicial error" is distinguished from "clerical error" on the basis of the judge's intent: "Judicial error" means the judge knowingly rendered the judgment that is now claimed to be erroneous as a matter of law; "clerical error," on the other hand, cannot be attributed to the exercise of judicial consideration or discretion and involves errors of oversight or omission. *[Jones, Rosen, Wegner &, Jones, California Practice Guide: Federal Civil Trials and Evidence, "Post-Trial Motions, 20:278-20:278.2.]*

[3/]Relief under Rule 60(a) is not limited to mistakes committed by a court clerk: "A mistake correctable under Rule 60(a) need not be committed by the clerk or the court and Rule 60(a) is even available to correct mistakes by the parties." *[Matter of West Texas Mktg. Corp. (5th Cir. 1994) 12 F.3d 497, 504; Sherrod v. American Airlines, Inc. (5th Cir. 1998) 132 F.3d 1112, 1117; Alpern v. UtiliCorp United, Inc. (8th Cir. 1996) 84 F.3d 1525, 1538-1539; see In re Jee (9th Cir. 1986) 799 F.2d 532, 535.]*

(2)  The omission of matter intended to be included in the judgment. *[Hasbrouck v. Texaco, Inc. (9th Cir. 1989) 879 F.2d 632, 636 (Trial court failed to award costs and interest.); Robi v. Five Platters, Inc. (9th Cir. 1990) 918 F.2d 1439, 1445 (Trial Court failed to include registration numbers and dates of issuance on trademarks designated for cancellation, as required by Trademark Office.).]*

(3)  Computational error. *[Matter of West Texas Mktg. Corp. (5th Cir. 1994) 12 F.3d 497, 504.]*

Errors of a more substantial nature may be corrected by a motion under Rule 59(e). District courts have power to "alter or amend" a judgment by motion under Rule 59(e). [F.R.C.P., Rule 59(e).] The motion must seek to "alter or amend" the judgment – This means seeking a substantive change of mind by the court, i.e., to correct judicial error as opposed to clerical error. *[Jones, Rosen, Wegner &, Jones, California Practice Guide: Federal Civil Trials and Evidence, "Post-Trial Motions, 20:271.]* District courts do not have authority to prohibit a Rule 59(e) motion and they must carefully consider the merits. *[Collins v. Morgan Stanley Dean Witter (5th Cir. 2000) 224 F.3d 496, 502 (Noting custom of some judges to prohibit litigants from filing motions under Rules 59(e) and 60.)]* A substantive motion is one that would result in a substantive alteration of the judgment[4] rather than just a clerical

---

[4]A postjudgment motion for prejudgment interest (whether an interest award is mandatory or discretionary) involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply: "In deciding if and how much prejudgment interest should be granted, a district court must examine--or in the case of a postjudgment motion, reexamine--matters encompassed within the merits of the underlying action." *[Osterneck v. Ernst & Whitney (1989) 489 U.S. 169, 175-176, 109 S.Ct. 987, 991-992; see McCalla v. Royal MacCabees Life Ins. Co. (9th Cir. 2004) 369 F.3d 1128, 1130-1134; Webco Industries, Inc. v. Thermatool Corp. (10th Cir. 2002) 278 F.3d 1120, 1134.]* However, where the judgment awards prejudgment interest but does not set the amount, a postjudgment motion to fix the amount is a Rule 60(a) motion to correct "clerical error". *[Pogor v. Makita U.S.A., Inc. (6th Cir. 1998) 135 F.3d 384, 387.]*

1    correction or change in a purely procedural matter. *[United States v. 47 West 644 Route 38,*

2    *Maple Park, Ill. (7th Cir. 1999) 190 F.3d 781, 782.]*  The court's commission of some

3    manifest error of law or fact justifies the grant of a Rule 59(e) motion. *[Turner v. Burlington*

4    *Northern Santa Fe R.R. Co. (9th Cir. 2003) 338 F.3d 1058, 1063.]*

5

6           Here, by written order entered August 14, 2008, this Court has granted the motion of

7    Plaintiff and Counterdefendant AT&T Corp. for summary judgment.  This Court found that

8    Plaintiff AT&T Corp. is entitled to judgment on the Complaint of Plaintiff AT&T Corp.

9    (Docket No. 1) against Defendant Dataway Inc. dba Dataway Designs in the sum of

10   $11,534.67, together with prejudgment interest of $5.69 per day from September 25, 2006,

11   and Counterclaimant Dataway Inc. dba Dataway Designs is entitled to nothing as a matter

12   of law on the Counterclaim of Counterclaimant Dataway Inc. dba Dataway Designs (Docket

13   No. 31). Notwithstanding the intent evidenced by the order granting summary judgment, the

14   Judgment entered by this Court is silent as to the monetary relief granted to Plaintiff AT&T

15   Corp. on its Complaint (Docket No. 1).

16

17          In order to correct the obvious omission from the judgment on monetary relief, the

18   Judgment should be corrected or amended to state: (1) Plaintiff AT&T Corp. is entitled to

19   judgment on the Complaint of Plaintiff AT&T Corp. against Defendant Dataway Inc. dba

20   Dataway Designs in the sum of $11,534.67, together with prejudgment interest of $3,920.41

21   (based upon $5.69 per day from September 25, 2006 through August 14, 2008 [689 days]);

22   (2) Counterclaimant Dataway Inc. dba Dataway Designs is entitled to nothing on the

23   Counterclaim of Counterclaimant Dataway Inc. dba Dataway Designs; and (3) Costs and

24   attorney's fees, if any, shall be claimed and contested in accordance with F.R.C.P., Rule

25   54(d) and Local Rule 54.

26   ///

27   ///

28   ///

4

1  3.   <u>CONCLUSION</u>

2

3        For the foregoing reasons, this Court should enter an order correcting judgment or,

4  alternatively, amending judgment to state: (1) Plaintiff AT&T Corp. is entitled to judgment

5  on the Complaint of Plaintiff AT&T Corp. against Defendant Dataway Inc. dba Dataway

6  Designs in the sum of $11,534.67, together with prejudgment interest of $3,920.41 (based

7  upon $5.69 per day from September 25, 2006 through August 14, 2008 [689 days]); (2)

8  Counterclaimant Dataway Inc. dba Dataway Designs is entitled to nothing on the

9  Counterclaim of Counterclaimant Dataway Inc. dba Dataway Designs; and (3) Costs and

10  attorney's fees, if any, shall be claimed and contested in accordance with F.R.C.P., Rule

11  54(d) and Local Rule 54.

12

13  DATED: August 18, 2008       AIRES LAW FIRM

14

15                    By:_____

16                       Timothy Carl Aires, Esq.
                           Attorney for Plaintiff and Counterdefendant,

17                       AT&T CORP.

18

19

20

21

22

23

24

25

26

27

28