## MEMORANDUM OF POINTS AND AUTHORITIES

1. STATEMENT OF FACTS

Judgment having been entered in its favor, AT&T Corp. is the party prevailing in this action. A party prevailing in an action involving a contract which includes a valid agreement for an attorney's fee award is entitled to recover reasonable attorney's fees as an item of costs of suit. AT&T Tariff F.C.C. No. 30, Section 3.5.14 provides as follows: "In the event that the Company incurs fees or expenses, including attorney's fees, in collecting or attempting to collect any charges owed to the Company, the customer will be liable to the Company for the payment of all such fees and expenses reasonably incurred." The reasonable value of the attorney's fees incurred in this action by AT&T Corp. is $87,400.00. This amount should be fixed as reasonable attorney's fees as an item of costs of suit.

2. DISCUSSION

(A) A PARTY PREVAILING IN AN ACTION INVOLVING A CONTRACT WHICH INCLUDES A VALID AGREEMENT FOR AN ATTORNEY'S FEE AWARD IS ENTITLED TO RECOVER REASONABLE ATTORNEY'S FEES AS AN ITEM OF COSTS OF SUIT.

A party prevailing in an action involving a contract which includes a valid agreement for an attorney's fee award is entitled to recover reasonable attorney's fees and related nontaxable expenses as items of costs of suit. *[F.R.C.P., Rule 54(d); First Nationwide Bank v. Summer House Joint Venture (5th Cir. 1990) 902 F.2d 1197, 1199; Linc Finance Corp. v. Onwuteaka (7th Cir. 1997) 129 F.3d 917, 924; Crowley American Transport, Inc. v. Richard Sewing Mach. Co. (11th Cir. 1999) 172 F.3d 781, 785.]*

A filed tariff binds both the carrier and the customer with the force of law. [*Lowden v. Simonds-Shields Lonsdale Grain Co.*, 306 U.S. 516, 520 (1939); see also *AT & T Corp. v. City of New York*, 83 F.3d 549, 552 (2d Cir. 1996) (Stating that filed tariffs attain "the force of law and are not simply contractual").]

AT&T Tariff F.C.C. No. 30, Section 3.5.14 provides as follows: "In the event that the Company incurs fees or expenses, including attorney's fees, in collecting or attempting to collect any charges owed to the Company, the customer will be liable to the Company for the payment of all such fees and expenses reasonably incurred."

Reciprocity should be in play here. [*E.g.*, *Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517, 534, 114 S.Ct. 1023, 1033 ("*Prevailing plaintiffs and prevailing defendants are to be treated alike (Copyright Act case).*").] Throughout this litigation, Dataway has continued to contend that if it prevailed it would be entitled to recover its attorney's fees as an item of costs. For example, its in counterclaim filed October 17, 2007 (Docket No. 31), the following prayer is pleaded: "Awarding [Dataway] its costs, **attorney's fees** and expenses in prosecuting this action." In its unilateral case management statement filed November 2, 2007 (Docket No. 40), the following statement is made: "Defendant shall be awarded compensatory damages, punitive damages and according to 47 U.S.C. §258 which provides for treble damages, together with interest, costs, and **attorney's fees**." In its unilateral case management statement filed April 9, 2008 (Docket No. 83), the following statement is made: "[Dataway] contends that whatever Dataway's damages are proven to be, it should be awarded treble damages, together with interest, costs, and **attorney's fees** pursuant to 47 U.S.C. §258." Given that Dataway has been asserting since the outset that it should be awarded attorney's fees pursuant to 47 U.S.C. §258, Dataway should not be surprised that AT&T Corp., as the prevailing party, is seeking attorney's fees in this action as an item of costs of suit.

AT&T Corp. prevailed on both the complaint and counterclaim. Its victory was complete and unambiguous. The reasonable value of the attorney's fees incurred in this action by AT&T Corp. is $87,400.00. This amount should be fixed as reasonable attorney's fees as an item of costs of suit. Related nontaxable expenses totaling $2,062.40 have been incurred. An order should be entered awarding Plaintiff and Counterdefendant AT&T Corp. attorney's fees ($87,400.00) and other nontaxable related expenses ($2,062.40) totaling $89,462.40 as items of costs of suit.

3.  CONCLUSION

For the foregoing reasons, this Court should enter an order awarding Plaintiff and Counterdefendant AT&T Corp. attorney's fees ($87,400.00) and other nontaxable related expenses ($2,062.40) totaling $89,462.40 as items of costs of suit.

DATED: August 19, 2008         AIRES LAW FIRM

                               By: _____
                               Timothy Carl Aires, Esq.
                               Attorney for Plaintiff and Counterdefendant,
                               AT&T CORP.