<u>DECLARATION OF TIMOTHY CARL AIRES</u>

I, TIMOTHY CARL AIRES, hereby declare and state as follows:

1.    The following facts are of my own personal, first-hand knowledge, and if called and sworn to testify thereto, I could and would competently do so.

2.    I am an attorney at law, duly licensed to practice before all courts of the State of California as well as this Court and am a member of the Aires Law Firm, counsel for Plaintiff and Counterdefendant AT&T Corp.

3.    Judgment having been entered in its favor, AT&T Corp. is the party prevailing in this action.

4.    AT&T Tariff F.C.C. No. 30, Section 3.5.14, a true and correct copy of which is attached hereto as Exhibit "A", provides as follows: "In the event that the Company incurs fees or expenses, including attorney's fees, in collecting or attempting to collect any charges owed to the Company, the customer will be liable to the Company for the payment of all such fees and expenses reasonably incurred."

5.    I have been licensed to practice law in the State of California since 1988. I have never been subject to disciplinary action. Since 1989, my practice area has been trustee and creditor representation in bankruptcy matters, as well as commercial collection, asset recovery and enforcement of judgments. I have authored published articles on these topics. I have also lectured on these topics for the Continuing Education of the Bar, the Orange County Bar Association, and Chapman University School of Law. My reported decisions include <u>Mannaa v. Zahabi</u> (2008) ___ Cal.App.4th ___, <u>In re Turner</u> (N.D. Cal. Bkrptcy

///

1

1  2006) 335 B.R. 140, Turner v. Cook (9th Cir. 2004) 362 F.3d 1219, Annod v. Hamilton &

2  Samuels (2002) 100 Cal.App.4th 1286, and Anchor Marine Repair Co. v. Magnan (2001) 93

3  Cal.App.4th 525.

5  6.    My hourly rate is $400.00. My hourly rate is justified by the following factors:

6  (1) My hourly fee has been consistently in proportion to the value of the services I perform;

7  (2) The level of my sophistication has steadily increased with my age and experience; (3) I

8  deal with novel and difficult legal questions and have increasingly acquired the skill requisite

9  to perform legal services properly; (4) I generally work on a contingent fee basis and rarely

10  accept hourly engagements since my acceptance of matters at an hourly rate precludes me

11  from accepting other employment on a more lucrative contingency fee basis; (5) I deal with

12  large amounts in controversy, thereby exposing myself to greater malpractice risk given the

13  litigious climate in California, and have continually obtained positive results for my clients;

14  (6) My experience, reputation, and ability have continued to improve over the course of my

15  legal career.

17  7.    The time I have expended in this litigation is itemized on the attached Exhibit

18  "B".

20  8.    The reasonable value of the attorney's fees incurred in this action by AT&T

21  Corp. is $87,400.00. This amount should be fixed as reasonable attorney's fees as an item

22  of costs of suit. Related nontaxable expenses totaling $2,062.40 include: (1) Travel on

23  January 15, 2008 to and from Oakland ($277 Air ticket, $30 airport parking, $6 Airbart,

24  $7.10 Bart); Travel on April 15, 2008 to and from San Francisco ($261 Air ticket, $30 airport

25  parking, $6 Airbart, $7.10 Bart); Travel on April 29, 2008 to and from Walnut Creek ($273

26  Air ticket, $30 airport parking, $73 taxi fare, $3 Airbart, $3.30 Bart); Travel on May 20, 2008

27  to and from San Francisco ($273 Air ticket, $30 airport parking, $6 Airbart, $7.10 Bart);

28  Travel on July 8, 2008 to and from San Francisco ($377 Air ticket, $30 airport parking, $6

2

1   Airbart, $7.10 Bart); Travel on August 12, 2008 to and from Walnut Creek ($279 Air ticket,

2   $30 airport parking, $10.70 Bart). Related nontaxable expenses should be awarded to AT&T

3   Corp.

4

5       9.      On August 14, 2008, I spoke by telephone with Anne-Leith Matlock, Esq.,

6   counsel to Dataway Inc., regarding the fact that judgment having been entered in its favor,

7   AT&T Corp. is the party prevailing in this action and is entitled to recover the reasonable

8   value of the attorney's fees and related nontaxable expenses incurred in this action by AT&T

9   Corp. Attorney Matlock was ambivalent regarding the issue. She told me that we would

10  speak on Monday. I did not hear from Attorney Matlock by 4:00 p.m. PDT on August 18,

11  2008, so I called her office. She was not available to take my call. I then sent an e-mail with

12  which I included a summary statement of my time and activity for this action. I asked

13  Attorney Matlock to let me know her position on the attorney fee claim by 3:00 p.m. PDT

14  on August 19, 2008. At approximately 2:20 p.m. on August 19, 2008, I spoke with Attorney

15  Matlock in detail regarding the attorney fee and related nontaxable expenses claim issues.

16  I asked her to comment upon, inter alia: (1) Whether, as a general proposition under the

17  tariff, she thought AT&T had a right to attorney's fees as an item of costs; (2) Whether 222.7

18  hours[1] incurred in prosecution of the complaint as well as defense of the counterclaim was

19  reasonable given the nature, source and extent of the litigation; and (3) Whether $400.00 per

20  hour was a reasonable billing rate based upon prevailing hourly rates for similar work

21  performed by similarly situated lawyers in the San Francisco legal community. She

22  responded as follows: (1) She disagreed that the tariff supported an award of attorney's fees,

23  but could not offer any controlling legal authority as to why the tariff did not apply; (2) She

24  disputed that 222.7 hours was reasonable, but could not offer any specific dispute with any

25  ///

26  ―――――――――――――――

27  [1]A duplicate entry for 4.2 hours on April 29, 2008 was found on the schedule
    immediately prior to the filing of this motion, resulting in a reduction of the actual figure

28  to 218.5 hours.

1  particular time entry; (3) She disputed that my time was worth $400.00 per hour, but would

2  not opine as to an appropriate alternative hourly rate.

3

4        I declare under penalty of perjury that the foregoing is true and correct and that this

5  declaration was executed on this 19th day of August, 2008, in Newport Beach, California.

6

7

8                                    TIMOTHY CARL AIRES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4