Matlock Law Group, PC
Anne Leith Matlock, K Brian Matlock
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Office: (925) 944-7131
Fax: (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Defendant/Counterplaintiff,
Dataway, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T Corp.<br><br>PLAINTIFF,<br><br>v.<br><br>Dataway, Inc.<br><br>DEFENDANT. | **CASE NO. C07-02440 EDL**<br><br>**DATAWAY'S OPPOSITION TO AT&T'S MOTION FOR ORDER AWARDING REASONABLE ATTORNEY'S FEES AND OTHER RELATED NONTAXABLE EXPENSES AS ITEMS OF COSTS OF SUIT** |
| Dataway, Inc.<br><br>COUNTERCLAIMANT<br><br>v.<br><br>AT&T Corp.<br><br>COUNTERDEFENDANT | Date: September 30, 2008<br>Time: 2:00 p.m.<br>Courtroom: E |

Defendant and Counterplaintiff Dataway, Inc. (hereinafter "Dataway" or "Defendant") hereby opposes Plaintiff and Counterdefendant AT&T Corp.'s (hereinafter "AT&T") Motion

for Order Awarding Reasonable Attorney's Fees and Other Related Nontaxable Expenses as Items of Costs of Suit.

AT&T's motion for an order awarding attorney fees and costs should be denied because (1) the clause in the tariff allegedly entitling AT&T to an award of attorney fees is procedural and substantive unconscionable and should not be enforced in the case at hand, and (2) the requested fees and costs are unreasonable and unnecessary, and, in the case the court should enforce AT&T Tariff Section 3.5.14, should be reduced significantly.

## FACT STATEMENT

At the earliest stages of this dispute, Dataway requested that the matter be forgiven, since Plaintiff's agents and/or employees had "recoursed" or forgiven all other unauthorized calls made using Dataway's voice mail system. Attempts by Dataway to seek preferable administrative remedies through the California Public Utility Commission (CPUC) were blocked by the much larger international conglomerate AT&T. Further, Dataway requested many times to simply pay the contracted rate for the Legacy bill which would have been slightly over $400 dollars because it knew that even the usurious rate of $11,534.67 would greatly strain its small company resources, clearly too large to ignore. In comparison Dataway's AT&T Long distance bills for the last 13 months ranged from the highest $207.39, and the lowest (and most recent) $94.54. After Dataway had successfully set aside AT&T's notice of entry of default, and appeared in the matter, it again asked Plaintiff to dismiss, but Plaintiff refused. To adequately protect its interests, Dataway was compelled to file its Counterclaim when it answered, and from that point on, was compelled to litigate. On several occasions, Dataway advised Plaintiff that it would settle for the value of the costs and fees it had incurred, and each time, Plaintiff declined. In November and January of 2008, Plaintiff offered a "walk away" resolution, that is, each party would dismiss its claims against the other and pay its own costs and fees. Considering Dataway had been forced to defend for several months and had incurred a considerable amount of expenses, it declined a "walk away." As recently as Friday, August 28, 2008 Dataway offered to settle with paying the judgment, plus interest and the bill of costs, once again Plaintiff refused. Plaintiff has consistently refused to

1  consider any settlement offer from Dataway. Dataway is a small local company that is
2  concerned about remaining viable after this judgment even without the arduous burden of
3  AT&T's unreasonable attorney's fees and discretionary costs. Its 15 employees are clearly at
4  risk in this already rocky economic time. Dataway has already suffered with costs relating to
5  this action in excess of $115,000.00, including lost rainmaking potential of its lead principal.
6  The blow of added discretionary costs would be both, unjust and devastating.

## ARGUMENTS IN OPPOSITION

AT&T's motion for an order awarding attorney fees and costs should be denied because (1) the clause in the tariff allegedly entitling AT&T to an award of attorney fees is procedural and substantive unconscionable and should not be enforced in the case at hand, and (2) the requested fees and costs are unreasonable and unnecessary, and, in the case the court should enforce AT&T Tariff Section 3.5.14, should be reduced significantly.

### A. Tariff Section 3.5.14 Should be Deemed Unenforceable and Cannot Entitle Claimant to Fees and Costs.

Generally, an unsuccessful party is not responsible for payment of attorney fees and costs to the prevailing party unless the movant is, for example, entitled to such by contract. AT&T asserts that it is entitled to attorney's fees and costs because the tariff provides in Section 3.5.14 that the consumer will be liable to the AT&T for the payment of such fees and costs.

However, a tariff is an adhesion contract and should only be enforced if its terms are conscionable. As stated in this Court's order, the "…FCC continues to permit AT&T to file tariffs with respect to the provision of international and domestic, interstate, interexchange services through dial-around 1+ services." Section 3.5.14 of the tariff however is both, procedural and substantive unconscionable and this Court should refuse to enforce this clause of the tariff under the doctrine of unconscionability. O'Donnell v. TD Ameritrade, Inc., 2008 U.S. Dist. LEXIS 49829 (S.D. Cal. June 17, 2008).

AT&T Tariff 30 is a contract of adhesion. "A contract of adhesion is a standardized contract 'imposed upon the subscribing party without an opportunity to negotiate the terms.'

1  Ting v. AT&T, 182 F. Supp. 2d 902, 928 (N.D. Cal. 2002). AT&T unquestionably had superior
2  bargaining power and furnished "…the tariff as a pre-printed document with uniform language
3  drafted and prepared entirely by AT&T." Id., at 928. The tariff was imposed on Dataway
4  without an opportunity for negotiation, modification or waiver. In fact, it was not only supplied
5  on a "take it or leave it" basis but Dataway did not even know that calls were executed and that
6  these calls triggered the application of and are governed by the tariff.
7  　　　　Procedural unconscionability focuses on " 'oppression' " or " 'surprise' " due to unequal
8  bargaining power, procedural unsciounability on " 'overly harsh' " or " 'one-sided' " results.
9  Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 114 (Cal. 2000). In the case at
10 hand, a great disparity in bargaining power exists between the parties. The weaker party,
11 Dataway, was made to enter a contract unwillingly and without being aware of its terms. The
12 tariff is an adhesion contract that was automatically executed when unauthorized third parties
13 accessed Dataway's voicemail system and used the 1010288 access code. This disregards the
14 regularity of the procedural process of the contract formation that creates the terms. The
15 resulting substantive terms, would be outmost harsh, unreasonable and would contradict public
16 policy. Application of the tariff is manifestly unfair especially as Dataway did not even know it
17 entered into an adhesion contract and did not have the opportunity to review it or negotiate it. It
18 also conflicts with public policy. Moreover, consumers, including small businesses, have to be
19 protected against abuses by large telecommunications companies. With its tariff clause AT&T,
20 a world-wide conglomerate would obviate all potential litigation aspired by customers because
21 consumers effectively cannot afford legal assistance to the same extent, level and magnitude as
22 AT&T.
23 　　　　For these reasons, Section 3.5.14 of the Tariff should not be enforced and no fees and
24 costs should be awarded to AT&T.
25 **B. Fees and Costs claimed by AT&T are Unreasonable, Unnecessary and**
26 **Excessive.**
27 　　　　Alternatively, if this Court enforces Tariff Section 3.5.14, the hourly rate, the alleged
28 amount of time spent, and the costs requested by AT&T's counsel are unreasonable,

unnecessary and excessive, and only a significantly reduced amount should be awarded to AT&T, if at all.

1. Reduced Award of Fees using the Lodestar Method

This Court may and should reduce the requested fee award to exclude unreasonable or excessive hours and unreasonable and excessive rates. Moreover, this Court may and should exclude from the fee request any and all hours that are excessive, redundant, or otherwise unnecessary and reduce the claimed rate appropriately. The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. The reasonable time allocated and hourly rate for an attorney should be determined by looking at the rate prevailing in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

a. Unreasonable hours

218.5 hours, the overall time spent for various tasks as asserted in AT&T's Schedule of Attorney activity, is excessive and unreasonable and should be significantly reduced.

Generally, 218.5 hours is an excessive time spent on the dispute at hand. To a large extent, this expenditure of time was avoidable if AT&T had filed an answer, briefed and brought forward its analysis of Ting and the applicability of the new AT&T tariff prior to July 2008. This Court urged AT&T to argue the applicability of Ting in its motion to dismiss, and requested such argumentation from the motion to dismiss hearing in January 2008 until beyond the motion to compel hearing in June 2008. Due to these failures, AT&T unnecessarily increased and delayed the litigation. Upon an early determination of these issues, the case at hand could have been brought to an end by December 2007. Hence, if any, AT&T should only be allowed to claim 13 hours, the amount reasonably spent till December 31, 2007.

Alternatively, Defendant finds fault with the following specifications in particular:

2.1 hrs (4/1/2008), 1.8 hrs (4/1/2008), 2.2 hrs (4/1/2008) 2.3 hrs (4/2/2008), and 2.6 hrs (4/3/2008) regarding Dataway's counterclaims, and, additionally, 3.6 hrs for phone

correspondence, exchanging emails and reviewing documents regarding Dataway's counterclaims on various dates between 11/4/2007 and 4/9/2008;

8.7 hrs preparing and appearing at hearing on AT&T's motion to dismiss Dataway's counterclaims (1/15/2008);

1.2 (4/9/2008), 1.1 (4/10/2008) and 1.2 (4/11/2008) hrs preparing for first, second and third complaint regarding Defendant's accidental disclosure of mediation, which were basically identical;

2.3 hrs preparing for and appearing at hearing on motion to dismiss counterclaim (1/15/2008);

2.9 hrs (4/3/2008), 2.7 hrs (4/4/2008), and 3.7 hrs (5/21/2008) for legal research regarding viability of Filed Rate Doctrine;

3.6 hrs preparing opposition to motion to compel further production of documents (4/28/2008), 2.1 hrs reviewing and analyzing documents with view toward generating privilege log (5/21/2008), 0.4 hrs reviewing privilege log (5/21/2008), 1.8 hrs further reviewing and analyzing documents to be produced (5/27/2008), 1.1 hrs further revising privilege log (5/27/2008);

2.7 hrs preparing memorandum of points and authorities in support of AT&T's Motion for Summary Judgment (4/8/2008), 1.1 preparing declaration in support of AT&T's Motion for Summary Judgment (4/8/2008), 1.2 hrs preparing separate statements of findings of fact and conclusions of law (4/9/2008), 1.1 hrs revising memorandum of points and authorities in support of motion for summary judgment (5/8/2008), 1.2 hrs revising separate statements of findings of fact and conclusions of law in support of Motion for Summary Judgment (5/9/2008), 0.9 hrs revising motion for summary judgment (6/20/2008), 2.8 hrs (6/29/2008) and 1.6 hrs (6/24/2008) for legal research regarding Motions for Summary Judgment, and 8.6 hrs finalizing AT&T's Motion for Summary Judgment (7/1/2008);

2.1 hrs preparing for settlement conference (7/7/2008);

8.8 hrs for attending settlement conference (7/8/2008);

0.6 hrs reviewing Defendant's reply to AT&T's opposition to Defendant's ex parte motion for order shortening time (7/11/2008);

0.9 hrs for legal research regarding expert witness disclosure (7/14/2008);

2.6 hrs for reviewing and analyzing Defendant's opposition to Motion for Summary Judgment (7/15/2008);

2.1 hrs preparing tardy answer to Defendant's Counterclaim (7/16/2008);

4.9 and 3.2 hrs for legal research regarding issues raised in opposition to motion for summary judgment (7/18 and 7/19/2008);

6.7 hrs preparing reply in support of motion for summary judgment (7/22/2008);

3.1 hrs for legal research regarding issues raised by motion for discovery sanctions (7/22/2008);

1.3 hrs to review and analyze Dataway's supplemental declaration (7/23/2008);

2.8 hrs for legal research regarding issues raised by supplemental declaration (7/23/2008);

2.5 hrs to prepare opposition to ex parte motion for order shortening time for hearing on motion to strike (7/25/2008);

3.4 hrs for legal research regarding issues raised by motion to strike (7/29/2008);

4.4 hrs preparing for hearing on motion for summary judgment (8/11/2008);

3.4 hrs for legal research regarding recent developments (8/6/2008);

0.4 hrs to prepare each of the four deposition notices (three on 3/29/2008 and one on 8/1/2008); and

8.6 attend hearing on motion for summary judgment, etc (8/12/2008).

These hours are excessive as compared to what one would expect of a similarly experienced attorney in the community.

Additionally, expenditure of time for traveling and travel costs were avoidable and have to be excluded. It is unreasonable that a New York corporation, doing business in the State of California, chooses an attorney located in Southern California when it is suing in the Northern District of California. Hiring a local, qualified collection attorney would have significantly

reduced the fees and costs that are now claimed by AT&T. Dataway should not have to bear any of these unnecessary fees and costs.

Hence, AT&T's unreasonable, unnecessary and excessive hours should be excluded. If any, AT&T should only be allowed to claim 13 hours of the hours asserted by AT&T.

b. <u>Unreasonable Hourly Rate</u>

Moreover, a rate of $ 400.00 as claimed by AT&T is also excessive and unreasonable.

Determination of a reasonable hourly rate is not made by reference to the rate actually charged by the prevailing party but by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation (these factors are not exhaustive or exclusive). <u>Chalmers v. Los Angeles</u>, 796 F.2d 1205, 1210-1211 (9th Cir. Cal. 1986). In a recent Southern District of California case involving a claim under the Fair Debt Collection Practices Act, the court held that $ 295 per hour for a partner and $ 125 per hour for an associate was a reasonable rate consistent with the rates charged in the community. <u>Myers v. LHR, Inc.</u>, 2008 U.S. Dist. LEXIS 13840 (S.D. Cal. 2008). Hence, in the case at hand, $ 175 to $ 250 per hour is a reasonable range of rates for a solo practice collection attorney.

To a reasonable extent, hourly rates can be justified by the experience of an attorney and the consequentially reduced amount of time spent. <u>Patyk v. Certegy Payment Recovery Servs.</u>, 2008 U.S. Dist. LEXIS 21538 (S.D. Cal. Mar. 19, 2008). However, the amount of time claimed in AT&T's Exhibit B disproves AT&T's counsel's work efficiency. As shown above, AT&T's counsel spent excessive time and resources on the case at hand. Moreover, the time expenditure was avoidable for the most part. AT&T's counsel (1) failed to file an answer and (2) should have argued the applicability of Ting and the new AT&T tariff as requested by the Court since November 2007. This Court urged AT&T to argue the applicability of Ting from the motion to dismiss hearing in January 2008 until beyond the motion to compel hearing in June 2008. Due to these failures, AT&T unnecessarily increased and delayed the litigation. Therefore, the unreasonable and excessive amount of time spent by AT&T cannot justify and, in fact, negates AT&T's counsel's extraordinary hourly rate.

If any, the hourly rate claimed by AT&T is unreasonable and excessive and should be reduced, to an average amount between $ 125 and $ 295 for a maximum of $ 230.

2. <u>Unnecessary, Redundant Costs should be Excluded.</u>

This Court may and should also exclude all unnecessary and redundant costs. As shown above, it is unreasonable that a New York corporation, doing business in the State of California, chooses an attorney located in Southern California when it is suing in San Francisco, in the Northern District of California. They thereby generated travel costs (¶ 8, Declaration of Timothy Aires, Document 137-4) that were unnecessary and should be excluded. Moreover, all costs for the deposition of AT&T's person most knowledgeable were redundant, because AT&T did not produce its person most knowledgeable. For these reasons, this Court should not award any costs to AT&T.

## CONCLUSION

In light of the foregoing, Defendant Dataway, Inc., respectfully requests that this Court does not award attorney's fees and costs to AT&T or, if any, alternatively does not award any costs to AT&T and only awards $2,900 attorney's fees.

Dated: September 9, 2008                    MATLOCK LAW GROUP

By: _____
Anne-Leith Matlock, Esq.
Attorneys for Dataway, Inc.