Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California  92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff and Counterdefendant,
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AT&T CORP., <br><br> Plaintiff, <br><br> v. <br><br> DATAWAY INC. dba DATAWAY DESIGNS, <br><br> Defendants. | Case No. C07-02440 EDL <br><br> REPLY IN SUPPORT OF MOTION OF PLAINTIFF AND COUNTER-DEFENDANT AT&T CORP. FOR ORDER AWARDING REASONABLE ATTORNEY'S FEES AND OTHER RELATED NONTAXABLE EXPENSES AS ITEMS OF COSTS OF SUIT <br><br> [F.R.C.P., Rule 54(d)] <br><br> DATE: September 23, 2008 <br> TIME: 9:00 a.m. <br> CTRM: E, 15th Floor |

Plaintiff and Counterdefendant AT&T Corp., by and through its counsel of record, hereby submits its reply in support of its motion for order awarding Plaintiff and Counterdefendant AT&T Corp. attorney's fees ($87,400.00) and other nontaxable related expenses ($2,062.40) totaling $89,462.40 as items of costs of suit, as follows:

///
///
///
///
///

REPLY MEMORANDUM

1. DISCUSSION

(A) THIS TARIFF IS NOT UNCONSCIONABLE; ATTORNEY'S FEE PROVISIONS ARE ROUTINELY ENFORCED BY THE COURTS OF THE UNITED STATES.

The "American Rule" (attorney fees ordinarily are not taxable as costs against the losing party) gives way when a party has sued under a contract that includes a valid agreement for a fee award to the prevailing party. [*First Nationwide Bank v. Summer House Joint Venture* (5th Cir. 1990) 902 F.2d 1197, 1199; *Linc Finance Corp. v. Onwuteaka* (7th Cir. 1997) 129 F.3d 917, 924; *Crowley American Transport, Inc. v. Richard Sewing Mach. Co.* (11th Cir. 1999) 172 F.3d 781, 785.] The "American Rule" also gives way when the fee award is made pursuant to a statute or rule providing for the shifting of fees to the losing party. [See *United States v. Standard Oil Co. of Calif.* (9th Cir. 1979) 603 F.2d 100, 103.]

A filed tariff binds both the carrier and the customer with the force of law. [*Lowden v. Simonds-Shields Lonsdale Grain Co.*, 306 U.S. 516, 520 (1939); see also *AT & T Corp. v. City of New York*, 83 F.3d 549, 552 (2d Cir. 1996) (Stating that filed tariffs attain "the force of law and are not simply contractual").]

AT&T Tariff F.C.C. No. 30, Section 3.5.14 provides as follows: "In the event that the Company incurs fees or expenses, including attorney's fees, in collecting or attempting to collect any charges owed to the Company, the customer will be liable to the Company for the payment of all such fees and expenses reasonably incurred."

///
///

1

Such attorney's fees provisions are routinely contained in contracts, both in the commercial and consumer arenas, and are routinely enforced by the Courts of the United States. Here, no evidentiary showing has been made which would support a finding of unconscionability[1] on this record. No declaration or other evidence accompanies the opposition. The bear averments of defense counsel are of no consequence.

It cannot go un-noticed that in its answer to the complaint (Docket No. 31), Dataway Inc. prayed "[t]hat Defendant be awarded actual attorney's fees incurred herein." (Answer to Complaint, Docket No. 31, p. 13:18.) Further, the prayer for relief to the counterclaim (Docket No. 31) filed by Dataway Inc. prayed for an "award[ of] costs, attorney's fees and expenses in prosecuting this action. (Counterclaim, Docket No. 31, p. 21:10-11.) As a result, Dataway Inc. can claim no surprise that the losing party in this litigation bore the risk of paying the prevailing party's attorney's fees and costs.

(B)    THE NUMBER OF HOURS AND THE HOURLY RATE ARE ENTIRELY REASONABLE.

To quote opposing counsel:

> "Despite its seemingly simplistic nature, it is respectfully submitted that this case presents novel issues the resolution of which will establish new precedent on the horizon of the legal

///

---

[1] As noted in *U.S. Roofing, Inc. v. Credit Alliance Corp.* (1991) 228 Cal.App.3d 1431: "Unconscionability involves both procedural and substantive aspects. ... The procedural element focuses on the "oppression" arising from an inequality of bargaining power between the parties and the "surprise" of a clause hidden in a printed document. ... The substantive element is concerned with whether the terms are overly harsh or one-sided. ..." (*U.S. Roofing, Inc. v. Credit Alliance Corp.* (1991) 228 Cal.App.3d 1431, 1448.)

2

landscape created by the rapidly changing technology of our world."

*[Dataway's Memorandum of Points and Authorities in Support of Motion to Compel, Docket No. 90-2, p. 2:12-15.]*

The docket reflects no less than 140 items. The pleadings were challenged. Written discovery was exchanged. Depositions were taken. Discovery law and motion practice was required. A motion for summary judgment dealing with novel issues of law was litigated. In short, this litigation was hotly contested.

AT&T Corp. prevailed on both the complaint and counterclaim – Its victory was complete and unambiguous.[2]

Defense counsel attempts to make hay out of the settlement offers exchanged in this action, acknowledging that "Plaintiff [AT&T Corp.] offered a "walk away" resolution, that is, each party would dismiss its claims against the other and pay its own costs and fees." In truth and in fact, AT&T Corp. did offer the "walk away" proposal beginning in November of 2007. The "walk away" proposal bore no relation to AT&T Corp.'s subjective belief regarding the merits of its case, but rather was reflective of its desire to avoid the nuisance of the counterclaim and the potential far reaching impact of an adverse outcome – no matter how remote. All the expense in this action was incurred after that "walk away" offer was initially made and there never was any merit to Dataway Inc.'s position. Dataway Inc. refused to accept this reasonable and rational proposal, thereby forcing AT&T Corp. to defend against the counterclaim at no small expense. Indeed, the reason why this litigation

---

[2] The degree of a party's overall success goes to the reasonableness of a fee award. [*Hensley v. Eckerhart* (1983) 461 U.S. 424, 436; *Farrar v. Hobby* (1992) 506 U.S. 103, 114.]

3

dragged on and consumed the valuable resources of the parties and this Court is because Dataway Inc. simply refused to acknowledge the controlling legal authority as well as basic concepts of risk minimization through settlement.[3] Moreover, Dataway Inc.'s press of the issues in this case required AT&T to protect its legal position in similarly situated litigation involving Title 47. An adverse outcome in this case might have more far reaching effect beyond Dataway Inc. Hence, inasmuch as Dataway Inc. refused to "walk away", AT&T could spare no expense to have the issues presented in this action fully and fairly litigated.[4]

AT&T Corp. submitted a detailed declaration showing the hourly fee requested is consistently in proportion to the value of the services performed by its attorney; that the level of his sophistication has steadily increased with his age and experience; that he deals with novel and difficult legal questions and has increasingly acquired the skill requisite to perform legal services properly; that he generally works on a contingent fee basis and rarely accepts hourly engagements since acceptance of matters at an hourly rate precludes him from accepting other employment on a more lucrative contingency fee basis; that he deals with large amounts in controversy, thereby exposing himself to greater malpractice risk given the litigious climate in California; and that his experience, reputation, and ability have continued to improve over the course of his legal career. AT&T Corp.'s attorney has been licensed to practice law in the State of California since 1988. He have never been subject to disciplinary action. Since 1989, his practice area has been trustee and creditor representation in

---

[3] Substantial settlement offers should be considered by the district court as a factor in determining reasonableness of an attorney fee award. [*Moriarty v. Svec* (7th Cir. 2000) 233 F.3d 955, 967 (District court should have considered settlement offer when it awarded attorney fees.).]

[4] Dataway Inc. appears to be seeking indirect compensation for the "damages" it claimed in its counterclaim by suggesting that AT&T Corp.'s fee award should be reduced since Dataway Inc. has already incurred $115,000 in "costs" relating to this action. The argument ignores the reality that Dataway Inc.'s "costs" were the direct result of its decision to litigate a losing case. All of this could have been avoided had Dataway Inc. accepted AT&T Corp.'s "walk away" proposal back in November of 2007.

4

bankruptcy matters, as well as commercial collection, asset recovery and enforcement of judgments. He has authored published articles on these topics. He has also lectured on these topics for the Continuing Education of the Bar, the Orange County Bar Association, and Chapman University School of Law. His reported decisions include <u>Mannaa v. Zahabi</u> (2008) ___ Cal.App.4th ___, <u>In re Turner</u> (N.D. Cal. Bkrptcy 2006) 335 B.R. 140, <u>Turner v. Cook</u> (9th Cir. 2004) 362 F.3d 1219, <u>Annod v. Hamilton & Samuels</u> (2002) 100 Cal.App.4th 1286, and <u>Anchor Marine Repair Co. v. Magnan</u> (2001) 93 Cal.App.4th 525. In sum, AT&T Corp.'s attorney has an excellent reputation in the legal community and his skill level rivals the best litigators in the State. Defense counsel's suggestion that AT&T Corp.'s attorney does not merit the hourly fee he commands is devoid of any evidentiary support and, therefore, must be disregarded. $400 per hour[5] is reasonable for a 20 year lawyer practicing out of Newport Beach, California.[6]

The reasonable value of the attorney's fees incurred in this action by AT&T Corp. is $87,400.00. This amount should be fixed as reasonable attorney's fees as an item of costs of suit. Related nontaxable expenses totaling $2,062.40 have been incurred. An order should be entered awarding Plaintiff and Counterdefendant AT&T Corp. attorney's fees ($87,400.00) and other nontaxable related expenses ($2,062.40) totaling $89,462.40 as items of costs of suit.

///

---

[5]"Those responding had practiced civil law an average of 38 years, with 31 percent representing defendants, 24 percent representing plaintiffs and 44 percent represented both plaintiffs and defendants in their practices. They represented civil attorneys with a median hourly rate of $350, and a range of $120 to $1,000 per hour. More than half litigate in state court primarily, while 18 percent litigate primarily in federal court, and the rest have practices equally divided between the two." [MacLean, *The National Law Journal*, "Cost of Discovery a Driving Force in Settling Cases, Study Shows", (September 10, 2008).]

[6]AT&T Corp. is free to select any licensed attorney in California to protect its interests, wherever located.

5

2. **CONCLUSION**

For the foregoing reasons, as well as those stated in the moving papers, this Court should enter an order awarding Plaintiff and Counterdefendant AT&T Corp. attorney's fees ($87,400.00) and other nontaxable related expenses ($2,062.40) totaling $89,462.40 as items of costs of suit.

DATED: September 16, 2008     AIRES LAW FIRM

By: _____
Timothy Carl Aires, Esq.
Attorney for Plaintiff and Counterdefendant,
AT&T CORP.