United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T CORP, | No. C-07-02440 EDL |
| Plaintiff, | **ORDER GRANTING REQUEST TO AMEND JUDGMENT; DENYING MOTION FOR ATTORNEY'S FEES** |
| v. | |
| DATAWAY INC, | |
| Defendant. | |

AT&T Corporation filed a complaint pursuant to 47 U.S.C. § 203 of the Federal Communications Act, 47 U.S.C. 201, et seq. ("Federal Communications Act"), claiming that payment was due for telecommunication calls and related services. AT&T alleged numerous claims, and Dataway also filed numerous counterclaims. On August 14, 2008, the Court granted AT&T's motion for summary judgment as to all claims, and entered judgment.

AT&T now moves for amended judgment and for attorney's fees. AT&T's motion to amend the judgment is granted. Dataway has not objected to the form of the amended judgment or its amount, which is supported by the evidence in the case.

AT&T claims $87,400 in attorney's fees and $2,062.40 in nontaxable costs pursuant to AT&T Tariff F.C.C. No. 30. Section 3.5.14 of that tariff provides as follows: "In the event that the Company incurs fees or expenses, including attorney's fees, in collecting or attempting to collect any charges owed to the Company, the customer will be liable to the Company for the payment of all such fees and expenses reasonably incurred." That tariff does not contain a reciprocal agreement should the customer prevail.

1  AT&T cites numerous non-binding cases for the proposition that a party prevailing in an
2 action involving a privately agreed-to contract that includes a valid agreement for an attorney's fee
3 award is entitled to recover reasonable attorney's fees and related nontaxable expenses as items of
4 costs of suit.  However, none of these cases stand for the proposition that a party prevailing in an
5 action involving a tariff filed with the F.C.C., as opposed to a private contract, where the customer
6 had no prior notice of the tariff and claimed that the calls at issue were fraudulently made by a third
7 party,[1] is automatically entitled to fees.  See First Nationwide Bank v. Summer House Joint Venture,
8 902 F.2d 1197, 1199 (5th Cir. 1990) (addressing the different issue of whether attorney's fees
9 arising out of a contract were part of the merits of the case, and therefore, whether judgment was
10 final); LINC Fin. Corp. v. Onwuteaka, 129 F.3d 917, 919, 924 (7th Cir. 1997) (noting that the
11 equipment lease contract, which was signed by the parties after negotiation, contained a provision
12 for attorney's fees awards and that provisions in contracts for awards of attorney fees are an
13 exception to the general rule that the unsuccessful party is not responsible for payment of such fees);
14 Crowley Am. Transp., Inc. v. Richard Sewing Mach. Co., 172 F.3d 781, 786 (11th Cir. 1999)
15 (awarding attorney's fees pursuant to a contractual provision where the shipping contract was
16 entered into by two parties).  AT&T cites two cases for the proposition that a tariff binds both the
17 carrier and the customer with the force of law.  See Lowden v. Simonds-Shields-Lonsdale Grain
18 Co., 306 U.S. 516, 520 (1939) (tariff binds with the force of law); AT&T v. City of New York, 83
19 F.3d 549, 552 (2d Cir. N.Y. 1996) ("federal tariffs have the force of law and are not simply
20 contractual").  But in stating that tariffs are "not simply contractual," this caselaw indicates that
21 tariffs are not identical to contracts.

22  More importantly, even if AT&T were otherwise entitled to fees under the tariff, the Court
23 finds that its fees were unreasonably incurred under the tariff.  AT&T claims over $87,000 fees for
24 218.5 hours of work in a case where the damages sought were $11,534.67 plus interest.  The
25 attorney time spent is excessive and unreasonable under the circumstances of the case.  For example,
26 when AT&T filed its initial motion to dismiss in this case, the Court had to point out that AT&T

---

[1] Dataway has always maintained that a third party made the fraudulent calls governed by the tariff from its system.  AT&T never offered any evidence to the contrary, and did not need to do so to prevail on summary judgment.

2

failed to cite key Ninth Circuit authority regarding the de-tariffed telecommunications marketplace, Ting v. AT&T, 39 F.3d 1126 (9th Cir. 2003), and the Court denied AT&T's motion, in part, for failure to address that central case. Rather than addressing the de-tariffed environment in a dispositive motion at an earlier stage in the litigation, AT&T refused to produce discovery on the grounds that the case lacked merit, which multiplied the proceedings. Due to AT&T's counsel's oversight, AT&T also failed to file a timely answer to Dataway's counterclaims, neglecting to do so for months.

Furthermore, throughout this litigation, counsel were unable to engage in meaningful meet and confer efforts with one another about any aspects of the case. Counsel themselves acknowledged at the case management conference that their difficult relationship prevented effective communication in this case. On April 15, 2008, the Court reminded counsel that "they should set aside their personal animosity, which is counterproductive to the just, speedy, and inexpensive resolution of this matter, in the best interests of their respective clients, and as required by Federal Rule of Civil Procedure 1." See April 15, 2008 Order. When Dataway filed a motion to compel, the Court required supervising counsel to appear at the hearing, in "light of the fact that counsel's disputes have impeded efficient management of the case thus far, and in light of the fact that counsel appear unable to move this case forward in an efficient manner." See May 19, 2008 Order. After the hearing on Dataway's motion to compel, the Court noted that while AT&T objected to Dataway's discovery requests with general form objections, it did not produce any responsive documents beyond some initial disclosures, nor did it make any more specific objections to the set of document requests. Nor did AT&T produce a privilege log as required by the Court's standing order. Rather, AT&T argued only that "good cause" did not exist to warrant discovery, arguing essentially that Dataway's case has no merit. The Court found that AT&T raised case dispositive arguments on the merits that were inappropriate for an opposition to a motion to compel, and noted again, as it had during a prior case management conference, that if AT&T believed that an additional, earlier round of dispositive motions would have helped move the case along in an efficient manner, it should have brought this to the Court's attention in a timely fashion. The Court again raised its concern that the parties were not litigating the case in the spirit of Federal Rule of

Civil Procedure 1, noting that AT&T failed to meet and confer with Dataway's counsel over the telephone or in person as required by the local rules. <u>See</u> May 21, 2008 Order. While the Court certainly does not believe that opposing counsel was blameless, AT&T also brought unnecessary expense on itself. In addition, AT&T filed its complaint in the Northern District of California, yet chose counsel from Southern California, incurring extra travel costs.

In light of the above, the fees and costs sought are not justified here. In sum, in the unusual circumstances of this case, attorney's fees are not warranted. The September 30, 2008 hearing is hereby vacated.

**IT IS SO ORDERED.**

Dated: September 18, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge